ANDREW J. OGILVIE (SBN 57932)
CAROL M. BREWER (SBN 214035)
ANDERSON, OGILVIE & BREWER LLP
235 Montgomery Street, Suite 914
San Francisco, California 94104-3000
Telephone: (415) 651-1952
Facsimile: (415) 500-8300
andy@aoblawyers.com
carol@aoblawyers.com

James A. Francis – *pro hac vice forthcoming*
David A. Searles – *pro hac vice forthcoming*
Erin A. Novak – *pro hac vice forthcoming*
**FRANCIS & MAILMAN, P.C.**
Land Title Building, 19th Floor
100 S. Broad Street
Philadelphia, Pennsylvania 19110
Telephone: (215) 735-8600
Facsimile: (215) 940-8000
jfrancis@consumerlawfirm.com
dsearles@consumerlawfirm.com
enovak@consumerlawfirm.com

*Attorneys for Plaintiffs Harold and Phyllis Meyer and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HAROLD MEYER and PHYLLIS MEYER <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL TENANT NETWORK, INC. <br><br> Defendant. | CIVIL ACTION No: **CV 13 3187** <br><br> **CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 *et seq.*,** <br><br> **JURY TRIAL DEMANDED** |

1

**PRELIMINARY STATEMENT**

1. This is a consumer class action based upon Defendant's widespread violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 – 1681x ("FCRA"). Specifically, this case arises out of Defendant National Tenant Network's ("NTN") reporting of grossly inaccurate and highly derogatory information about consumers and its systemic practice of stonewalling consumers from receiving a copy of, or even knowing about, the potentially inaccurate and/or damaging information being sold about them to third parties.

2. NTN compiles, maintains and sells to potential landlords, employers and other third parties certain reports containing select information about individual consumers' credit history, tenant history, criminal history, reputation, mode of living and other personal identifying information.

3. NTN knows that these reports it sells from its database(s) are expected to be used, and are in fact used, in connection with eligibility determinations for residential rental and employment opportunities. NTN thus functions as a consumer reporting agency ("CRA") under the FCRA.

4. Nevertheless, and to its unfair financial and competitive advantage, NTN intentionally fails to comply with several provisions of the FCRA, specifically those sections concerning: (a) the prohibition against restricting users of a CRA's reports from sharing the contents of the reports with consumers and (b) a CRA's obligations to disclose the information it maintains about a consumer to that consumer upon request. 15 U.S.C. § 1681e(c) and 1681g.

5. As a result, NTN operates in the shadows, selling information and background reports about consumers and requiring that the background reports "be kept in the strictest confidence" and that the background reports *"must not be disclosed to the consumer"* by the companies that make employment and residential tenancy decisions based upon such information and reports. (Emphasis

added). NTN's operations deprive consumers of the rights afforded to them by the FCRA to obtain a copy of the reports it sells about them, to dispute (and to have corrected) any inaccurate or incomplete information that the Defendant is reporting, and to require that the NTN only report information that adheres to the FCRA standard of maximum possible accuracy.

### JURISDICTION AND VENUE

6.  Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7.  Venue lies properly in this District pursuant to 28 U.S.C. § 1391(b).

### PARTIES

8.  Plaintiffs Harold and Phyllis Meyer are adult individuals who reside in Yucca Valley, California. At all times relevant hereto, each Plaintiff was a "consumer" as that term is defined by section 1681a(c) of the FCRA.

9.  Defendant National Tenant Network, Inc. ("NTN") is a consumer reporting agency that regularly conducts business in the Northern District of California and which has a place of business located at 525 Southwest First Street, Suite 105, Lake Oswego, Oregon 97034.

### FACTUAL ALLEGATIONS

**A. NTN's Uniform Policies And Procedures Designed To Prevent Consumers From Obtaining All Information In Their Files Upon Request**

10. NTN is a consumer reporting agency that for a fee regularly prepares and furnishes consumer credit and criminal information in a report to third parties. 15 U.S.C. § 1681a(f).

11. These reports, herein referred to as background reports, are consumer reports as they include information bearing on a consumer's character, general reputation, personal characteristics and mode of living and are used for employment and residential leasing purposes. 15 U.S.C. § 1681a(d).

3

12. NTN is regulated by the FCRA, which has a stated purpose of insuring "that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(4).

