1   **LEWIS BRISBOIS BISGAARD & SMITH LLP**
    PAMELA M. FERGUSON, SB# 202587
2      Email: Pamela.Ferguson@lewisbrisbois.com
    SHAHRAM NASSI, SB# 239812
3      Email: Shahram.Nassi@lewisbrisbois.com
    333 Bush Street, Suite 1100
4   San Francisco, California 94104-2872
    Telephone: 415.362.2580
5   Facsimile: 415.434.0882

6   **LEWIS BRISBOIS BISGAARD & SMITH LLP**
    MICHAEL K. GRIMALDI, SB# 280939
7      Email: Michael.Grimaldi@lewisbrisbois.com
    221 North Figueroa Street, Suite 1200
8   Los Angeles, California 90012
    Telephone: 213.250.1800
9   Facsimile: 213.250.7900

10  Attorneys for Defendant NATIONAL TENANT NETWORK, INC.

11                    UNITED STATES DISTRICT COURT

12        NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

13  HAROLD MEYER and PHYLLIS MEYER,          CASE NO. 3:13-CV-03187-JSC

14              Plaintiffs,                  **DEFENDANT NATIONAL TENANT
                                             NETWORK, INC.'S NOTICE OF MOTION
15       vs.                                 AND MOTION TO DISMISS PURSUANT
                                             TO FEDERAL RULES OF CIVIL
16  NATIONAL TENANT NETWORK, INC.,           PROCEDURE 12(b)(6); MOTION TO
                                             STRIKE CLASS ALLEGATIONS; AND
17              Defendant.                    MEMORANDUM OF POINTS AND
                                             AUTHORITIES IN SUPPORT THEREOF**

18
                                             **Date:     October 31, 2013
19                                           Time:     9:00 a.m.
                                             Crtrm:  F, 15th Floor
20                                           Judge:  The Hon. Jacqueline Scott Corley**

21

22  **TO ALL PARTIES HEREIN AND TO THEIR ATTORNEYS OF RECORD:**

23          **PLEASE TAKE NOTICE** that on October 31, 2013, at 9:00 a.m., at the United States

24  District Court, Northern District, San Francisco Division, in Courtroom F, located at 450 Golden Gate,

25  15th Floor, San Francisco, California, Defendant, National Tenant Network, Inc. ("NTN"), will and

26  hereby does move this Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), for an order

27  dismissing Plaintiffs' Class Action Complaint on the following grounds:

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    1.    Plaintiffs First Count for Violation of FCRA, 15 U.S.C. §1681e(c) fails to state a claim

2    upon which relief may be granted;

3    2.    Plaintiffs' Second Count for Violations of FCRA, 15 U.S.C. § 1681g(a) fails to state a

4    claim upon which relief may be granted; and

5    3.    Plaintiff Harold Meyer's Third Count for Violations of FCRA, 15 U.S.C. §1681k(a)

6    fails to state a claim upon which relief may be granted.

7    Further, defendant NTN will and hereby does move this Court, pursuant to Federal Rule of

8    Civil Procedure 12(b)(6), for an order dismissing Plaintiffs' class action allegations with respect to

9    Count I and Count II of the complaint on the grounds that the class claims do not meet the criteria

10   established under Federal Rule of Civil Procedure, Rule 23 and therefore Count I and Count II fail to

11   state any class claims upon which relief may be granted and the class allegations should be stricken.

12   This Motion will be based on this Notice, the within Memorandum of Points and Authorities in

13   support thereof, and any other oral argument as may be permitted at the hearing of this matter.

14   DATED: September 23, 2013            LEWIS BRISBOIS BISGAARD & SMITH LLP

15                                       By:    ___/s/ Sharam Nassi_____

16                                              Pamela M. Ferguson
                                                Shahram Nassi
17                                              Michael K. Grimaldi
                                                Attorneys for Defendant
18                                              NATIONAL TENANT NETWORK, INC.

19

20

21

22

23

24

25

26

27

28


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4837-0351-6181.1                         2                        3:13-cv-03187-JSC
                              TABLE OF AUTHORITIES

# TABLE OF CONTENTS

Page

I.      INTRODUCTION ............................................................................................. 1

II.     SUMMARY OF FACTS & ALLEGATIONS ................................................ 2

III.    LEGAL ARGUMENT ..................................................................................... 3

        A.      STANDARD FOR MOTION TO DISMISS UNDER RULE 12(B)(6)............... 3

        B.      Count I For Violations Of FCRA §1681e(c) Fails To State A Claim ............... 4

        C.      Count II For Violations Of FCRA § 1681g(a) Fails to State A Claim............... 5

                1.      Plaintiffs Fail to Show Facts that NTN "Willfully" Violated 15
                        U.S.C. §1681g(a) ................................................................................. 7

        D.      Count III For Violations Of FCRA §1681k(a) Should Be Dismissed ................ 7

                1.      FCRA §1681k(a) Does Not Apply ....................................................... 7

                2.      Plaintiff Fails to State a Claim Under 15 U.S.C. §1681k(a).................... 9

        E.      Plaintiffs Fail To Allege Class Action Claims For Counts I and II ................. 10

                1.      Class Certification Is Properly Challenged By A Motion To
                        Dismiss ................................................................................................ 10

                2.      Plaintiffs Complaint Fails To Plead The Necessary Elements For
                        Class Claims ........................................................................................ 10

                3.      The Proposed Classes Are Not Adequately Defined ............................ 11

                        (a)     The Class for Count I is not Adequately Defined ...................... 11

                        (b)     The Class for Count II is not Adequately Defined .................... 12

                4.      Plaintiffs Cannot Satisfy Any of Rule 23(b)'s Requirements ............... 13

                        (a)     There Is No Predominance of Common Questions of Law
                                or Fact ....................................................................................... 14

                        (b)     Class Action Is Not A Superior Method For Adjudication ....... 15

IV.     CONCLUSION.............................................................................................. 17

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

## TABLE OF AUTHORITIES

2

**Page**

3

### CASES

4

*Ashcroft v. Iqbal*
    556 U.S. 662 (2009) ........................................................................................ 4, 7

5

6

*Athanassios Diacakis v. Comcast Corp.*
    2013 U.S. Dist. LEXIS 64523 (2013) ................................................................. 11

7

*Balistreri v. Pacifica Police Dept.*
    901 F.2d 696 (9th Cir. 1988) ............................................................................... 3

