ANDREW J. OGILVIE (SBN 57932)
CAROL M. BREWER (SBN 214035)
ANDERSON, OGILVIE & BREWER LLP
235 Montgomery Street, Suite 914
San Francisco, California 94104-3000
Telephone: (415) 651-1952
Facsimile: (415) 500-8300
andy@aoblawyers.com
carol@aoblawyers.com

James A. Francis – *Pro Hac Vice*
John Soumilas – *Pro Hac Vice* forthcoming
David A. Searles – *Pro Hac Vice*
**FRANCIS & MAILMAN, P.C.**
Land Title Building, 19th Floor
100 S. Broad Street
Philadelphia, Pennsylvania 19110
Telephone: (215) 735-8600
Facsimile: (215) 940-8000
jfrancis@consumerlawfirm.com
jsoumilas@consumerlawfirm.com
dsearles@consumerlawfirm.com

*Attorneys for Plaintiffs Harold and Phyllis Meyer and the Class*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **HAROLD MEYER and PHYLLIS MEYER**  Plaintiffs,  v.  **NATIONAL TENANT NETWORK, INC.**  Defendant. | C.A. NO: 3:13-CV-03187-JSC  **AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §§ 1681** *et seq.*,  **JURY TRIAL DEMANDED** |

1

**PRELIMINARY STATEMENT**

1. This is a consumer class action based upon Defendant's widespread violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 – 1681x ("FCRA"). Specifically, this case arises out of Defendant National Tenant Network's ("NTN") reporting of grossly inaccurate and highly derogatory information about consumers and its systemic practice of stonewalling consumers from receiving a copy of, or even knowing about, the potentially inaccurate and/or damaging information being sold about them to third parties.

2. NTN compiles, maintains and sells to potential landlords, employers and other third parties certain reports containing select information about individual consumers' credit history, tenant history, criminal history, reputation, mode of living and other personal identifying information.

3. NTN knows that these reports it sells from its database(s) are expected to be used, and are in fact used, in connection with eligibility determinations for residential rental and employment opportunities. NTN thus functions as a consumer reporting agency ("CRA") under the FCRA.

4. Nevertheless, and to its unfair financial and competitive advantage, NTN employs company-wide practices that fail to comply with several provisions of the FCRA, specifically those sections concerning: (a) the prohibition against restricting users of a CRA's reports from sharing the contents of the reports with consumers; and (b) a CRA's obligations to disclose all information it maintains about a consumer to that consumer upon request. 15 U.S.C. §§ 1681e(c) and 1681g.

5. As a result, NTN operates in the shadows, selling information and background reports about consumers and requiring that the background reports "be kept in the strictest confidence" and that the background reports "*must not be disclosed to the consumer*" by the companies that make employment and

1 residential tenancy decisions based upon such information and reports. (Emphasis
2 added). NTN's company-wide operations deprive consumers of the rights
3 afforded to them by the FCRA to obtain a copy of the reports it sells about them,
4 to dispute (and to have corrected) any inaccurate or incomplete information that
5 the Defendant is reporting, and to require that the NTN only report information
6 that adheres to the FCRA standard of maximum possible accuracy.

## JURISDICTION AND VENUE

7  6. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7. Venue lies properly in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

8. Plaintiffs Harold and Phyllis Meyer are adult individuals who reside in Yucca Valley, California. At all times relevant hereto, each Plaintiff was a "consumer" as that term is defined by section 1681a(c) of the FCRA.

9. Defendant National Tenant Network, Inc. ("NTN") is a consumer reporting agency that regularly conducts business in the Northern District of California and which has a place of business located at 525 Southwest First Street, Suite 105, Lake Oswego, Oregon 97034.

## FACTUAL ALLEGATIONS

**A. NTN's Uniform Policies And Procedures Designed To Prevent Consumers From Obtaining All Information In Their Files Upon Request**

10. NTN is a consumer reporting agency that for a fee regularly prepares and furnishes consumer credit and criminal information in reports to third parties. 15 U.S.C. § 1681a(f).

11. These reports, herein referred to as background reports, are consumer reports as they include information bearing on a consumer's character, general

reputation, personal characteristics and mode of living and are used for employment and residential leasing purposes. 15 U.S.C. § 1681a(d).

12. NTN is regulated by the FCRA, which has a stated purpose of insuring "that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(4).

13. In furtherance of that goal, the FCRA mandates that each CRA provide consumers with access to the information sold about them to third parties and also provide consumers with an opportunity to review and dispute any inaccuracies in their consumer files and reports. 15 U.S.C. §§ 1681e(c).