13. In furtherance of that goal, the FCRA mandates that each CRA provide consumers with access to the information sold about them to third parties and also provide consumers with an opportunity to review and dispute any inaccuracies in their consumer files and reports. 15 U.S.C. §§ 1681e(c).

14. Specifically, a CRA is required by the FCRA to provide consumers with all information the CRA has about them upon request. 15 U.S.C. § 1681g(a)(1).

15. A CRA also "may not prohibit a user of a consumer report furnished by the agency on a consumer from disclosing the contents of the report to the consumer, if adverse action against the consumer has been taken by the user based in whole or in part on the report." 15 U.S.C. § 1681e(c).

16. Nonetheless, and despite the clear statutory language above, NTN commonly fails to provide consumers with complete copies of all of the consumer information it maintains and reports about them and further employs policies and procedures specifically requiring its users to destroy and otherwise keep the consumer reports from the consumer about whom they relate.

17. NTN routinely directs consumers to obtain their consumer information from other CRAs instead of providing all information it maintains about a consumer as required by the FCRA.

18. Further, NTN directs the users of its reports to destroy the reports or otherwise prohibit the disclosure of the reports to consumers, specifically including in its Applicant Screening Authorization Form the directive: "Reports

must be kept in the strictest of confidence and **must not** be disclosed to the applicant." (Emphasis added). See Exhibit A attached hereto.

19. As a result, NTN compiles and sells for profit information about consumers without consequences for its failure to report accurately or fairly about consumers. Since NTN refuses to provide reports to consumers directly, and prohibits such disclosure through its users, consumers remain utterly in the dark about what information NTN reports about them and the harm it causes them in obtaining potential and existing residential rental and employment opportunities.

20. A consumer may never discover when or if NTN reports inaccurate information about them. NTN has created the above set of policies to ensure that the consumer will never know what inaccurate information has been reported about them, effectively precluding consumers from disputing and correcting the potentially harmful inaccurate information.

21. NTN's unchecked and clandestine sale of consumer information is not accidental, nor a result of simple negligence, but instead a result of deliberately designed policies and procedures intended to keep consumers in the dark about the incomplete and inaccurate information it sells about them. NTN created this system so that it will not have to contend with consumer communications and disputes about the quality or accuracy of its reports.

**B.    The Experience Of The Representative Plaintiffs**

22. In or around September 2012, Plaintiffs applied for a position as assistant resident managers at Shorewood, Inc. d/b/a Shorewood RV Park ("Shorewood"). Shorewood is a recreational vehicle park.

23. Based upon information and belief, Shorewood RV Park is operated and managed by Mountaindale Property Management, Inc. ("Mountaindale"), a company that regularly engages in property management.

24. At all times pertinent hereto, Mountaindale was operating as an agent

of Shorewood and is referred to herein collectively and interchangeably as "Shorewood."

25. Plaintiff's signed a "compensation agreement" employment contract with Shorewood on or about September 14, 2012.

26. Plaintiffs were "WELCOME[D] TO THE SHOREWOOD RV PARK TEAM!" on September 14, 2012.

27. In connection with their employment offer, Shorewood requested that Plaintiffs submit to a background check and represented that an agent of Shorewood would call them as soon as the background check results were received.

28. Shorewood requested from NTN, and NTN sold to Shorewood, a consumer report concerning the Plaintiffs, on or around September 14, 2012.

29. The report furnished by NTN was for employment purposes.

30. This consumer report contained at least one item of information which was a matter of public record and of the type of information that was likely to have an adverse effect upon Plaintiff's ability to obtain employment generally, and specifically, with Shorewood.

31. NTN has been improperly reporting, and did here report, false, derogatory and inaccurate statements and information relating to Plaintiff Harold Meyer and Plaintiff's criminal history and record to third parties.

32. The inaccurate information includes, but is not limited to, three criminal sex offense records. These records appear on the consumer report NTN sold about Plaintiff Harold Meyer to Shorewood as follows: "VIOLENT SEX OFFENDER FAIL TO REGISTER;" "SEXUAL BATTERY;" and "AGGRAVATED ORAL SEXUAL BATTERY."