8

9

*Beck-Ellman v. Kaz USA, Inc.*
    283 F.R.D. 558 (2012) ....................................................................................... 13

10

*Bell Atl. Corp. v. Twombly*
    550 U.S. 544 (2007) ............................................................................................ 3

11

12

*Cahill v. Liberty Mut. Ins. Co.*
    80 F.3d 336 (9th Cir. 1996) ................................................................................. 3

13

*Campos v. ChoicePoint, Inc.*
    237 F.R.D. 478 (2005 ND GA) .................................................................... 15, 16

14

15

*Clay v. American Tobacco Company*
    188 F.R.D. 483(1999 SD Ill) ............................................................................. 11

16

*Conley v. Gibson*
    355 U.S. 41 (1957) .............................................................................................. 3

17

18

*Durning v. First Boston Corp*
    815 F.2d 1265 (9th Cir. 1987) ............................................................................. 4

19

*Edwards v.  McCormick*
    196 F.R.D. 487 (2000 SD Ohio) ....................................................................... 11

20

21

*Gen. Tel. Co. of the Southwest v. Falcon*
    457 U.S. 147 (1982) .......................................................................................... 10

22

*Grimes v. Rave Motion Pictures Birmingham, L.L.C.*
    264 F.R.D. 659 (2010 ND Ala) ......................................................................... 16

23

24

*In re Am. Med Sys., Inc.*
    75 F.3d 1069 (6th Cir. 1996) ............................................................................. 11

25

*In re Trans Union Corp. Privacy Litig.*
    211 FRD 328 (2002 ND Ill) .............................................................................. 16

26

27

*Jablon v. Dean Witter & Co.*
    614 F.2d 677 (9th Cir. 1980) ............................................................................... 3

28

**LEWIS
BRISBOIS
BISGAARD
& SMITH LLP**
ATTORNEYS AT LAW

*Jordan v. Paul Financial, LLC, et al.*
   U.S. Dist. LEXIS 7592, *8 (2009) ................................................................ 11

*Klay v. Humana, Inc.*
   382 F.3d 1241 (11th Cir. 2004) ................................................................ 14

*Navarro v. Block*
   250 F.3d 729 (9th Cir. 2001) ................................................................ 3

*Oshana v. Coca-Cola Co.*
   472 F.3d 506, 513-14 (2006) ................................................................ 11

*Rutstein v. Avis Rent-A-Car Sys., Inc.*
   211 F.3d 1228 (11th Cir. 2000) ................................................................ 14

*Safeco Ins. Co. of Am. v. Burr*
   551 U.S. 47 (2007) ................................................................ 7

*Santoro v. Aargon Agency, Inc.*
   252 F.R.D. 675 (2008) ................................................................ 14

*Sprewell v. Golden State Warriors*
   266 F.3d 979 (9th Cir. 2001) ................................................................ 3

*Sumner Peck Ranch v. Bureau of Reclamation*
   823 F. Supp. 715 (E.D. Cal. 1993) ................................................................ 4

*Valentino v. Carter-Wallace, Inc.*
   97 F.3d 1227  (9th Cir. 1996) ................................................................ 10

*Van Winkle v. Allstate Ins. Co.*
   290 F. Supp. 2d 1158 (C.D. Cal. 2003) ................................................................ 4

*Vigus v. Southern Illinois Riverboat/Casino Cruises, Inc.*
   274 F.R.D. 229 (2011, S.D. Ill.) ................................................................ 11

*Walls v. Wells Fargo Bank, N.A. (In re Wells)*
   262 B.R. 519 (E.D. Cal. 2001) ................................................................ 10

*Warren v. Fox Family Worldwide, Inc.*
   328 F.3d 1136 (9th Cir. 2003) ................................................................ 4

**STATUTES**

15 United States Code §1681(a)(1) ................................................................ 2
15 United States Code §1681(b) ................................................................ 2
15 United States Code §1681(c) ................................................................ 1, 2, 12
15 United States Code §1681(e) ................................................................ 1, 2, 4, 5
15 United States Code §1681e(c) ................................................................ 4, 5, 12, 14
15 United States Code §1681(g) ................................................................ *passim*
15 United States Code §1681g(a) ................................................................ *passim*
15 United States Code §1681g(a)(1) ................................................................ 6, 15
15 United States Code §1681g(a)(2) ................................................................ 6, 13
15 United States Code §1681(h) ................................................................ 2, 5
15 United States Code §1681(k) ................................................................ *passim*

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

15 United States Code §1681k(a)..............................................................................1, 7, 8, 9
15 United States Code §1681k(a)(2)..................................................................................9
15 United States Code §1681(n) .........................................................................................7
15 United States Code §1681(o) .........................................................................................7

## RULES

Federal Rules of Civil Procedure, Rule 10(c) ............................................................... 4, 8
Federal Rules of Civil Procedure, Rule 12(b)(6) ...................................................... 1, 2, 3
Federal Rules of Civil Procedure, Rule 23................................................................ *passim*
Federal Rules of Civil Procedure, Rule 23(a) ...................................................10, 11, 13, 14
Federal Rules of Civil Procedure, Rule 23(b) .......................................................... *passim*
Federal Rules of Civil Procedure, Rule 23(b)(3) ...................................... 13, 14, 15, 16
Federal Rules of Civil Procedure, Rule 23(b)(3)(A)-(D) ................................................. 13
Federal Rules of Civil Procedure, Rule 23(c)(1)(A) ....................................................... 10



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

TABLE OF AUTHORITIES

**MEMORANDUM OF POINTS & AUTHORITIES**

I.      INTRODUCTION

This proposed class action civil litigation arises out of alleged violations of the Fair Credit Reporting Act, 15 U.S.C. §1981 *et. seq.* ("FCRA") by Defendant National Tenant Network, Inc. ("NTN").  Plaintiffs Harold and Phyllis Meyer ("Plaintiffs") allege four counts against NTN for violations of the FCRA:  (1) violation of FCRA §1681(c), (2) violation of FCRA §1681g(a), (3) violation of FCRA §1681k(a), and (4) violation of FCRA §1681e(b). Counts I and II are alleged as a purported class action and Counts III and IV are alleged by Harold Meyer alone against NTN. Based on these allegations, Plaintiffs seek, statutory damages, punitive damages, and attorneys' fees.