14. Specifically, a CRA is required by the FCRA to provide consumers with all information the CRA has about them upon request. 15 U.S.C. § 1681g(a)(1).

15. A CRA also "may not prohibit a user of a consumer report furnished by the agency on a consumer from disclosing the contents of the report to the consumer, if adverse action against the consumer has been taken by the user based in whole or in part on the report." 15 U.S.C. § 1681e(c).

16. Nonetheless, and despite the clear statutory language above, NTN commonly fails to provide consumers with complete copies of all of the consumer information it maintains and reports about them and further employs policies and procedures specifically requiring its users to destroy and otherwise keep the consumer reports from the consumer about whom they relate.

17. NTN issues form letters to consumers which direct them to obtain their consumer information from other CRAs instead of providing all information it maintains about a consumer as required by the FCRA.

18. Further, NTN employs policies and procedures which require the users of its reports to destroy the reports or otherwise prohibit the disclosure of the

4

reports to consumers, specifically including in its Applicant Screening Authorization Form the directive: "Reports must be kept in the strictest of confidence and *must not* be disclosed to the applicant." (Emphasis added). See Exhibit A attached hereto.

19. NTN's Applicant Screening Authorization Form is a standardized form which Defendant requires all users of its reports provide to consumers prior to the sale of consumer information about them.

20. As a result, NTN compiles and sells for profit information about consumers without consequences for its failure to report accurately or fairly about consumers. Since NTN has a policy to refuse to provide reports directly to consumers, and further has a policy to prohibit such disclosure through its users, consumers remain utterly in the dark about what information NTN reports about them and the harm it causes them in obtaining potential and existing residential rental and employment opportunities.

21. A consumer may never discover when or if NTN reports inaccurate information about them. NTN has created the above set of policies and procedures to ensure that the consumer will never know what inaccurate information has been reported about them, effectively precluding consumers from disputing and correcting the potentially harmful inaccurate information.

22. NTN's unchecked and clandestine sale of consumer information is not accidental, nor a result of simple negligence, but is instead a result of deliberately designed policies and procedures intended to keep consumers in the dark about the incomplete and inaccurate information Defendant sells about them. NTN created this system so that it will not have to contend with consumer communications and disputes about the quality or accuracy of its reports.

**B.      The Experience Of The Representative Plaintiffs**

23.    In or around September 2012, Plaintiffs applied for jobs as assistant resident managers at Shorewood, Inc. d/b/a Shorewood RV Park ("Shorewood"). Shorewood is a recreational vehicle park and Plaintiffs would both work and live within the park.

24.    Based upon information and belief, Shorewood RV Park is operated and managed by Mountaindale Property Management, Inc. ("Mountaindale"), a company that regularly engages in property management.

25.    At all times pertinent hereto, Mountaindale was operating as an agent of Shorewood and is referred to herein collectively and interchangeably as "Shorewood."

26.    Plaintiffs signed a "compensation agreement" employment contract with Shorewood on or about September 14, 2012.

27.    Plaintiffs were hired, pending a background check, and sent correspondence "WELCOM[ING] [THEM] TO THE SHOREWOOD RV PARK TEAM!" on September 14, 2012.

28.    In connection with their employment offer, Shorewood required that Plaintiffs each submit to a background check.

29.    Shorewood requested from NTN, and NTN sold to Shorewood, consumer reports concerning the Plaintiffs, on or around September 14, 2012.

30.    The reports furnished by NTN were at least in part for employment purposes, namely Plaintiffs' positions as assistant resident managers at the park.

31.    The consumer report sold by NTN about Plaintiff Harold Meyer contained information which was a matter of public record likely to have an adverse effect upon Plaintiff Harold Meyer's ability to obtain employment generally, and specifically with Shorewood.

32.    Specifically, NTN improperly reported false, derogatory and

1 inaccurate statements and information relating to Plaintiff Harold Meyer and his
2 criminal history and record to third parties.

3     33. The inaccurate information includes, but is not limited to, three
4 criminal sex offense records. These records appear on the consumer report NTN
5 sold about Plaintiff Harold Meyer to Shorewood as follows: "VIOLENT SEX
6 OFFENDER FAIL TO REGISTER;" "SEXUAL BATTERY;" and
7 "AGGRAVATED ORAL SEXUAL BATTERY."

8     34. The inaccurate information grossly disparages Plaintiff Harold Meyer
9 and portrays him as a serial criminal and a sex offender, which he is not. There is
10 perhaps no greater inaccuracy that a consumer reporting agency can report. The
11 inaccurate information consists of incorrect statements which misrepresent his
12 criminal history as well as incorrect personal identifying information.