33. The inaccurate information grossly disparages Plaintiff Harold Meyer and portrays him as a serial criminal and a sex offender, which he is not. There is

perhaps no greater error that a consumer reporting agency can make. The inaccurate information consists of incorrect statements which misrepresent his criminal history as well as incorrect personal identifying information.

34. The derogatory inaccuracies appear to be caused by NTN mixing Plaintiff *Harold Charles* Meyer's consumer report with that of *Charles Otis* Meyer and several other individuals with similar names. Any rudimentary cross-referencing procedure, matching criteria, or inspection of the data would reveal the inaccuracies and inconsistencies in the data. NTN failed to employ reasonable procedures to ensure that the public record information was complete and up to date.

35. In creating and furnishing Plaintiff Harold Meyer's consumer report, NTN failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about him. For example, NTN allowed and/or used very loose matching criteria to determine whether to include information pertaining to a stranger, with a different name, social security number and date of birth, and living at a different address, within Harold Meyer's consumer report.

36. Harold Meyer received no notification from NTN that public record information had been reported about him, and NTN did not notify him of the name and address of the person to whom such information was reported.

37. Upon information and belief, the Plaintiff Harold Meyer alleges that NTN never sent such a notice letter "at the time" it furnished an employment consumer report containing derogatory public record information about him, as required by 15 U.S.C. § 1681k(a)(1).

38. Additionally, NTN does not maintain strict procedures designed to insure that such information is complete and up to date, as required by 15 U.S.C. § 1681k(a)(2). If NTN had maintained such procedures it would not have falsely

reported three sex offender records belonging to other individuals on Plaintiff Harold Meyer's consumer report.

39. Plaintiffs were subsequently denied employment as assistant residential managers and denied an opportunity to reside at Shorewood on or about September 15, 2012. Plaintiffs were specifically told a substantial factor for the denial, and the reason they would not be able to work or live at Shorewood, was that Mr. Meyer was identified as a "pedophile" in the NTN background check, and Shorewood believed that to be true.

40. In an effort to redress the foregoing, Plaintiffs individually, and then through counsel, made numerous requests for a copy of the background reports from NTN and NTN has repeatedly failed to provide the background reports, including but not limited to requests made from September 2012 through January 2013.

41. CRAs such as NTN have an obligation to provide to a consumer "all information in that consumer's file at the time of request." 15 U.S.C. § 1681g(a)(1).

42. Nonetheless, in response to one of Plaintiffs' requests for a copy of the background report, NTN directed the Plaintiffs "[t]o access the actual credit report the applicant may go directly to Experian at http://www.experian.com/," in clear violation of its requirements under 15 U.S.C. §1681g(a)(1) to provide *all* information to Plaintiffs. *See* Exhibit B hereto. NTN included only three pages of Mr. Meyer's background report with this letter.

43. Plaintiffs and their counsel then sought a copy of the complete background check from Shorewood in December 2012.

44. A CRA may not prohibit a user of a consumer report from disclosing the contents of that report to the consumer. 15 U.S.C. § 1681e(c).

45. In response to Plaintiffs' counsel's request for a copy of the Plaintiff's background checks, Shorewood sent correspondence to Plaintiffs dated January 4, 2013 stating that Plaintiffs had executed a standard NTN applicant screening authorization form which, pursuant to NTN's uniform policy, prohibited Shorewood from providing the background reports to Plaintiffs. Pursuant to this policy Shorewood stated that it had destroyed the background reports at issue.

46. Plaintiffs were eventually provided a copy of the NTN background reports.

47. As of result of Defendant's conduct, Plaintiffs have suffered actual damages in the form of lost employment and rental opportunities, harm to reputation, and emotional distress, including humiliation and embarrassment.

48. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

49. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal law and the rights of the Plaintiffs herein.

### CLASS ACTION ALLEGATIONS

50. Plaintiffs bring this action on behalf of the following Classes:

   (a) For NTN's violations of FCRA § 1681e(c): All persons residing in the United States and its Territories who during the period beginning two (2) years prior to the filing of this Complaint and continuing through the date of the resolution of this case had a consumer report sold about them by NTN.

(b) For NTN's violations of FCRA § 1681g(a): All persons residing in the United States and its Territories who during the period beginning two (2) years prior to the filing of this Complaint and continuing through the date of the resolution of this case had a consumer report sold about them by NTN and who received a letter substantially similar in form to the letter attached hereto as Exhibit A, or written notice which directed the consumer to contact a secondary source of consumer information for consumer file information.