As set forth below, the class action counts (Count I and II) set forth in Plaintiffs' Complaint fail to meet the requirements of Federal Rule of Civil Procedure 23 for a host of reasons, including lack of proper class definition, the lack of predominance, the fact that class action is not a superior method of adjudication, and the nature of the monetary relief and penalties being sought for the alleged violations of the FCRA.

Regardless of their shortcomings as a putative nationwide class action, Plaintiffs' purported Count I and Count II fail because the allegations are not sufficient to state a claim upon which relief may be granted.  With respect to Count I, Plaintiffs fail to allege any facts tending to show that NTN has a company policy of prohibiting users of its services from disclosing the contents of a report to a consumer, when adverse action is taken against that consumer based on the report.  With respect to Count II, Plaintiffs concede in the complaint that they were provided a copy of their reports as requested (Complaint ¶46). Therefore, there is no viable cause of action for violating FCRA §1681g(a) for "failing to provide to consumers upon requests all information in that consumer's file."

Count III is similarly deficient as it fails to state a claim upon which relief may be granted. FCRA §1681k(a) only applies to consumer reports furnished for employment purposes.  As is clear from the face of the Complaint and its Exhibits, the Applicant Screening Authorization Form at issue in this matter was for tenant screening purposes and not employment purposes, thus the requirements of FCRA §1681k(a) do not apply.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4837-0351-6181.1                                    1                              3:13-cv-03187-JSC
DEFENDANT NATIONAL TENANT NETWORK, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES

1    For these reasons and the reasons set forth below, defendant NTN respectfully requests that

2    this court grant its motion to dismiss.

3    **II.    SUMMARY OF FACTS & ALLEGATIONS**

4    In 1970, Congress passed the Fair Credit Reporting Act for the purpose of assuring accuracy

5    and fairness in credit reporting, (*see* 15 U.S.C. §1681(a)(1)), and to require consumer reporting

6    agencies to adopt reasonable procedures for meeting the needs of commerce for consumer credit "in a

7    manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy,

8    relevancy, and proper utilization of such information. . . ." 15 U.S.C. §1681(b).

9    This stated purpose is accomplished through set of rules and regulations that control all aspects

10   of the credit reporting process. The FCRA regulates the permissible purposes for uses of consumer

11   credit reports (15 U.S.C. §1681b), and delineates the types of information which must be included and

12   those that cannot be included in consumer credit reports. 15 U.S.C. §1681c. Additional provisions set

13   out compliance procedures to be followed by consumer reporting agencies and address requirements

14   for disclosure of information to consumers. *See* 15 U.S.C. §1681e, 15 U.S.C. §1681g, 15 U.S.C.

15   §1681h, and 15 U.S.C. §1681k.

16   NTN is a consumer reporting agency that offers tenant screening profiles to perspective

17   landlords who request a background report on prospective tenants. The profiles contain information

18   about the prospective tenant, including details about the person's address history, previous landlords,

19   credit history, and criminal record.

20   Plaintiffs allege that in September 2012, they applied for a position as assistant resident

21   managers at Shorewood, Inc., a recreational vehicle park. (Complaint §22). Plaintiffs allege that in

22   connection with their "employment offer", Shorewood requested they submit to a background check.

23   (Complaint §27). Plaintiffs allege that they filled out an Applicant Screening Authorization Form in

24   connection with their application for employment with Shorewood, which was provided to Shorewood

25   by NTN. (Complaint ¶¶ 18, 27). Plaintiffs attach copies of the forms they filled out as Exhibit "A" to

26   the complaint. (Complaint ¶ 18). Plaintiffs further allege that NTN provided Shorewood a consumer

27   report about Plaintiffs on or about September 14, 2012. (Complaint §28).

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4837-0351-6181.1                                     2                              3:13-cv-03187-JSC
DEFENDANT NATIONAL TENANT NETWORK, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES

1    Plaintiffs allege that the reports furnished by NTN were for employment purposes (Complaint

2   ¶29).  Plaintiffs further allege that the report for Harold Meyer contained inaccurate information and

3   as a result of the inaccuracies in the report they were both denied employment and residency at

4   Shorewood.  (Complaint ¶¶ 31-32, 39).

5   **III.     LEGAL ARGUMENT**

6       **A.       STANDARD FOR MOTION TO DISMISS UNDER RULE 12(B)(6)**

7    A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v.*

8   *Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is proper where "it appears beyond doubt that

9   plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v.*

10  *Gibson,* 355 U.S. 41, 45–46 (1957) .

11   When assessing the legal sufficiency of a plaintiff's claims, the court must accept as true all

12  material allegations of the complaint, and all reasonable inferences must be drawn in favor of the non-

13  moving party. *See, e.g., Cahill v. Liberty Mut. Ins. Co.,*  80 F.3d 336, 337–38 (9th Cir. 1996) (citations

14  omitted). Dismissal is proper under Rule 12(b)(6) "only where there is no cognizable legal theory or

15  an absence of sufficient facts alleged to support a cognizable legal theory." *Navarro,* 250 F.3d at 732

16  (*quoting Balistreri v. Pacifica Police Dept*, 901 F.2d 696, 699 (9th Cir. 1988).

17   Thus, accepting the facts as stated by the non-moving party from the record and drawing all

18  inferences in its favor, the Court should analyze whether it is "'beyond doubt that the plaintiff can

19  prove no set of facts in support of his or her claim.'" *Id.* (quoting *Jablon v. Dean Witter & Co.,* 614

20  F.2d 677, 682 (9th Cir. 1980)).

21   While a complaint need not contain detailed factual allegations, "a plaintiff's obligation to

22  provide the grounds of his entitlement to relief requires more than labels and conclusions, and a

23  formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550

24  U.S. 544, 555 (2007) (citation, alteration, and internal quotation marks omitted).  Likewise, the court

25  is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of

26  fact, or unreasonable inferences."  *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir.

27  2001)  In other words, "the tenet that a court must accept as true all of the allegations contained in a

28  complaint is inapplicable to legal conclusions. . . . While legal conclusions can provide the framework

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4837-0351-6181.1                                3                                3:13-cv-03187-JSC
DEFENDANT NATIONAL TENANT NETWORK, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES

1  of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal,* 556 U.S. 662, 677-

2  679 (2009) ("*Iqbal*") (citing *Twombly,* 550 U.S. at 555); *see also Warren v. Fox Family Worldwide,*

3  *Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).