13     35. The derogatory inaccuracies appear to be caused by NTN mixing
14 Plaintiff *Harold Charles* Meyer's consumer report with that of *Charles Otis*
15 Meyer and several other individuals with similar names. Any rudimentary cross-
16 referencing procedure, matching criteria, or inspection of the data would have
17 revealed the inaccuracies and inconsistencies in the data. NTN failed to employ
18 reasonable procedures to ensure that the public record information was complete
19 and up to date, which would have prevented the inaccurate reporting.

20     36. In creating and furnishing Plaintiff Harold Meyer's consumer report,
21 NTN failed to follow reasonable procedures to assure the maximum possible
22 accuracy of the information it reported about him. For example, NTN allowed
23 and/or used very loose matching criteria to determine whether to include
24 information pertaining to a stranger, with a different name, social security number
25 and date of birth, and living at a different address, within Harold Meyer's
26 consumer report.

27     37. Harold Meyer received no notification from NTN that derogatory

1 public record information had been reported about him, and NTN did not notify him of the name and address of the entity or person to whom such information was reported, despite its loose matching criteria and the notice requirements of 15 U.S.C. § 1681k(a)(1).

38. Upon information and belief, NTN never sent any notice to Plaintiff at the time it furnished a consumer report to Shorewood about Harold Meyer for employment purposes, which contained derogatory public record information about him, as required by 15 U.S.C. § 1681k(a)(1).

39. Additionally, NTN does not maintain strict procedures designed to ensure that such derogatory public record information is complete and up to date, as required by 15 U.S.C. § 1681k(a)(2). If NTN had maintained such procedures it would not have falsely reported three sex offender records belonging to other individuals on Plaintiff Harold Meyer's consumer report.

40. Plaintiffs were thus denied employment as assistant residential managers and denied an opportunity to reside at Shorewood on or about September 15, 2012. Plaintiffs thus suffered adverse action as a result of NTN's report. Plaintiffs were specifically told that a substantial factor for the denial, and the reason they would not be able to work or live at Shorewood, was that Mr. Meyer was identified as a "pedophile" in the NTN background check.

41. In an effort to redress the foregoing, Plaintiffs made numerous requests for copies of their files from NTN and NTN has repeatedly failed to provide these files to Plaintiffs. Specifically, Plaintiffs telephoned and orally requested from NTN copies of their files in late September or early October 2012, soon after being denied employment at Sherwood. Plaintiff separately requested their files from NTN in early December 2012. NTN never provided Plaintiffs with copies of their files in response to any of these requests.

42. CRAs such as NTN have an obligation to provide to a consumer "all information in that consumer's file at the time of request."  15 U.S.C. § 1681g(a)(1).  Nonetheless, NTN provided nothing.

43. Later in December 2012, Plaintiffs requested their NTN files through their attorney.  In response to that written request, NTN, in an undated letter, directed Plaintiffs "[t]o access the actual credit report the applicant may go directly to Experian at http://www.experian.com/," in clear violation of its requirements under 15 U.S.C. §1681g(a)(1) to provide *all* information to Plaintiffs.  *See* Exhibit B hereto.

44. With that undated letter sent to Plaintiffs sometime in December 2012, NTN included only two pages of Mr. Meyer's background report.  The two page document disclosed no information about the sex offender criminal records or the credit history records that NTN had, in fact, furnished to Sherwood in September 2012.

45. Again through their attorney, Plaintiffs sought a copy of the complete background check report, this time from Shorewood in or about December 2012.

46. A CRA may not prohibit a user of a consumer report from disclosing the contents of that report to the consumer.  15 U.S.C. § 1681e(c).

47. Nevertheless, in response to Plaintiffs' request for copies of their complete reports, Shorewood sent correspondence to Plaintiffs dated January 4, 2013 stating that Plaintiffs had executed a standard NTN applicant screening authorization form which, pursuant to NTN's uniform policy, prohibited Shorewood from providing the background reports to Plaintiffs.  *See* Exhibit A.  Pursuant to this policy Shorewood stated that it had destroyed the background reports at issue.

48. Upon further inquiry by their attorney, Plaintiffs were eventually provided a copy of their NTN background reports from Shorewood.  Plaintiffs

9

1 never received complete copies of their consumer files or reports from NTN, despite their numerous requests and numerous requests through their counsel.

49. As of result of Defendant's conduct, Plaintiffs have suffered actual damages in the form of lost employment and rental opportunities, harm to reputation, and emotional distress, including humiliation and embarrassment.

50. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

51. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal law and the rights of the Plaintiffs herein.