51. The Classes are so numerous that joinder of all members is impracticable. Although the precise number of Class members is known only to NTN, Plaintiffs aver upon information and belief that the Classes number in the hundreds, if not thousands.

52. There are questions of law and fact common to the Classes that predominate over any questions affecting only individual Class members. The principal questions concern whether the NTN willfully and/or negligently violated the FCRA by failing to provide consumers with access to all information contained in their consumer files, as well as whether the NTN prohibited users of its information from disclosing that information to the consumer him or herself.

53. Plaintiffs' claims are typical of the claims of the Classes, which all arise from the same operative facts and are based on the same legal theories.

54. Plaintiffs will fairly and adequately protect the interests of the Classes. Plaintiffs are committed to vigorously litigating this matter. Further, Plaintiffs have secured counsel experienced in handling consumer class actions. Neither Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue this claim.

55. This action should be maintained as a class action because the prosecution of separate actions by individual members of the Classes would create

a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the parties opposing the Classes, as well as a risk of adjudications with respect to individual members which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

56. Whether NTN violated the FCRA can be easily determined by NTN's policies and a ministerial inspection of NTN's business records.

57. Questions of law or fact common to members of the Classes predominate over any questions affecting only individual members.

58. A class action is a superior method for the fair and efficient adjudication of this controversy. Management of the Classes' claims is likely to present significantly fewer difficulties than those presented in many individual claims. The identities of the Class members may be derived from NTN's records.

### CLAIMS FOR RELIEF

### COUNT I - VIOLATIONS OF FCRA § 1681e(c)

### (PLAINTIFFS AND THE CLASS V. NTN)

59. Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

60. At all times pertinent hereto, NTN was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

61. At all times pertinent hereto, the Plaintiffs were each a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

62. At all times pertinent hereto, the above-mentioned background reports, background checks and consumer reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

63. Pursuant to section 1681n of the FCRA, NTN is liable for willfully prohibiting users of its consumer reports from disclosing the contents of those reports to the consumer about whom the report relates, in violation of 15 U.S.C. § 1681e(c).

WHEREFORE, Plaintiffs respectfully pray that an order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiffs and their counsel to represent the Class; that judgment be entered in favor of Plaintiffs and the Class against NTN for statutory and punitive damages for violation of 15 U.S.C. §1681e(c), pursuant to 15 U.S.C. § 1681n; that the Court award costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n; and that the Court grant such other and further relief as may be just and proper.

### COUNT II - VIOLATIONS OF FCRA § 1681g(a)
### (PLAINTIFFS AND THE CLASS V. NTN)

64. Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

65. At all times pertinent hereto, NTN was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

66. At all times pertinent hereto, the Plaintiffs were each a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

67. At all times pertinent hereto, the above-mentioned background reports, background checks and consumer reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

68. Pursuant to section 1681n of the FCRA, NTN is liable for willfully failing to provide to consumers upon request all information in that consumer's file, in violation of 15 U.S.C. § 1681g(a).

WHEREFORE, Plaintiffs respectfully pray that an order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiffs and their counsel to represent the Class; that judgment be entered for Plaintiffs and the Class against NTN for statutory and punitive damages for violation of 15 U.S.C. §1681g(a), pursuant to 15 U.S.C. § 1681n; that the Court award costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n; and that the Court grant such other and further relief as may be just and proper.

### COUNT III - VIOLATIONS OF FCRA § 1681k(a)
### (HAROLD MEYER V. NTN)

69. Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

70. At all times pertinent hereto, NTN was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

71. At all times pertinent hereto, the Plaintiffs were each a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

72. At all times pertinent hereto, the above-mentioned background reports, background checks and consumer reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

73. Pursuant to sections 1681n and 1681o of the FCRA, NTN is liable for negligently and willfully failing to provide Harold Meyer with notice at the time that it was selling adverse public records about him, and the source of such information and by failing to maintain strict procedures to insure that adverse public records information it reports is complete and up to date, in violation of 15 U.S.C. § 1681k(a).