4      Additionally, and particularly relevant in this case, attachments or exhibits to a complaint are

5  considered part of the pleading. Fed. R. Civ. P. 10(c).  When ruling on a motion to dismiss, the Court

6  may consider exhibits submitted with the complaint. *Van Winkle v. Allstate Ins. Co.,* 290 F. Supp. 2d

7  1158, 1162, n. 2. (C.D. Cal. 2003)  A "court may disregard allegations in the complaint if contradicted

8  by facts established by exhibits attached to the complaint." *Sumner Peck Ranch v. Bureau of*

9  *Reclamation,* 823 F. Supp. 715, 720 (E.D. Cal. 1993) (citing *Durning v. First Boston Corp.,* 815 F.2d

10  1265, 1267 (9th Cir. 1987)).

11      In the present action, Counts I, II and II of the class Complaint are devoid of the necessary

12  factual allegations to plead the causes of action purportedly alleged, and, instead, contains only the

13  type of conclusory language held insufficient by the United States Supreme Court in *Iqbal*.

14  Additionally, Plaintiffs fail to properly allege class action claims per the requirements of Rule 23 with

15  respect to Count I and Count II.  Consequently, this motion must be granted.

16      **B.      Count I For Violations Of FCRA §1681e(c) Fails To State A Claim**

17      In Count I of the Complaint, Plaintiffs allege that NTN has a policy of prohibiting users of its

18  consumer reports from disclosing the reports to consumers in violation of FCRA, 15 U.S.C.

19  §1681e(c). Section 1681e(c) states:

20      A consumer reporting agency may not prohibit a user of a consumer
        report furnished by the agency on a consumer from disclosing the
        contents of the report to the consumer, ***if adverse action against the***

21      ***consumer has been taken*** by the user based in whole or in part on the
        report. (emphasis added)

22

23      Section 1681e(c) only applies if adverse action has been taken against the consumer.  The

24  Complaint states no facts or allegations that NTN prohibits its users from disclosing the report to

25  consumers when adverse action has been taken. Plaintiffs base Count I of the complaint on part of a

26  statement contained in the Applicant Screening Authorization Form attached as Exhibit "A" to the

27  Complaint and on representations made by Shorewood about what Shorewood believes are NTN's

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4837-0351-6181.1                                        4                                3:13-cv-03187-JSC

DEFENDANT NATIONAL TENANT NETWORK, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES

1   policies. (Complaint ¶¶ 18, 45).  The complete statement contained in Exhibit "A" to the Complaint

2   relied upon by Plaintiffs as basis for Count I states:

> Reports must be kept in the strictest confidence and must not be
> disclosed to the applicant. <u>I will not e-mail this form</u> or any other
> personal, financial or any other sensitive information.

5       Nowhere in Exhibit "A" does it state that the user may ***never*** disclose a report to the consumer.

6   In fact, because completing the form is the first step in the screening process, there's never an adverse

7   action taken by the user at that initial stage.  As evident by the language in the form, the statement is a

8   reminder to users of the consumer information provided by NTN to make sure to protect a consumer's

9   sensitive data.

10      Furthermore, Plaintiffs' allegations about NTN's alleged policies in violation of § 1681e(c) are

11  strictly based on representations made by Shorewood, a third party, about what Shorewood believes

12  NTN's policies are.  (Complaint ¶ 45).  Plaintiffs do not allege any facts about what NTN states its

13  policies are, or what, if anything, NTN represented to Plaintiffs about its policies.  Allegations based

14  on what a third party claims are NTN's policies are not facts sufficient to state a claim for violation of

15  §1681e(c) against NTN. Plaintiffs have failed to allege facts sufficient to state a claim for violation of

16  § 1681e(c) and Count I should be dismissed.

17      **C.       Count II For Violations Of FCRA § 1681g(a) Fails to State A Claim**

18      In Count II of the Complaint Plaintiffs allege that NTN violates FCRA §1681g(a) by "willfully

19  failing to provide to consumers upon request all information in that consumer's file."  (Complaint ¶

20  68).  FCRA §1681g(a) states in relevant:

> Every consumer reporting agency shall, upon request, and subject to
> section 1681h (a)(1) of this title, clearly and accurately disclose to the
> consumer:
>
> (1) All information in the consumer's file at the time of the request. . .
>
> (2) The sources of the information; except that the sources of
> information acquired solely for use in preparing an investigative
> consumer report and actually used for no other purpose need not be
> disclosed: Provided, That in the event an action is brought under this
> subchapter, such sources shall be available to the plaintiff under
> appropriate discovery procedures in the court in which the action is
> brought.

28



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   Plaintiffs' complaint on its face shows that NTN complied with the requirements of Section
2   1681g(a). Plaintiffs allege that they made requests for their reports from NTN and that NTN failed to
3   provide them with the reports requested. (Complaint ¶ 40). However, later in the complaint, Plaintiffs
4   contradict this position.   Plaintiffs point out in ¶42 of the Complaint that NTN responded to their
5   request for information with a letter containing the background reports requested.  (Complaint ¶ 42).
6   The letter referenced by Plaintiff is attached as Exhibit "B" to the complaint.  It is clear from the letter
7   that NTN enclosed a "copy of the reports" requested with the letter.  (See Exhibit "B").

8   The letter also directed Plaintiffs to "the sources of the information" used in preparing the
9   report as required by §1681g(a)(2).  Contrary to Plaintiffs' allegation in ¶42 of the Complaint, NTN's
10  action of directing Plaintiffs to the sources of information used in preparing their report is not a "clear
11  violation" of §1681(a), but a requirement under 1681g(a) which NTN fulfilled.

12  Plaintiffs attempt to resuscitate this Count by stating that they did not receive "all" of their
13  information by way of NTN's letter attached as Exhibit "B" to the Complaint.  However, they once
14  again contradict their position in ¶46 of the Complaint where they state they were "eventually
15  provided a copy of the NTN background reports."  (Compliant ¶46).

16  Plaintiffs have failed to state a claim because they fail to allege what information required to
17  be provided per §1681g(a) was not provided to them by NTN.  The broad definition of "file," as used
18  in 15 USC § 1681a(g), does not apply to 15 USC §1681g(a)(1), which gives consumers the right to
19  see a copy of information contained in their "files."  *Gillespie v Trans Union Corp.* 482 F3d 907
20  (2007).  The term "file," as used in Section 1681g(a)(1), does not encompass all of information
21  retained by credit reporting agency in a consumer's file, but encompasses only that information that
22  "might be furnished, or has been furnished, in a consumer report on that consumer" by a consumer
23  reporting agency.  *Id.* at 909.