## CLASS ACTION ALLEGATIONS

52. Plaintiffs bring this action on behalf of the following Classes:

(a) For NTN's violations of FCRA § 1681e(c): All persons residing in the United States and its Territories who during the period beginning two (2) years prior to the filing of this Complaint and continuing through the date of the resolution of this case had a consumer report sold about them by NTN.

(b) For NTN's violations of FCRA § 1681g(a): All persons residing in the United States and its Territories who during the period beginning two (2) years prior to the filing of this Complaint and continuing through the date of the resolution of this case had a consumer report sold about them by NTN and who received a letter substantially similar in form to the letter attached hereto as Exhibit A, or written notice which directed

1   the consumer to contact a secondary source of consumer information for
2   consumer file information.

3   53.   The Classes are so numerous that joinder of all members is
4   impracticable. Although the precise number of Class members is known only to
5   NTN, Plaintiffs aver upon information and belief that the Classes number in the
6   hundreds, if not thousands.

7   54.   There are questions of law and fact common to the Classes that
8   predominate over any questions affecting only individual Class members. The
9   principal questions concern whether the NTN willfully and/or negligently violated
10  the FCRA by failing to provide consumers with access to all information
11  contained in their consumer files, as well as whether the NTN prohibited users of
12  its information from disclosing that information to the consumer him or herself.

13  55.   Plaintiffs' claims are typical of the claims of the Classes, which all
14  arise from the same operative facts and are based on the same legal theories.

15  56.   Plaintiffs will fairly and adequately protect the interests of the
16  Classes. Plaintiffs are committed to vigorously litigating this matter. Further,
17  Plaintiffs have secured counsel experienced in handling consumer class actions.
18  Neither Plaintiffs nor their counsel have any interests which might cause them not
19  to vigorously pursue this claim.

20  57.   This action should be maintained as a class action because the
21  prosecution of separate actions by individual members of the Classes would create
22  a risk of inconsistent or varying adjudications with respect to individual members
23  which would establish incompatible standards of conduct for the parties opposing
24  the Classes, as well as a risk of adjudications with respect to individual members
25  which would as a practical matter be dispositive of the interests of other members
26  not parties to the adjudications or substantially impair or impede their ability to
27  protect their interests.

58. Whether NTN violated the FCRA can be easily determined by NTN's policies and a ministerial inspection of NTN's business records.

59. Questions of law or fact common to members of the Classes predominate over any questions affecting only individual members.

60. A class action is a superior method for the fair and efficient adjudication of this controversy. Management of the Classes' claims is likely to present significantly fewer difficulties than those presented in many individual claims. The identities of the Class members may be derived from NTN's records.

## CLAIMS FOR RELIEF

### COUNT I - VIOLATIONS OF FCRA § 1681e(c)

### (PLAINTIFFS AND THE CLASS V. NTN)

61. Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

62. At all times pertinent hereto, NTN was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

63. At all times pertinent hereto, the Plaintiffs were each a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

64. At all times pertinent hereto, the above-mentioned background reports, background checks and consumer reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

65. Pursuant to section 1681n of the FCRA, NTN is liable for willfully prohibiting users of its consumer reports from disclosing the contents of those reports to the consumer about whom the report relates, in violation of 15 U.S.C. § 1681e(c).

WHEREFORE, Plaintiffs respectfully pray that an order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiffs and their counsel to represent the Class; that

judgment be entered in favor of Plaintiffs and the Class against NTN for statutory and punitive damages for violation of 15 U.S.C. §1681e(c), pursuant to 15 U.S.C. § 1681n; that the Court award costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n; and that the Court grant such other and further relief as may be just and proper.

## COUNT II - VIOLATIONS OF FCRA § 1681g(a)
### (PLAINTIFFS AND THE CLASS V. NTN)

66. Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

67. At all times pertinent hereto, NTN was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

68. At all times pertinent hereto, the Plaintiffs were each a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

69. At all times pertinent hereto, the above-mentioned background reports, background checks and consumer reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

70. Pursuant to section 1681n of the FCRA, NTN is liable for willfully failing to provide to consumers upon request all information in that consumer's file, in violation of 15 U.S.C. § 1681g(a).

WHEREFORE, Plaintiffs respectfully pray that an order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiffs and their counsel to represent the Class; that judgment be entered for Plaintiffs and the Class against NTN for statutory and punitive damages for violation of 15 U.S.C. §1681g(a), pursuant to 15 U.S.C. § 1681n; that the Court award costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n; and that the Court grant such other and further relief as may be just and proper.