WHEREFORE, Plaintiffs respectfully pray that judgment be entered for Harold Meyer against NTN for statutory, actual and punitive damages for

violation of 15 U.S.C. §1681k(a), pursuant to 15 U.S.C. §§ 1681n and 1681o; that the Court award costs and reasonable attorney's fees, pursuant to 15 U.S.C. §§ 1681n and 1681o; and that the Court grant such other and further relief as may be just and proper.

### COUNT IV - VIOLATIONS OF FCRA § 1681e(b)
### (HAROLD MEYER V. NTN)

74. Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

75. At all times pertinent hereto, NTN was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

76. At all times pertinent hereto, Plaintiff Harold Meyer was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

77. At all times pertinent hereto, the above-mentioned background reports, background checks and consumer reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

78. Pursuant to sections 1681n and 1681o of the FCRA, NTN is liable to Plaintiff Harold Meyer for negligently and willfully failing to maintain reasonable procedures to assure the maximum possible accuracy of the consumer reports it sold to Shorewood, in violation of 15 U.S.C. § 1681e(b).

WHEREFORE, Plaintiffs respectfully pray that judgment be entered for Harold Meyer against NTN for statutory, actual and punitive damages for violation of 15 U.S.C. §1681e(b), pursuant to 15 U.S.C. §§ 1681n and 1681o; that the Court award costs and reasonable attorney's fees, pursuant to 15 U.S.C. §§ 1681n and 1681o; and that the Court grant such other and further relief as may be just and proper.

*/s/ Andrew J. Ogilvie*

ANDREW J. OGILVIE (SBN 57932)
CAROL M. BREWER (SBN 214035)
ANDERSON, OGILVIE & BREWER LLP
235 Montgomery Street, Suite 914
San Francisco, California 94104-3000
Telephone: (415) 651-1952
Facsimile: (415) 500-8300
andy@aoblawyers.com
carol@aoblawyers.com

***Attorney for Plaintiffs and the Class***

### JURY DEMAND

Plaintiffs and the class demand a jury trial on all issues for which jury trial is available.

*/s/ Andrew J. Ogilvie*

ANDREW J. OGILVIE (SBN 57932)
CAROL M. BREWER (SBN 214035)
ANDERSON, OGILVIE & BREWER LLP
235 Montgomery Street, Suite 914
San Francisco, California 94104-3000
Telephone: (415) 651-1952
Facsimile: (415) 500-8300
andy@aoblawyers.com
carol@aoblawyers.com

***Attorney for Plaintiffs and the Class***

Dated: July 9, 2013

# EXHIBIT A

# APPLICANT SCREENING AUTHORIZATION FORM 07/11
(please print clearly)

Please remember to have your applicants print neatly to reduce mistakes and typos.
All fields (except previous address) are REQUIRED! Reports will not be run unless filled out completely.

## *ONE FORM PER PERSON PLEASE, OR IT WILL BE REJECTED*

Applicant Full Name: __Phyllis J. Meyer__
(first, middle, last)

Social Security Number: [redacted], Date of Birth: [redacted]

Combined monthly income of all applying $3000 # of months at current position: _____

Current Address: [redacted] 97084
CO (street, city, state, zip)          Since: 8/10

Previous Address: _____ Since: 11/10
(street, city, state, zip)

I certify that the above information is correct and complete and hereby authorize you to make inquiries you feel necessary to evaluate my tenancy and credit standing including, but not limited to, a check of my credit. I understand that if I am denied tenancy due to my credit standing, I have the right to dispute the accuracy or completeness of any information in the credit report.

Applicant Signature: _Phyllis Meyer_

**Rental Owner**
Monthly Rent for Unit (required): _____

Membership Name: __CAROLYN BURRIS__   Member ID #: __0AA3132__

Submitted By: _____   Complex: __Shorewood RV Park__

Phone Number: __503 355 2278 or__   Fax Number: __1-866-567-7875__
__503 680 9290__

Reports must be kept in the strictest confidence and must not be disclosed to the applicant. I will not e-mail this form or any other personal, financial or any other sensitive information.