24  Because Plaintiffs were admittedly provided with the information they requested, and they do
25  not allege what specific information required under Section 1681g(a) was not provided to them, there
26  is no basis for a claim for violation of FCRA §1681g(a). Accordingly, Count II must be dismissed.

27
28


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1. **Plaintiffs Fail to Show Facts that NTN "Willfully" Violated 15 U.S.C. §1681g(a)**

Plaintiffs also fail to state any facts whatsoever to support their sweeping allegation that NTN "willfully" violated 15 U.S.C. §1681g(a).  A plaintiff may seek damages for a negligent violation of the FCRA under 15 U.S.C. §1681o and for willful violation of the FCRA under 15 U.S.C. §1681n. Because Plaintiffs seek recovery under Count II solely for willful violations, this defect is fatal to Count II and therefore it must be dismissed.

The U.S. Supreme Court has ruled that to prove a willful violation of the FCRA, a plaintiff must demonstrate that the consumer reporting agency either knowingly or recklessly acted in violating the Act.  *Safeco Ins. Co. of Am. v. Burr,* 551 U.S. 47, 52 (2007). As a matter of law, willfulness cannot be established by alleging or even proving that the defendant was acting based on an incorrect interpretation of the FCRA's requirements. *See Id.,* at 69. The Supreme Court stated in *Safeco* that "a company subject to FCRA does not act in reckless disregard of it unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Id*. Applying this standard in *Safeco*, the Supreme Court held that the defendant did not act willfully, although it was not in compliance with FCRA.

Here, Plaintiffs allege that NTN's conduct was willful and seek damages under 15 U.S.C 1681n. (Complaint ¶68).  However, such a conclusory allegation must be disregarded when evaluating the sufficiency of the pleadings. *See Ashcroft v. Iqbal* (2009) 556 U.S. 662.  Beyond this boilerplate assertion and other conclusory allegations contained in the Complaint, Plaintiffs fail to allege specific facts to show that NTN's conduct was willful.  Plaintiffs have solely alleged a "willful" violation as opposed to an alternative of a  negligent violation under 15 U.S.C. §1681o.  Since they fail to state facts showing "willful" conduct, Count II must be dismissed.

**D.     Count III For Violations Of FCRA §1681k(a) Should Be Dismissed**

1. **FCRA §1681k(a) Does Not Apply**

Count III is brought by plaintiff Harold Meyer ("Meyer") alone against NTN for alleged violation of FCRA §1681k(a). However, Section 1681k(a) by its terms does not apply to the

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4837-0351-6181.1                                      7                                3:13-cv-03187-JSC
DEFENDANT NATIONAL TENANT NETWORK, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES

1  circumstances of this case. Section 1681k(a) only applies to consumer reports furnished for

2  *employment purposes*. 15 U.S.C. § 1681k(a) states in relevant part:

> A consumer reporting agency which furnishes ***a consumer report for employment***
> ***purposes*** and which for that purpose compiles and reports items of information on
> consumers which are matters of public record and are likely to have an adverse effect
> upon a consumer's ability to obtain employment shall—
>
> (1) at the time such public record information is reported to the user of such consumer
> report, notify the consumer of the fact that public record information is being reported
> by the consumer reporting agency, together with the name and address of the person to
> whom such information is being reported; ***or***
>
> (2) maintain strict procedures designed to insure that whenever public record
> information which is likely to have an adverse effect on a consumer's ability to obtain
> employment is reported it is complete and up to date. For purposes of this paragraph,
> items of public record relating to arrests, indictments, convictions, suits, tax liens, and
> outstanding judgments shall be considered up to date if the current public record status
> of the item at the time of the report is reported.

12  15 U.S.C. §1681k(a) (emphasis added.)

13  The Applicant Screening Authorization Form, attached as Exhibit "A" to the Complaint,

14  which Plaintiffs allege NTN provided to Shorewood and Harold Meyer completed and signed, clearly

15  shows that the form was meant for tenant screening purposes and not for employment purposes.[1] The

16  form states:

> "I certify that the above information is correct and complete and hereby authorize you
> to make inquiries you feel necessary to ***evaluate my tenancy*** and credit standing
> including, but not limited to, a check of my credit. ***I understand that if I am denied***
> ***tenancy*** due to my credit standing, I have the right to dispute the accuracy or
> completeness of my information in the credit report."

20  Applicant Screening Authorization Form, Exhibit "A" to Complaint (emphasis added).

21  The form also has a section which is meant to be completed by the "Rental Owner," and a

22  section entitled "Monthly Rent for Unit."  (*See* Exhibit "A" to Complaint).  Because an exhibit to a

23  complaint is considered part of the complaint for all purposes per Fed. R. Civ. P. 10(c), it clear on the

24  face of the Complaint that the information which was to be provided by NTN to Shorewood was

_____

[1] NTN uses a different form for employment screening purposes.


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

DEFENDANT NATIONAL TENANT NETWORK, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES

1   meant for tenant screening purposes only and not for employment purposes.[2] Therefore, Section

2   1681k(a) does not apply here and there is no basis for a violation of Section 1681k(a).  As such, Count

3   III should be dismissed.

4       **2.**   **Plaintiff Fails to State a Claim Under 15 U.S.C. §1681k(a)**

5      Even if the Court determines that Section 1681k(a) applies, it should nevertheless dismiss

6   Count III for lack of sufficient facts to state a claim. As stated above, 15 U.S.C. §1681k(a) requires a

7   consumer reporting agency when furnishing a consumer report for employment purposes to ***either***

8   notify the consumer that a report is being provided to an employer ***or*** maintain strict procedures to

9   insure such reports are complete and up to date. 15 U.S.C. §1681k(a). Thus, to prevail on his Section

10  1681k(a) claim, Meyer must prove that NTN did neither. However, the Complaint incorrectly alleges

11  that a consumer reporting agency must satisfy both requirements in order to comply with the code.

12  (*See* Complaint ¶ 73).

13     The Section 1681k(a) violation alleged by Meyer is the alleged failing by NTN to provide

14  Meyer with a notice at the time that it was providing a consumer report about him. Besides the fact

15  that NTN was not required to provide Meyer with notice because NTN was furnishing a report for

16  tenant screening purposes, Meyer is incorrect in alleging that providing a notice is mandatory under

17  Section 1681k(a).  Meyer's cause of action fails because it does not make mention of or allege any

18  facts about the alternate way a consumer agency may comply with Section 1681k(a), *i.e.,* under

19  Section 1681k(a)(2).  The complaint fails to allege facts sufficient to establish that neither requirement

20  was satisfied. Plaintiff neglects to identify what information is missing from the reports so as to

21  allegedly render the report not "up to date" as required under §1681k(a)(2). Therefore, this count

22  should be dismissed.