### COUNT III - VIOLATIONS OF FCRA § 1681k(a)
### (HAROLD MEYER V. NTN)

71. Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

72. At all times pertinent hereto, NTN was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

73. At all times pertinent hereto, the Plaintiffs were each a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

74. At all times pertinent hereto, the above-mentioned background reports, background checks and consumer reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

75. Pursuant to sections 1681n and 1681o of the FCRA, NTN is liable for negligently and willfully failing to provide Harold Meyer with notice at the time that it was selling adverse public records about him, and the source of such information and by failing to maintain strict procedures to insure that adverse public records information it reports is complete and up to date, in violation of 15 U.S.C. § 1681k(a).

WHEREFORE, Plaintiffs respectfully pray that judgment be entered for Harold Meyer against NTN for statutory, actual and punitive damages for violation of 15 U.S.C. §1681k(a), pursuant to 15 U.S.C. §§ 1681n and 1681o; that the Court award costs and reasonable attorney's fees, pursuant to 15 U.S.C. §§ 1681n and 1681o; and that the Court grant such other and further relief as may be just and proper.

### COUNT IV - VIOLATIONS OF FCRA § 1681e(b)
### (HAROLD MEYER V. NTN)

76. Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

77. At all times pertinent hereto, NTN was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

78. At all times pertinent hereto, Plaintiff Harold Meyer was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

79. At all times pertinent hereto, the above-mentioned background reports, background checks and consumer reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

80. Pursuant to sections 1681n and 1681o of the FCRA, NTN is liable to Plaintiff Harold Meyer for negligently and willfully failing to maintain reasonable procedures to assure the maximum possible accuracy of the consumer reports it sold to Shorewood, in violation of 15 U.S.C. § 1681e(b).

WHEREFORE, Plaintiffs respectfully pray that judgment be entered for Harold Meyer against NTN for statutory, actual and punitive damages for violation of 15 U.S.C. §1681e(b), pursuant to 15 U.S.C. §§ 1681n and 1681o; that the Court award costs and reasonable attorney's fees, pursuant to 15 U.S.C. §§ 1681n and 1681o; and that the Court grant such other and further relief as may be just and proper.

Respectfully submitted,
**FRANCIS & MAILMAN, P.C.**

*s/ James A. Francis*
James A. Francis
John Soumilas
David A. Searles
Land Title Building, 19th Floor
100 S. Broad Street
Philadelphia, Pennsylvania 19110
Telephone: (215) 735-8600
Facsimile: (215) 940-8000
jfrancis@consumerlawfirm.com
jsoumilas@consumerlawfirm.com
dsearles@consumerlawfirm.com

|   |   |
|---|---|
| 1 | ANDREW J. OGILVIE (SBN 57932) |
| 2 | CAROL M. BREWER (SBN 214035) |
|   | ANDERSON, OGILVIE & BREWER LLP |
| 3 | 235 Montgomery Street, Suite 914 |
| 4 | San Francisco, California 94104-3000 |
| 5 | Telephone: (415) 651-1952 |
|   | Facsimile: (415) 500-8300 |
| 6 | andy@aoblawyers.com |
| 7 | carol@aoblawyers.com |

***Attorney for Plaintiffs and the Class***

Dated: October 7, 2013

James A. Francis, Esquire
jfrancis@consumerlawfirm.com
**FRANCIS & MAILMAN, P.C.**
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA  19110
Telephone:  (215) 735-8600
Facsimile:   (215) 940-8000

*Attorneys for Plaintiffs Harold and Phyllis Meyer and the Class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HAROLD MEYER and PHYLLIS MEYER**,<br><br>    Plaintiffs,<br><br>v.<br><br>**NATIONAL TENANT NETWORK, INC.**<br><br>    Defendant. | **CASE NO. 3:13-CV-03187-JSC**<br><br>**CERTIFICATE OF SERVICE** |

I, James A. Francis, declare I am a citizen of the United States and employed in Philadelphia, Pennsylvania.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 100 South Broad Street, Philadelphia, PA 19110.  On **October 7, 2013**, I served, by ECF Filing, a copy of following documents upon counsel of record:

**PLAINTIFFS' AMENDED COMPLAINT**

17

The above documents were served upon:

Pamela M. Ferguson, Esquire
Shahram Nassi, Esquire
LEWIS BRISBOIS BISGAARD & SMITH, LLP
333 Bush Street, Suite 1100
San Francisco, CA 94104

Michael K. Grimaldi, Esquire
LEWIS BRISBOIS BISGAARD & SMITH, LLP
221 North Figueroa Street, Suite 1200
Los Angeles, CA 90012

*Attorneys for Defendant*
.

Executed on **October 7, 2013**, at Philadelphia, PA.

                                  _/s/James A. Francis_
                                  JAMES A. FRANCIS