Membership Signature: _Carolyn Bur._

- [X] Decision Point
- [ ] DPC Combo Report
  (Includes Decision Point and Oregon & Washington Statewide Criminal)
- [ ] Credit Report
  (Only if approved through NTN)
- [ ] Tenant Performance & Eviction History
- [ ] Decision Point Plus
- [ ] Social Security Search
- [ ] Employment Verification

- [ ] Landlord Verification
  (Application to rent required)
- [ ] Criminal History in Oregon & Washington – Statewi
  (Includes violations through Federal offenses such offender records)
- [X] Nation-Wide Criminal Report
  (Includes information from 42 states Excluding: Connecticut, Del Hawaii, Maine, Massachusetts, Rhode Island, South Dakota, West Virginia)
- [ ] Criminal Search in a single county anywhere in the
  (Surcharges could apply; standard processing time is 1-2 weeks.)

***PLEASE INDICATE YOUR PREFERENCE:
Phone & Pick-up ____ Phone & FAX _X_ Phone & MAIL ____ Fax ONLY ____

# APPLICANT SCREENING AUTHORIZATION FORM 07/11

(please print clearly)

Please remember to have your applicants **print neatly** to reduce mistakes and typos.
All fields (except previous address) are REQUIRED! Reports will not be run unless filled out completely.

**\*ONE FORM PER PERSON PLEASE, OR IT WILL BE REJECTED\***

Applicant Full Name: _Harold Charles Meyer_
(first, middle, last)

Social Security Number: [REDACTED], Date of Birth: [REDACTED]

Combined monthly income of all applying: _3000_, # of months at current position: _____

Current Address: [REDACTED] _CA  92284_. Since: _11/10_.
(street, city, state, zip)

Previous Address: _____. Since: __/__.
(street, city, state, zip)

I certify that the above information is correct and complete and hereby authorize you to make inquiries you feel necessary to evaluate my tenancy and credit standing including, but not limited to, a check of my credit. I understand that if I am denied tenancy due to my credit standing, I have the right to dispute the accuracy or completeness of any information in the credit report.

Applicant Signature: _Harold Meyer_

**Rental Owner**
Monthly Rent for Unit (required): _____

Membership Name: _CAROLYN BURRIS_   Member ID #: _OAA3132_

Submitted By: _____   Complex: _Shorewood RV Park_

Phone Number: _503 755 2278 or 503 680 9290_   Fax Number: _1-866-567-7875_

Reports must be kept in the strictest confidence and must not be disclosed to the applicant. I will not e-mail this form or any other personal, financial or any other sensitive information.

Membership Signature: _Carolyn Bur._

- [X] Decision Point
- [ ] DPC Combo Report
  (Includes Decision Point and Oregon & Washington Statewide Criminal)
- [ ] Credit Report
  (Only if approved through NTN)
- [ ] Tenant Performance & Eviction History
- [ ] Decision Point Plus
- [ ] Social Security Search
- [ ] Employment Verification
- [ ] Landlord Verification
  (Application to rent required)
- [ ] Criminal History in Oregon & Washington – Statewi (includes violations through Federal offenses such offender records)
- [X] Nation-Wide Criminal Report
  (Includes information from 42 states Excluding: Excluding: Connecticut, Del Hawaii, Maine, Massachusetts, Rhode Island, South Dakota, West Virginia a
- [ ] Criminal Search in a single county anywhere in the (Surcharges could apply; standard processing time is 1-2 weeks.)

**\*\*\*PLEASE INDICATE YOUR PREFERENCE:**
Phone & Pick-up ____ Phone & FAX _X_ Phone & MAIL ____ Fax ONLY ____

# EXHIBIT B

01/02/2013 15:06 FAX 8889221686     NTN                                              ☒001



## NATIONAL TENANT NETWORK

Francis & Mailman
Land Title Building, 19th Floor
100 South Broad St
Philadelphia, PA 19110

Attn: Erin Novak

Thank you for informing us that this applicant wished to have a copy of his report. This is the first we have heard about it, and it is our firm business practice to respond to complaints immediately.

We are including a copy of the reports. The score was based on the credit report from Experian. To access the actual credit report the applicant may go directly to Experian at http://www.experian.com/.

If we can be of any additional service, please let us know.

Thank you,

Marcia Gohman
NTN - Oregon
Vice President

PO Box 21027
Keizer, OR 97303
Phone 503-635-1118
Fax 503-635-9392
Toll Free:
Phone 888-989-1686
Fax 888-922-1686
www.ntnonline.com

Sent via Fax and Mail