23

24

25

26  _____

27  [2] In fact, Shorewood was not authorized to obtain employment screening reports from NTN.

28


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    **E.     Plaintiffs Fail To Allege Class Action Claims For Counts I and II**

2        **1.     Class Certification Is Properly Challenged By A Motion To Dismiss**

3    Pursuant to Federal Rules of Civil Procedure, Rule 23(c)(1)(A), a court must consider issues of

4    class certification "at an early practicable time after a person sues or is sued as a class representative."

5    Notably, Rule 23 does not require discovery or even a motion for class certification.  Accordingly, and

6    as the U.S. Supreme Court has recognized, the Court may properly address class certification based on

7    the face of the complaint alone.  *Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 160 (1982)

8    (holding that "sometimes [class certification] issues are plain enough from the pleadings").

9    Moreover, class certification can specifically be challenged by means of a Motion to Dismiss,

10   and class allegations can be dismissed if the proposed class cannot be certified as a matter of law.  A

11   "motion to deny class certification, having been brought prior to any discovery, should be construed

12   according to the same legal standards as a motion to dismiss under Rule 12."  *Walls v. Wells Fargo*

13   *Bank, N.A. (In re Wells),* 262 B.R. 519, 524 (E.D. Cal. 2001).

14   Since the gravamen of the class allegations involves alleged violations of the FCRA, by

15   necessity individual inquiry will predominate for purposes of ascertaining firstly who belongs in the

16   class.

17       **2.     Plaintiffs Complaint Fails To Plead The Necessary Elements For Class**
**Claims**

18

19   A court may certify a class if a plaintiff demonstrates that all of the prerequisites of Rule 23(a)

20   have been met, and that at least one of the requirements of Rule 23(b) have been met. *Valentino v.*

21   *Carter-Wallace, Inc.,* 97 F.3d 1227, 1234 (9th Cir. 1996).  Rule 23(a) requires that (1) the class be so

22   numerous that joinder of all members is impracticable, (2) questions of law or fact exist that are

23   common to the class, (3) the claims or defenses of the representative parties are typical of the claims

24   or defenses of the class, and (4) representative parties will fairly and adequately protect the interests of

25   the class.

26   Additionally, Rule 23(b) requires that either (1) there is risk of substantial prejudice from

27   separate actions; (2) that declaratory or injunctive relief benefiting the class as a whole would be

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  appropriate; or (3) that common questions of law or fact predominate and the class action is superior

2  to other available methods of adjudication.

3      "[A]lthough the Court may not require preliminary proof of the claim, it
       'need not blindly rely on conclusory allegations which parrot Rule 23
4      requirements.  Courts may also consider the legal and factual issues presented
       by Plaintiff's Complaint.'"

5

6  *Jordan v. Paul Financial, LLC, et al.,* U.S. Dist. LEXIS 7592, *8 (2009).

7      *See In re Am. Med Sys., Inc.,* 75 F.3d 1069, 1079 (6th Cir. 1996) (holding that mere repetition

8  of Rule 23(a) language is not sufficient).

9      Here, Plaintiffs fail to meet the  burden to establish the elements required for class certification

10 of Counts I and II.  Paragraphs 51-58 simply "parrot" Rule 23 requirements, without offering any

11 further particularity as to how those requirements are met with respect to the specific purported class.

12 In looking to those limited facts which are provided elsewhere in the Complaint, it is clear that

13 Plaintiff cannot satisfy the requisite elements for class certification for Counts I and II. Accordingly,

14 Counts I and II cannot be maintained as a nationwide class action.

15          **3.      The Proposed Classes Are Not Adequately Defined**

16              **(a)      The Class for Count I is not Adequately Defined**

17     Plaintiffs complaint defines Class for Count I as:

18      "All persons residing in the United States and its Territories who during the period
        beginning two (2) years prior to filing of the Complaint and continuing through the
19      date of the resolution of this case had a consumer report sold about them by NTN."

20     Where named plaintiffs fail to define class adequately, court need not proceed to full FRCP 23

21 analysis. *Edwards v.  McCormick,* 196 FRD 487 (2000, SD Ohio).  Definition of class should not be

22 so broad so as to include individuals who are without standing to maintain action on their own behalf.

23 *Clay v. American Tobacco Company,* 188 FRD 483(1999, SD Ill).  Additionally, where the proposed

24 class includes persons who were not injured in the same manner as Plaintiff, the proposed class is

25 overbroad. *Athanassios Diacakis v. Comcast Corp.,* 2013 U.S. Dist. LEXIS 64523 (2013), quoting

26 *Oshana v. Coca-Cola Co.,* 472 F.3d 506, 513-14 (2006). (*See also*, *Vigus v. Southern Illinois*

27 *Riverboat/Casino Cruises, Inc.,* 274 F.R.D. 229, 235, (2011, S.D. Ill.) denying certification on

28 ascertainability grounds, stating that "[w]here a class is overbroad and could include a substantial

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4837-0351-6181.1                                    11                              3:13-cv-03187-JSC
DEFENDANT NATIONAL TENANT NETWORK, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES

1   number of people who have no claim under the theory advanced by the named plaintiff, the class is

2   not sufficiently definite.")

3        Plaintiffs' proposed class definition for Count I is significantly overbroad in that it includes

4   every single person who received a consumer report sold about them by NTN, regardless of whether

5   there was an alleged FCRA violation, or whether the same form as that attached as Exhibit "A" to the

6   complaint was involved, or whether the potential class members have actual damages as opposed to

7   the statutory and punitive damages Plaintiffs are seeking.   In addition, as stated above, Section

8   1681(c) only applies "if adverse action against the consumer has been taken" based on the consumer

9   report. 15 U.S.C. § 1681e(c).  Here, the definition is so broad as to include all consumers regardless

10  of whether adverse action was taken against them on the basis of the report.

11       The proposed class definition is also broad and unascertainable because Plaintiffs' complaint is

12  based solely on their experience with Shorewood and Shorewood's representations to them about

13  NTN's alleged policies and procedures.  However, the proposed class definition does not limit itself to

14  those who dealt with Shorewood or had a similar experience with Shorewood as the user of the

15  consumer information, as opposed to the other users of the information across the Country.

16              **(b)        The Class for Count II is not Adequately Defined**

17       The proposed class definition for Count II is also broad and unascertainable.  The prosed class

18  for Count II is defined as:

19       "All persons residing in the United States and its Territories who during the period
         beginning two (2) years prior to filing of the Complaint and continuing through the
20       date of the resolution of this case had a consumer report sold about them by NTN and
         who received a letter substantially similar in form to the letter attached hereto as
21       Exhibit A, or written notice which directed the consumer to contact a secondary source
         of consumer information for consumer file information."

22

23       In addition to the reasons set forth for Count I above, the class definition for Count II is

24  inadequate for two other reasons.  First, the proposed class definition is inadequate because it includes

25  all persons who had a report sold about them by NTN, regardless of whether that person actually

26  received a copy of his or her report from NTN as requested, by way of letter similar to that attached as

27  Exhibit "A" to the Complaint.  As stated above, it is apparent on the face of Exhibit "A" that NTN

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4837-0351-6181.1                                          12                                   3:13-cv-03187-JSC
DEFENDANT NATIONAL TENANT NETWORK, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES

1   provided a copy of the report requested by Plaintiffs to Plaintiffs. See Exhibit "A" to Complaint.

2   Plaintiffs further allege that they "ultimately" received their reports.

3       A letter sent to purported class members "similar in form to the letter attached as Exhibit A"

4   would contain the same information provided to Plaintiffs, *i.e.,* copy of the report requested and

5   information about the sources of the information used in preparing the report as required by

6   §1681g(a)(2). Based on how the class is defined, the putative class cannot be ascertained without first

7   inquiring and investigating into each putative class member's request for information and determining

8   whether each letter sent to the class members in response to a request contained the "files" required to

9   be provided per 1681g(a).

10      Second, the class definition includes persons who received a letter which "directed the

11  consumer to contact a secondary source of consumer information for consumer file." As discussed

12  above, the letter attached as Exhibit "A" to the Complaint says no such thing. The letter informs

13  Plaintiffs of the source of information used in preparing the report as required by § 1681g(a)(2). Since

14  that is not a violation of FCRA 1681g(a), the definition for Count II is inadequate.

15              **4.      Plaintiffs Cannot Satisfy Any of Rule 23(b)'s Requirements**

16      In addition to Rule 23(a) prerequisites, Plaintiffs must also demonstrate that a class is

17  maintainable pursuant to Rule 23(b) which requires that either (1) there is risk of substantial prejudice

18  from separate actions; (2) that declaratory or injunctive relief benefiting the class as a whole would be

19  appropriate; or (3) that common questions of law or fact predominate and the class action is superior

20  to other available methods of adjudication.

21      Plaintiffs purported class action Counts are based on Rule 23(b)(3), *i.e.,* that common

22  questions of law and fact predominate and the class action is superior to other available methods of

23  adjudication. (Complaint ¶ 52). In evaluating predominance and superiority, the court must consider:

24  "(1) the extent and nature of any pending litigation commenced by or against the class involving the

25  same issues; (2) the interest of individuals within the class in controlling their own litigation; (3) the

26  convenience and desirability of concentrating the litigation in a particular forum; and (4) the

27  manageability of the class action." *Beck-Ellman v. Kaz USA, Inc.*, 283 F.R.D. 558 (2012); Rule

28  23(b)(3)(A)-(D).

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    Here, it is clear from the face of the Complaint that individualized issues will predominate and

2    defeat class certification and that a class action is not a superior method of adjudicating this matter.

3                   **(a)        There Is No Predominance of Common Questions of Law or Fact**

4    To satisfy the predominance requirement, "the issues in the class action that are subject to

5    generalized proof, and thus applicable to the class as a whole, must predominate over those issues that

6    are subject only to individualized proof. The predominance inquiry focuses on the legal or factual

7    questions that qualify each class member's case as a genuine controversy, and is far more demanding

8    than Rule 23(a)'s commonality requirement." *Santoro v. Aargon Agency, Inc.,* 252 F.R.D. 675 (2008)

9    quoting *Rutstein v. Avis Rent-A-Car Sys., Inc.,* 211 F.3d 1228, 1233 (11th Cir. 2000).

10    To determine whether common questions predominate, the Court must examine the cause of

11    action asserted in the complaint on behalf of the putative class and  consider what value the resolution

12    of the class-wide issue will have in each class member's underlying cause of action. *Rutstein,* at 1234.

13    Additionally, "where, after adjudication of the class-wide issues, plaintiffs must still introduce a great

14    deal of individualized proof or argue a number of individualized legal points to establish most or all of

15    the elements of their individual claims, such claims are not suitable for class certification under Rule

16    23(b)(3)."  *Klay v. Humana, Inc.,* 382 F.3d 1241, 1255 (11th Cir. 2004).

17    Here, individual issues predominate over common ones. With respect to Count I, Plaintiffs

18    allegations against NTN are based on their particular experience with Shorewood and the

19    representations Shorewood made to Plaintiffs.  Plaintiffs allege that they were told by Shorewood that

20    it was "NTN's uniform policy" to prohibit Shorewood from providing Plaintiffs with a copy of their

21    background reports. (Complaint ¶45).  There is are no allegations that this is indeed NTN's policy or

22    that NTN represented to Plaintiffs that it was their policy. Plaintiffs' experiences are undoubtedly

23    different than any other class member.

24    Additionally, because Section 1681e(c) applies only when "adverse action against the

25    consumer has been taken by the user," investigation of facts peculiar to each purported class member

26    would have to be undertaken to determine if adverse action was taken against the class member by a

27    user based in whole or in part on the report generated by NTN.  15 U.S.C. §1681e(c).  As such the

28    allegations in Count I do not meet the predominance requirement of Rule 23b(3).

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4837-0351-6181.1                                        14                                    3:13-cv-03187-JSC
DEFENDANT NATIONAL TENANT NETWORK, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES

1    With respect to Count II, as stated above, the class cannot be determined absent individual

2  inquiries into what the particular consumer requested and what was provided to the consumer by

3  NTN, in order to determine whether in each case §1681g(a) was violated.

4    Additionally, with respect to both Count I and Count II, the damages sought by Plaintiffs and

5  prospective class members will be substantially different such that no common issues of law and fact

6  predominate the classes defined for Count I and Count II.

7    **(b)    Class Action Is Not A Superior Method For Adjudication**

8    The superiority requirement of Rule 23(b)(3) requires Plaintiffs to demonstrate that class

9  action is the superior method for adjudicating this matter.  Rule 23(b)(3) sets out four factors for the

10  court to consider in making this determination: (1) the interest of members of the class in individually

11  controlling their claim, (2) other litigation already commenced by members of the class, (3) the

12  desirability or undesirability of concentrating the litigation of the claims in the particular forum, and

13  (4) the difficulties likely to be encountered in the management of a class action. Fed. R. Civ. P.

14  23(b)(3).

15    Because the FCRA provides sufficient motivation for adversely affected individuals to bring

16  suit and for attorneys to represent them, this matter is not appropriate for class action.   The FCRA

17  allows for the recovery of actual damages, including emotional distress damages, and such damages,

18  along with the statutory provision entitling a plaintiff to recover costs and attorney's fees, should

19  provide sufficient motivation for individual adversely affected plaintiffs to bring suit.  In fact, many

20  cases have held that a class action for violations of the FCRA is not a superior method of adjudication.

21    In *Campos v. ChoicePoint, Inc.,* 237 FRD 478 (2005, ND GA), plaintiffs filed a purported

22  class action based on a credit reporting agency's alleged violations of 15 USC §1681g(a)(1).  The

23  court held that the representative plaintiffs did not satisfy the superiority requirement of Fed. R. Civ.

24  P. 23(b)(3) because the FCRA provided sufficient motivation for adversely affected individuals to

25  bring suit and for attorneys to represent them. *Id*. at 490.  Furthermore, the FCRA  provided for

26  damages of between $100 to $1,000, and because of the number of potential class members, the credit

27  reporting agency's potential liability could have exceeded $1 billion which meant there was a

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   substantial danger that representative plaintiffs were attempting to obtain windfall based on minor or

2   technical violations of statute. *Id*., at 490.

3       Similarly in *In re Trans Union Corp. Privacy Litig.,* 211 FRD 328 (2002, ND Ill), the court

4   held that plaintiffs' claim for statutory damages under the FCRA could not be maintained as class

5   action under Fed. R. Civ. P. 23(b)(3) because no actual damages were alleged and prospective class of

6   approximately 190 million members could result in statutory minimum damages of over $19 billion,

7   which was grossly disproportionate to any actual damage caused by consumer reporting agency.

8       Finally, in *Grimes v. Rave Motion Pictures Birmingham, L.L.C*., 264 FRD 659 (ND Ala. 2010)

9   the court ruled that plaintiff had not met requirements of Fed. R. Civ. P. 23(b)(3) because since the

10  FCRA provided for award of attorney's fees and costs in addition to statutory damages, there was no

11  financial impediment for a person who alleged an FCRA violation from finding a good lawyer to

12  bring an individual claim.  The court also held that individual actions were not only feasible, but they

13  were much more manageable than class action would be, especially where there might be members in

14  many states. *Id*., at 669.  Therefore, the court ruled that class action was clearly not superior method

15  for fairly and efficiently adjudicating an alleged FCRA violation.

16      Here, just as the cases cited above, class action is not a superior method of adjudicating this

17  matter.  Plaintiffs have not alleged any actual damages for the class action counts.  They are only

18  seeking statutory and punitive damages.  Similar to plaintiffs in *Campos*, there is a substantial danger

19  that Plaintiffs will obtain a windfall based on minor or technical violations of the FCRA if this action

20  is allowed to proceed as a class action. Based on the above, class action is not the superior method of

21  adjudicating Counts I and II.

22      In light of the foregoing, NTN's motion to dismiss the class allegations should be granted,

23  without leave to amend.

24  ///

25  ///

26  ///

27  ///

28  ///

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4837-0351-6181.1                    16                    3:13-cv-03187-JSC
DEFENDANT NATIONAL TENANT NETWORK, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES

1   IV.     **CONCLUSION**

2          For the reasons set forth above, this motion should be granted in its entirety.

3   DATED: September 23, 2013                    LEWIS BRISBOIS BISGAARD & SMITH LLP

4                                        By:      /s/ Shahram Nassi

5                                              Pamela M. Ferguson
                                               Shahram Nassi
6                                              Michael K. Grimaldi
                                               Attorneys for Defendant
7                                              NATIONAL TENANT NETWORK, INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



| | |
|---|---|
| 1 | File No. NEW MATTER |

**CERTIFICATE OF SERVICE**
*Meyers v. National Tenant Network, Inc.*
USDC Northern District Case No. 3:13-CV-03187-JSC

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

At the time of service, I was over 18 years of age and not a party to the action.  My business address is 333 Bush Street, Suite 1100, San Francisco, California, 94104. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On September 23, 2013, I served the following document:

**DEFENDANT NATIONAL TENANT NETWORK, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6); MOTION TO STRIKE CLASS ALLEGATIONS; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

I served the document on the following persons at the following addresses (including fax numbers and email addresses, if applicable):

| | |
|---|---|
| Andrew J. Ogilvie, Esq.<br>Carol McLean Brewer, Esq.<br>Anderson, Ogilvie & Brewer LLP<br>235 Montgomery Street, Suite 914<br>San Francisco, CA  94104-3000<br>Tel:  415.651.1952<br>Fax: 415.500.8300<br>Email: andy@aoblawyers.com<br>         carol@aoblawyers.com<br>***Attorneys for Plaintiffs*** | David A. Searles, Esq.<br>Erin Amanda Novak, Esq.<br>James A. Francis, Esq.<br>Francis & Mailman P.C.<br>Land Title Building, 19th Floor<br>100 S. Broad Street<br>Philadelphia, PA  19110<br>Tel:  215.735.8600<br>Fax: 215.940.8000<br>Email: dsearles@consumerlawfirm.com<br>         enovak@consumerlawfirm.com<br>         jfrancis@consumerlawfirm.com<br>***Co-Counsel for Plaintiffs*** |

The document was served by the following means:

☒ The document was served by CM/ECF (excluding those not registered for CM/ECF who were served by mail, if applicable):

I declare under penalty of perjury under the laws of the United States of America and the State of California that the above is true and correct.

Dated:  September 23, 2013

_____/s/_____
B. Yasinah Johnson

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4837-0351-6181.1                                                                                    3:13-cv-03187-JSC
CERTIFICATE OF SERVICE