1  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   PAMELA M. FERGUSON, SB# 202587
2      Email: Pamela.Ferguson@lewisbrisbois.com
   SHAHRAM NASSI, SB# 239812
3      Email: Shahram.Nassi@lewisbrisbois.com
   333 Bush Street, Suite 1100
4  San Francisco, California 94104-2872
   Telephone: 415.362.2580
5  Facsimile:  415.434.0882

6  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   MICHAEL K. GRIMALDI, SB# 280939
7      Email: Michael.Grimaldi@lewisbrisbois.com
   221 North Figueroa Street, Suite 1200
8  Los Angeles, California 90012
   Telephone:  213.250.1800
9  Facsimile:  213.250.7900

10 Attorneys for Defendant NATIONAL TENANT NETWORK, INC.

11             UNITED STATES DISTRICT COURT

12     NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

13 HAROLD MEYER and PHYLLIS MEYER,          CASE NO. 3:13-CV-03187-JSC

14             Plaintiffs,                  **DEFENDANT  NATIONAL  TENANT
                                            NETWORK, INC.'S NOTICE OF MOTION**
15         vs.                              **AND MOTION TO DISMISS AMENDED
                                            CLASS ACTION COMPLAINT PURSUANT**
16 NATIONAL TENANT NETWORK, INC.,           **TO   FEDERAL   RULES   OF   CIVIL
                                            PROCEDURE   12(b)(6);   MOTION   TO**
17             Defendant.                   **STRIKE  CLASS  ALLEGATIONS;  AND
                                            MEMORANDUM   OF   POINTS   AND**
18                                          **AUTHORITIES IN SUPPORT THEREOF**

19                                          **Date:    December 12, 2013-**
                                            **Time:    9:00 a.m.**
20                                          **Crtrm:  F, 15th Floor**
                                            **Judge:   The Hon. Jacqueline Scott Corley**
21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**TO ALL PARTIES HEREIN AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on **December 12, 2013**, at 9:00 a.m., at the United States District Court, Northern District, San Francisco Division, in Courtroom F, located at 450 Golden Gate, 15th Floor, San Francisco, California, Defendant, National Tenant Network, Inc. ("NTN"), will and hereby does move this Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), for an order dismissing Plaintiffs' Amended Class Action Complaint on the following grounds:

1.  Plaintiffs First Count for Violation of FCRA, 15 U.S.C. §1681e(c) fails to state a claim upon which relief may be granted;

2.  Plaintiffs' Second Count for Violations of FCRA, 15 U.S.C. § 1681g(a) fails to state a claim upon which relief may be granted; and

3.  Plaintiff Harold Meyer's Third Count for Violations of FCRA, 15 U.S.C. §1681k(a) fails to state a claim upon which relief may be granted.

Further, defendant NTN will and hereby does move this Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), for an order dismissing Plaintiffs' class action allegations with respect to Count I and Count II of the complaint on the grounds that the class claims do not meet the criteria established under Federal Rule of Civil Procedure, Rule 23 and therefore Count I and Count II fail to state any class claims upon which relief may be granted and the class allegations should be stricken.

This Motion will be based on this Notice, the within Memorandum of Points and Authorities in support thereof, the accompanying Request for Judicial Notice, and any other oral argument as may be permitted at the hearing of this matter.

DATED: October 21, 2013                    LEWIS BRISBOIS BISGAARD & SMITH LLP


                                           By:  _____/s/ Shahram Nassi_____
                                                Pamela M. Ferguson
                                                Shahram Nassi
                                                Michael K. Grimaldi
                                                Attorneys for Defendant
                                                NATIONAL TENANT NETWORK, INC.

# TABLE OF CONTENTS

Page

I.   INTRODUCTION ................................................................................................. 1

II.  SUMMARY OF FACTS & ALLEGATIONS ..................................................... 2

III. LEGAL ARGUMENT ........................................................................................ 3

    A.   STANDARD FOR MOTION TO DISMISS UNDER RULE 12(B)(6) .............. 3

    B.   Count I For Violations Of FCRA §1681e(c) Fails To State A Claim ................ 5

    C.   Count II For Violations Of FCRA § 1681g(a) Fails to State A Claim ............... 6

        1.   Plaintiffs Fail to Show Facts that NTN "Willfully" Violated 15 U.S.C. §1681g(a) ............................................................................ 7

    D.   Count III For Violations Of FCRA §1681k(a) Should Be Dismissed ............... 8

        1.   FCRA §1681k(a) Does Not Apply ................................................................ 8

        2.   Plaintiff Fails to State a Claim Under 15 U.S.C. §1681k(a) ..................... 9

    E.   Plaintiffs Fail To Allege Class Action Claims For Counts I and II ................. 10

        1.   Class Certification Is Properly Challenged By A Motion To Dismiss ...................................................................................................... 10

        2.   Plaintiffs Complaint Fails To Plead The Necessary Elements For Class Claims ......................................................................................... 11

        3.   The Proposed Classes Are Not Adequately Defined .............................. 12

            (a)   The Class for Count I Is Not Adequately Defined....................12

            (b)   The Class for Count II Is Not Adequately Defined ..................13

        4.   Plaintiffs Cannot Satisfy Any of Rule 23(b)'s Requirements ................ 14

            (a)   There Is No Predominance of Common Questions of Law or Fact ............       ……………………………..………14

            (b)   Class Action Is Not A Superior Method For Adjudication ........... …………………………………16

IV.  CONCLUSION................................................................................................... 18

NTN'S NOTICE OF MOTION AND MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

**TABLE OF AUTHORITIES**

2

Page

3

<u>CASES</u>

4

*Ashcroft v. Iqbal*
 556 U.S. 662 (2009) ................................................................... 4, 8

5

6

*Athanassios Diacakis v. Comcast Corp.*
 U.S. Dist. LEXIS 64523 (2013) ...................................................... 12

7

*Balistreri v. Pacifica Police Dept.*
 901 F.2d 696, 699 (9th Cir. 1988) ................................................... 3

8

9

*Beck-Ellman v. Kaz USA, Inc.*
 283 F.R.D. 558 (2012) ................................................................... 14

10

*Bell Atl. Corp. v. Twombly*
 550 U.S. 544, 555 (2007) ............................................................... 4

11

12

*Cahill v. Liberty Mut. Ins. Co.*
 80 F.3d 336 (9th Cir. 1996) ............................................................ 3

13

*Campos v. ChoicePoint, Inc.*
 237 FRD 478 (2005 ND GA) ..................................................... 16, 17

14

15

*Clay v. American Tobacco Company*
 188 FRD 483(1999, SD Ill) ............................................................ 12

16

*Conley v. Gibson*
 355 U.S. 41 (1957) ........................................................................ 3

17

18

*Durning v. First Boston Corp*
 815 F.2d 1265 (9th Cir. 1987) ........................................................ 4

19

*Edwards v. McCormick*
 196 FRD 487 (2000, SD Ohio) ...................................................... 12

20

21

*Ellingson v. Burlington Northern Inc.*
 653 F.2d 1327 (1981) ..................................................................... 4

22

*Forman v. Data Transfer*
 164 F.R.D. 400 (E.D. Pa. 1995) .................................................... 12

23

24

*Gen. Tel. Co. of the Southwest v. Falcon*
 457 U.S. 147 (1982) ..................................................................... 10

25

*Gillespie v Trans Union Corp.*
 482 F3d 907 (2007) ........................................................................ 7

26

27

*Grimes v. Rave Motion Pictures Birmingham, L.L.C.*
 264 FRD 659 (2010, ND Ala) ........................................................ 17

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   *In re Am. Med Sys., Inc.*
        75 F.3d 1069, 1079 (6th Cir. 1996)....................................................................... 11
2
    *In re Trans Union Corp. Privacy Litig.*
3       211 FRD 328 (2002, ND Ill) .............................................................................. 16
4   *Jablon v. Dean Witter & Co.*
        614 F.2d 677 (9th Cir. 1980) .............................................................................. 4
5
    *Jordan v. Paul Financial, LLC, et al.*
6       U.S. Dist. LEXIS 7592, *8 (2009) ....................................................................... 11
7   *King County v. Merrill Lynch & Co*
        U.S. Dist. LEXIS 87715 (2012), *quoting Reddy v. Litton Indus., Inc.* (1990) 912 F.2d 291...4, 6
8
    *Klay v. Humana, Inc.*
9       382 F.3d 1241 (11th Cir. 2004) ........................................................................... 15
10  *Mazza v. Am. Honda Motor Co.*
        666 F.3d 581 (2012) .......................................................................................... 11
11
    *Navarro v. Block*
12      250 F.3d 729 (9th Cir. 2001) ............................................................................... 3
13  *Oshana v. Coca-Cola Co.*
        472 F.3d 506, 513-14 (2006) .............................................................................. 12
14
    *Rutstein v. Avis Rent-A-Car Sys., Inc.*
15      211 F.3d 1228 (11th Cir. 2000) ........................................................................... 15
16  *Safeco Ins. Co. of Am. v. Burr*
        551 U.S. 47 (2007) ......................................................................................... 7, 8
17
    *Santoro v. Aargon Agency, Inc.*
18      252 F.R.D. 675 (2008) ....................................................................................... 15
19  *Sprewell v. Golden State Warriors*
        266 F.3d 979 (9th Cir. 2001) ............................................................................... 4
20
    *Sumner Peck Ranch v. Bureau of Reclamation*
21      823 F. Supp. 715 (E.D. Cal. 1993) ...................................................................... 4
22  *Valentino v. Carter-Wallace, Inc.*
        97 F.3d 1227  (9th Cir. 1996)............................................................................. 11
23
    *Van Winkle v. Allstate Ins. Co.*
24      290 F. Supp. 2d 1158 (C.D. Cal. 2003) ............................................................... 4
25  *Vigus v. Southern Illinois Riverboat/Casino Cruises, Inc.*
        274 F.R.D. 229, 235, (2011, S.D. Ill.) ................................................................. 12
26
    *Walls v. Wells Fargo Bank, N.A. (In re Wells)*
27      262 B.R. 519, 524 (E.D. Cal. 2001) .................................................................... 10
28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

*Wal-Mart Stores, Inc. v. Dukes*
    131 S. Ct. 2541 (2011) ................................................................................. 11

*Warren v. Fox Family Worldwide, Inc.*
    328 F.3d 1136 (9th Cir. 2003) ......................................................................... 4

## STATUTES

15 United States Code §1681 ............................................................................. passim
15 United States Code §1681n ........................................................................... 7, 8
15 United States Cide §1681k(a) ............................................................... 2, 8, 9, 10
15 United States Code §1681(a)(1) ...................................................................... 2
15 United States Code §1681(b) ......................................................................... 2
15 United States Code §1681(c) ..................................................................... 1, 12
15 United States Code §1681c .......................................................................... 2
15 United States Code §1681e ...................................................................... 1, 2, 5
15 United States Code §1681e(c) .......................................................... 5, 6, 12, 15
15 United States Code §1681g ........................................................................ passim
15 United States Code §1681g(a) ........................................................ 6, 7, 14, 15
15 United States Code §1681g(a)(1) .............................................................. 7, 16
15 United States Code §1681g(a)(2) ............................................................... 6, 13
15 United States Code §1681h ....................................................................... 2, 6
15 United States Code §1681k ........................................................................ passim
15 United States Code §1681k(a)(2) ............................................................... 10
15 United States Code §1981 ........................................................................... 1

## RULES

Federal Rules of Civil Procedure, Rule 10(c) ...................................................... 4
Federal Rules of Civil Procedure, Rule 23 ......................................................... passim
Federal Rules of Civil Procedure, Rule 23(a) ........................................... 11, 14, 15
Federal Rules of Civil Procedure, Rule 23(b) ...................................................... passim
Federal Rules of Civil Procedure, Rule 23b(3) ................................................... 15
Federal Rules of Civil Procedure, Rule 12(b)(6) ............................................... 1, 3
Federal Rules of Civil Procedure, Rule 23(b)(3) ..................................... 14, 16, 15, 17
Federal Rules of Civil Procedure, Rule 23(b)(3)(A)-(D) ................................... 14
Federal Rules of Civil Procedure, Rule 23(c)(1)(A) ......................................... 10

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**MEMORANDUM OF POINTS & AUTHORITIES**

## I.     INTRODUCTION

This proposed nationwide class action civil litigation arises out of alleged violations of the Fair Credit Reporting Act, 15 U.S.C. §1981 *et. seq.* ("FCRA") by Defendant National Tenant Network, Inc. ("NTN"). Plaintiffs Harold and Phyllis Meyer ("Plaintiffs") filed their initial complaint on July 10, 2013. NTN filed a motion to dismiss against Plaintiffs' original complaint and the hearing was scheduled for October 31, 2013. In lieu of an opposition to NTN's motion to dismiss, Plaintiffs filed an Amended Complaint on October 7, 2013.

Plaintiffs allege four counts against NTN in the Amended Complaint for violations of the FCRA: (1) violation of FCRA §1681(c), (2) violation of FCRA §1681g(a), (3) violation of FCRA §1681k(a), and (4) violation of FCRA §1681e(b). Counts I and II are alleged on a representative basis as a purported nationwide class action and Counts III and IV are individually pled by Harold Meyer on his own behalf against NTN. Based on these allegations, Plaintiffs seek, statutory damages, punitive damages, and attorneys' fees.

As set forth below, the class action counts (Count I and II) set forth in Plaintiffs' Amended Complaint fail to meet the requirements of Federal Rule of Civil Procedure 23 for a host of reasons, including lack of proper class definition, the lack of predominance, the fact that class action is not a superior method of adjudication, and the nature of the monetary relief and penalties being sought for the alleged violations of the FCRA.

Regardless of their shortcomings as a putative nationwide class action, Plaintiffs' purported Count I and Count II fail because the allegations are not sufficient to state a claim upon which relief may be granted. With respect to Count I, Plaintiffs fail to allege any facts tending to show that NTN has a policy of prohibiting users of its services from disclosing the contents of consumer reports to a consumer, when adverse action is taken against that consumer based on the report. With respect to Count II, Plaintiffs concede in the original complaint that they were provided a copy of their reports as requested (Complaint ¶46, attached to Request for Judicial Notice), and reaffirm it in the Amended Complaint (¶¶ 43 and 44). Therefore, there is no viable cause of action for violating FCRA §1681g(a) for "failing to provide to consumers upon requests all information in that consumer's file."

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**NTN'S NOTICE OF MOTION AND MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT**

1   Count III is similarly deficient as it fails to state a claim upon which relief may be granted.

2   FCRA §1681k(a) only applies to consumer reports furnished for employment purposes. As is clear

3   from the face of the original complaint and its Exhibits, as well as the Amended Complaint[1], the

4   Applicant Screening Authorization Form at issue in this matter was for tenant screening purposes and

5   not employment purposes, thus the requirements of FCRA §1681k(a) do not apply.

6   For these reasons and the reasons set forth below, defendant NTN respectfully requests that

7   this court grant its motion to dismiss.

8   **II.    SUMMARY OF FACTS & ALLEGATIONS**

9   In 1970, Congress passed the Fair Credit Reporting Act for the purpose of assuring accuracy

10  and fairness in credit reporting, (*see* 15 U.S.C. §1681(a)(1)), and to require consumer reporting

11  agencies to adopt reasonable procedures for meeting the needs of commerce for consumer credit "in a

12  manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy,

13  relevancy, and proper utilization of such information. . . ." 15 U.S.C. §1681(b).

14  This stated purpose is accomplished through set of rules and regulations that control all aspects

15  of the credit reporting process. The FCRA regulates the permissible purposes for uses of consumer

16  credit reports (15 U.S.C. §1681b), and delineates the types of information which must be included and

17  those that cannot be included in consumer credit reports. 15 U.S.C. §1681c. Additional provisions set

18  out compliance procedures to be followed by consumer reporting agencies and address requirements

19  for disclosure of information to consumers. *See* 15 U.S.C. §1681e, 15 U.S.C. §1681g, 15 U.S.C.

20  §1681h, and 15 U.S.C. §1681k.

21  NTN is a consumer reporting agency that offers tenant screening profiles to perspective

22  landlords who request a background report on prospective tenants. The profiles contain information

23  about the prospective tenant, including details about the person's address history, previous landlords,

24  credit history, and criminal record.

25  _____

26  [1] Though the Amended Complaint refers to two exhibits, no exhibits were attached to the Amended
    Complaint. NTN assumes the exhibits are the same as those attached to the original complaint. See
27  Request for Judicial Notice.

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    Plaintiffs allege that in September 2012, they applied for a position as assistant resident

2  managers at Shorewood, Inc., a recreational vehicle park. (Amended Complaint ¶ 23). Plaintiffs

3  allege that in connection with their "employment offer", Shorewood requested they submit to a

4  background check. (Amended Complaint ¶ 28). Plaintiffs allege that they filled out an Applicant

5  Screening Authorization Form in connection with their application for employment with Shorewood,

6  which was provided to Shorewood by NTN. (Amended Complaint ¶¶ 19, 29). Plaintiffs attached

7  copies of the forms they filled out as Exhibit "A" to the original complaint, but no exhibits are

8  attached to the Amended Complaint. (See NTN's Request for Judicial Notice). Plaintiffs further allege

9  that NTN provided Shorewood a consumer report about Plaintiffs on or about September 14, 2012.

10  (Amended Complaint ¶ 29).

11    Plaintiffs allege that the reports furnished by NTN were "in part" for employment purposes

12  (Amended Complaint ¶30). Plaintiffs further allege that the report for Harold Meyer contained

13  inaccurate information and as a result of the inaccuracies in the report they were both denied

14  employment and residency at Shorewood. (Amended Complaint ¶¶ 33, 33, and 40).

15  **III.    LEGAL ARGUMENT**

16    **A.    STANDARD FOR MOTION TO DISMISS UNDER RULE 12(B)(6)**

17    A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v.*

18  *Block,* 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is proper where "it appears beyond doubt that

19  plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v.*

20  *Gibson,* 355 U.S. 41, 45–46 (1957) .

21    When assessing the legal sufficiency of a plaintiff's claims, the court must accept as true all

22  material allegations of the complaint, and all reasonable inferences must be drawn in favor of the non-

23  moving party. *See, e.g., Cahill v. Liberty Mut. Ins. Co.,*  80 F.3d 336, 337–38 (9th Cir. 1996) (citations

24  omitted). Dismissal is proper under Rule 12(b)(6) "only where there is no cognizable legal theory or

25  an absence of sufficient facts alleged to support a cognizable legal theory." *Navarro,* 250 F.3d at 732

26  (*quoting Balistreri v. Pacifica Police Dept,* 901 F.2d 696, 699 (9th Cir. 1988).

27    Thus, accepting the facts as stated by the non-moving party from the record and drawing all

28  inferences in its favor, the Court should analyze whether it is "'beyond doubt that the plaintiff can

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4814-4668-9302.1                                    3                         3:13-cv-03187-JSC
NTN'S NOTICE OF MOTION AND MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT

1   prove no set of facts in support of his or her claim.'" *Id.* (quoting *Jablon v. Dean Witter & Co.,* 614

2   F.2d 677, 682 (9th Cir. 1980)).

3          While a complaint need not contain detailed factual allegations, "a plaintiff's obligation to

4   provide the grounds of his entitlement to relief requires more than labels and conclusions, and a

5   formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550

6   U.S. 544, 555 (2007) (citation, alteration, and internal quotation marks omitted). Likewise, the court

7   is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of

8   fact, or unreasonable inferences." *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir.

9   2001) In other words, "the tenet that a court must accept as true all of the allegations contained in a

10  complaint is inapplicable to legal conclusions. . . . While legal conclusions can provide the framework

11  of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal,* 556 U.S. 662, 677-

12  679 (2009) ("*Iqbal*") (citing *Twombly*, 550 U.S. at 555); *see also Warren v. Fox Family Worldwide,*

13  *Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).

14         Additionally, and particularly relevant in this case, attachments or exhibits to a complaint are

15  considered part of the pleading. Fed. R. Civ. P. 10(c). When ruling on a motion to dismiss, the Court

16  may consider exhibits submitted with the complaint. *Van Winkle v. Allstate Ins. Co.,* 290 F. Supp. 2d

17  1158, 1162, n. 2. (C.D. Cal. 2003) A "court may disregard allegations in the complaint if contradicted

18  by facts established by exhibits attached to the complaint." *Sumner Peck Ranch v. Bureau of*

19  *Reclamation,* 823 F. Supp. 715, 720 (E.D. Cal. 1993) (citing *Durning v. First Boston Corp.,* 815 F.2d

20  1265, 1267 (9th Cir. 1987)).

21         Finally, "an amended complaint may not allege new facts that are inconsistent with an earlier

22  pleading." *King County v. Merrill Lynch & Co.*, 2012 U.S. Dist. LEXIS 87715, *quoting  Reddy v.*

23  *Litton Indus., Inc.* (1990)  912 F.2d 291, 296-97. See also *Ellingson v. Burlington Northern Inc.*

24  (1981) 653 F.2d 1327, 1329-30 (a court has authority to strike statements that are "inconsistent with

25  previous pleadings if it considers them false or sham.)

26         Here, Counts I, II and II of the Amended Complaint are devoid of the necessary factual

27  allegations to plead the causes of action purportedly alleged, and, instead, contain only the type of

28  conclusory language held insufficient by the United States Supreme Court in *Iqbal*. Additionally,

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   Plaintiffs fail to properly allege class action claims per the requirements of Rule 23 with respect to

2   Count I and Count II.  Consequently, this motion must be granted.

3   **B.   Count I For Violations Of FCRA §1681e(c) Fails To State A Claim**

4          In Count I of the Amended Complaint, Plaintiffs allege that NTN has a policy of prohibiting

5   users of its consumer reports from disclosing the reports to consumers in violation of FCRA, 15

6   U.S.C. §1681e(c). Section 1681e(c) states:

7              A consumer reporting agency may not prohibit a user of a consumer
              report furnished by the agency on a consumer from disclosing the
8              contents of the report to the consumer, *if adverse action against the*
              *consumer has been taken* by the user based in whole or in part on the
9              report. (emphasis added)

10          Section 1681e(c) only applies if adverse action has been taken against the consumer.  The

11   Amended Complaint states no facts or allegations that NTN prohibits its users from disclosing the

12   report to consumers when adverse action has been taken. Count I of the complaint is based on part of a

13   sentence contained in the Applicant Screening Authorization Form, attached as Exhibit "A" to the

14   original complaint, which Plaintiffs claim support their allegation that NTN prohibits its users from

15   disclosing the contents of reports to the consumer.  They also base their allegations on representations

16   made to them by Shorewood about NTN's policies.  (Amended Complaint ¶¶ 18, 47).  However, the

17   complete statement in the Applicant Screening Authorization Form, attached as Exhibit "A" to the

18   original complaint, and relied on by Plaintiffs as the basis for Count I states:

19              Reports must be kept in the strictest confidence and must not be
              disclosed to the applicant. I will not e-mail this form or any other
20              personal, financial or any other sensitive information.

21          Nowhere in Exhibit "A" does it state that the user may *never* disclose a report to the consumer.

22   In fact, because completing the form is the first step in the screening process, there's never an adverse

23   action taken by the user at that initial stage.  As evident by the language in the form, the statement is a

24   reminder to users of the consumer information provided by NTN to make sure to protect a consumer's

25   sensitive data.

26          Furthermore, Plaintiffs' allegations about NTN's alleged policies in violation of § 1681e(c) are

27   based on representations made by Shorewood, a third party, about what Shorewood believes NTN's

28   policies are.  (Amended Complaint ¶ 47).  Plaintiffs do not allege any facts about what NTN states its

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**NTN'S NOTICE OF MOTION AND MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT**

1  policies are, or what, if anything, NTN represented to Plaintiffs about its policies.  Allegations based a

2  third party's misinterpretation of NTN's policies are not facts sufficient to state a claim for violation

3  of §1681e(c) against NTN, let alone a nationwide class action allegation. Plaintiffs have failed to

4  allege facts sufficient to state a claim for violation of § 1681e(c) and Count I should be dismissed.

5        **C.**      **Count II For Violations Of FCRA § 1681g(a) Fails to State A Claim**

6        In Count II of the Amended Complaint Plaintiffs allege that NTN violates FCRA §1681g(a) by

7  "willfully failing to provide to consumers upon request all information in that consumer's file."

8  (Amended Complaint ¶ 70).  FCRA §1681g(a) states in relevant:

9            Every consumer reporting agency shall, upon request, and subject to

10            section 1681h (a)(1) of this title, clearly and accurately disclose to the
             consumer:

11            (1) All information in the consumer's file at the time of the request. . .

12            (2) The sources of the information; except that the sources of
             information acquired solely for use in preparing an investigative

13            consumer report and actually used for no other purpose need not be
             disclosed: Provided, That in the event an action is brought under this

14            subchapter, such sources shall be available to the plaintiff under
             appropriate discovery procedures in the court in which the action is

15            brought.

16        Plaintiffs' original complaint on its face shows that NTN complied with the requirements of

17  Section 1681g(a). Plaintiffs alleged in the original complaint (¶42) that NTN responded to their

18  request for information with a letter containing the background reports requested.  (Original

19  Complaint ¶ 42).  Now in the Amended Complaint Plaintiffs allege that NTN directed Plaintiffs to a

20  third party, in violation of the FCRA. (Amended Complaint ¶ 43).  However, "an amended complaint

21  may not allege new facts that are inconsistent with an earlier pleading." *King County v. Merrill Lynch*

22  *& Co.*, 2012 U.S. Dist. LEXIS 87715, quoting *Reddy v. Litton Indus., Inc.* (1990) 912 F.2d 291, 296-

23  97.

24        Nevertheless it is clear from the letter attached as Exhibit "B" to the complaint and referenced

25  in the Amended Complaint that NTN enclosed a "copy of the reports" requested with the letter.

26  Furthermore, the letter directed Plaintiffs to "the sources of the information" used in preparing the

27  report as required by §1681g(a)(2).  Contrary to Plaintiffs' allegation in ¶43 of the Amended

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**NTN'S NOTICE OF MOTION AND MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT**

1  Complaint, NTN's action of directing Plaintiffs to the sources of information used in preparing their

2  report is not a "clear violation" of §1681(a), but a requirement under 1681g(a) which NTN fulfilled.

3        Plaintiffs stated in the original complaint that they were "eventually provided a copy of the

4  NTN background reports."  (Original Compliant ¶46).  However once again in the Amended

5  Complaint they allege that they "never received complete copies of their consumer files".

6        Plaintiffs are prohibited from contradicting their facts pled in earlier pleadings.  Nevertheless,

7  they have still failed to state a claim in the Amended Complaint because they fail to allege what

8  information required to be provided per §1681g(a) was not provided to them by NTN.  The broad

9  definition of "file," as used in 15 USC § 1681a(g), does not apply to 15 USC §1681g(a)(1), which

10  gives consumers the right to see a copy of information contained in their "files."  *Gillespie v Trans*

11  *Union Corp.* 482 F3d 907 (2007).  The term "file," as used in Section 1681g(a)(1), does not

12  encompass all of information retained by credit reporting agency in a consumer's file, but

13  encompasses only that information that "might be furnished, or has been furnished, in a consumer

14  report on that consumer" by a consumer reporting agency.  *Id.* at 909.

15        Because Plaintiffs were admittedly provided with information they requested, and they do not

16  allege what specific information required under Section 1681g(a) was not provided to them, there is

17  no basis for a claim for violation of FCRA §1681g(a). Accordingly, Count II must be dismissed.

18         **1.**     **Plaintiffs Fail to Show Facts that NTN "Willfully" Violated 15 U.S.C.**
19                **§1681g(a)**

20        Plaintiffs also fail to state any facts whatsoever to support their sweeping allegation that NTN

21  "willfully" violated 15 U.S.C. §1681g(a).  A plaintiff may seek damages for a negligent violation of

22  the FCRA under 15 U.S.C. §1681o and for willful violation of the FCRA under 15 U.S.C. §1681n.

23  Because Plaintiffs seek recovery under Count II solely for willful violations, this defect is fatal to

24  Count II and therefore it must be dismissed.

25        The U.S. Supreme Court has ruled that to prove a willful violation of the FCRA, a plaintiff

26  must demonstrate that the consumer reporting agency either knowingly or recklessly acted in violating

27  the Act. *Safeco Ins. Co. of Am. v. Burr,* 551 U.S. 47, 52 (2007). As a matter of law, willfulness cannot

28  be established by alleging or even proving that the defendant was acting based on an incorrect

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**NTN'S NOTICE OF MOTION AND MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT**

1  interpretation of the FCRA's requirements. *See Id.,* at 69. The Supreme Court stated in *Safeco* that "a

2  company subject to FCRA does not act in reckless disregard of it unless the action is not only a

3  violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of

4  violating the law substantially greater than the risk associated with a reading that was merely

5  careless." *Id*. Applying this standard in *Safeco*, the Supreme Court held that the defendant did not act

6  willfully, although it was not in compliance with FCRA.

7       Here, Plaintiffs allege that NTN's conduct was willful and seek damages under 15 U.S.C

8  1681n. (Amended Complaint ¶70). However, such a conclusory allegation must be disregarded when

9  evaluating the sufficiency of the pleadings. *See Ashcroft v. Iqbal* (2009) 556 U.S. 662. Beyond this

10 boilerplate assertion and other conclusory allegations contained in the Complaint, Plaintiffs fail to

11 allege specific facts to show that NTN's conduct was willful. Plaintiffs have solely alleged a "willful"

12 violation as opposed to an alternative of a negligent violation under 15 U.S.C. §1681o. Since they

13 fail to state facts showing "willful" conduct, Count II must be dismissed.

14     **D.**    **Count III For Violations Of FCRA §1681k(a) Should Be Dismissed**

15         **1.**    **FCRA §1681k(a) Does Not Apply**

16      Count III is brought by plaintiff Harold Meyer ("Meyer") alone against NTN for alleged

17 violation of FCRA §1681k(a). However, Section 1681k(a) by its terms does not apply to the

18 circumstances of this case. Section 1681k(a) only applies to consumer reports furnished for

19 *employment purposes*. 15 U.S.C. § 1681k(a) states in relevant part:

20     A consumer reporting agency which furnishes *a consumer report for employment*
       *purposes* and which for that purpose compiles and reports items of information on
21     consumers which are matters of public record and are likely to have an adverse effect
       upon a consumer's ability to obtain employment shall—
22

23     (1) at the time such public record information is reported to the user of such consumer
       report, notify the consumer of the fact that public record information is being reported
       by the consumer reporting agency, together with the name and address of the person to
24     whom such information is being reported; *or*

25     (2) maintain strict procedures designed to insure that whenever public record
       information which is likely to have an adverse effect on a consumer's ability to obtain
26     employment is reported it is complete and up to date. For purposes of this paragraph,
       items of public record relating to arrests, indictments, convictions, suits, tax liens, and
27     outstanding judgments shall be considered up to date if the current public record status
       of the item at the time of the report is reported.

28

**LEWIS**
**BRISBOIS**
**BISGAARD**
**& SMITH LLP**
ATTORNEYS AT LAW

**NTN'S NOTICE OF MOTION AND MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT**

1   15 U.S.C. §1681k(a) (emphasis added.)

2         The Applicant Screening Authorization Form, attached as Exhibit "A" to the original

3   complaint, and referenced in the Amended Complaint, which Plaintiffs allege NTN provided to

4   Shorewood and Harold Meyer completed and signed, clearly shows it was meant for tenant screening

5   purposes and not for employment purposes.[2] The form states:

6           "I certify that the above information is correct and complete and hereby authorize you
        to make inquiries you feel necessary to *evaluate my tenancy* and credit standing
7           including, but not limited to, a check of my credit. *I understand that if I am denied*
        *tenancy* due to my credit standing, I have the right to dispute the accuracy or
8           completeness of my information in the credit report."

9   Applicant Screening Authorization Form, Exhibit "A" to Complaint (emphasis added).

10         The form also has a section which is meant to be completed by the "Rental Owner," and a

11   section entitled "Monthly Rent for Unit." (*See* Exhibit "A" to original complaint, attached to Request

12   for Judicial Notice).  It is clear on the face of the complaint that the information to be provided by

13   NTN to Shorewood was meant for tenant screening purposes only and not for employment purposes.[3]

14   Therefore, Section 1681k(a) does not apply here and there is no basis for a violation of Section

15   1681k(a).  As such, Count III should be dismissed.

16           **2.     Plaintiff Fails to State a Claim Under 15 U.S.C. §1681k(a)**

17         Even if the Court determines that Section 1681k(a) applies, it should nevertheless dismiss

18   Count III for lack of sufficient facts to state a claim. As stated above, 15 U.S.C. §1681k(a) requires a

19   consumer reporting agency when furnishing a consumer report for employment purposes to *either*

20   notify the consumer that a report is being provided to an employer *or* maintain strict procedures to

21   insure such reports are complete and up to date. 15 U.S.C. §1681k(a). Thus, to prevail on his Section

22   1681k(a) claim, Meyer must prove that NTN did neither. However, the Complaint incorrectly alleges

23   that a consumer reporting agency must satisfy both requirements in order to comply with the code.

24   (*See* Complaint ¶ 75).

25   _____

26   [2] NTN uses a different form for employment screening purposes.

27   [3] In fact, Shorewood was not authorized to obtain employment screening reports from NTN.

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4814-4668-9302.1          9         3:13-cv-03187-JSC
NTN'S NOTICE OF MOTION AND MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT

1  The Section 1681k(a) violation alleged by Meyer is the alleged failing by NTN to provide

2  Meyer with a notice at the time that it was providing a consumer report about him. Besides the fact

3  that NTN was not required to provide Meyer with notice because NTN was furnishing a report for

4  tenant screening purposes, Meyer is incorrect in alleging that providing a notice is mandatory under

5  Section 1681k(a).  Meyer's cause of action fails because it does not make mention of or allege any

6  facts about the alternate way a consumer agency may comply with Section 1681k(a), *i.e.,* under

7  Section 1681k(a)(2).  The complaint fails to allege facts sufficient to establish that neither requirement

8  was satisfied. Plaintiff neglects to identify what information is missing from the reports so as to

9  allegedly render the report not "up to date" as required under §1681k(a)(2). Therefore, this count

10  should be dismissed.

11  **E.    Plaintiffs Fail To Allege Class Action Claims For Counts I and II**

12  **1.    Class Certification Is Properly Challenged By A Motion To Dismiss**

13  Pursuant to Federal Rules of Civil Procedure, Rule 23(c)(1)(A), a court must consider issues of

14  class certification "at an early practicable time after a person sues or is sued as a class representative."

15  Notably, Rule 23 does not require discovery or even a motion for class certification.  Accordingly, and

16  as the U.S. Supreme Court has recognized, the Court may properly address class certification based on

17  the face of the complaint alone.  *Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 160 (1982)

18  (holding that "sometimes [class certification] issues are plain enough from the pleadings").

19  Moreover, class certification can specifically be challenged by means of a Motion to Dismiss,

20  and class allegations can be dismissed if the proposed class cannot be certified as a matter of law.  A

21  "motion to deny class certification, having been brought prior to any discovery, should be construed

22  according to the same legal standards as a motion to dismiss under Rule 12."  *Walls v. Wells Fargo*

23  *Bank, N.A. (In re Wells),* 262 B.R. 519, 524 (E.D. Cal. 2001).

24  Since the gravamen of the class allegations involves alleged violations of the FCRA, by

25  necessity individual inquiry will predominate for purposes of ascertaining firstly who belongs in the

26  class.

27

28

**NTN'S NOTICE OF MOTION AND MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT**

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1      As a preliminary matter, class actions on a nationwide basis, such as the purported one here,

2   are disfavored because of   as too unwieldy and difficult to manage.  See *Wal-Mart Stores, Inc. v.*

3   *Dukes* (2011) 131 S. Ct. 2541 and *Mazza v. Am. Honda Motor Co.* (2012) 666 F.3d 581. /

4          2.      **Plaintiffs Complaint Fails To Plead The Necessary Elements For Class**
                   **Claims**

5

6      A court may certify a class if a plaintiff demonstrates that all of the prerequisites of Rule 23(a)

7   have been met, and that at least one of the requirements of Rule 23(b) have been met. *Valentino v.*

8   *Carter-Wallace, Inc.,* 97 F.3d 1227, 1234 (9th Cir. 1996). Rule 23(a) requires that (1) the class be so

9   numerous that joinder of all members is impracticable, (2) questions of law or fact exist that are

10  common to the class, (3) the claims or defenses of the representative parties are typical of the claims

11  or defenses of the class, and (4) representative parties will fairly and adequately protect the interests of

    the class.

12     Additionally, Rule 23(b) requires that either (1) there is risk of substantial prejudice from

13  separate actions; (2) that declaratory or injunctive relief benefiting the class as a whole would be

14  appropriate; or (3) that common questions of law or fact predominate and the class action is superior

15  to other available methods of adjudication.

16              "[A]lthough the Court may not require preliminary proof of the claim, it

17          'need not blindly rely on conclusory allegations which parrot Rule 23
                requirements.  Courts may also consider the legal and factual issues presented

18          by Plaintiff's Complaint.'"

19  *Jordan v. Paul Financial, LLC, et al.,* U.S. Dist. LEXIS 7592, *8 (2009).

20     *See In re Am. Med Sys., Inc.,* 75 F.3d 1069, 1079 (6th Cir. 1996) (holding that mere repetition

21  of Rule 23(a) language is not sufficient).

22     Here, Plaintiffs fail to meet the  burden to establish the elements required for class certification

23  of Counts I and II.  Paragraphs 51-58 simply "parrot" Rule 23 requirements, without offering any

24  further particularity as to how those requirements are met with respect to the specific purported class.

25  In looking to those limited facts which are provided elsewhere in the Complaint, it is clear that

26  Plaintiff cannot satisfy the requisite elements for class certification for Counts I and II. Accordingly,

27  Counts I and II cannot be maintained as a nationwide class action.

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

### 3.   The Proposed Classes Are Not Adequately Defined

2

#### (a)   The Class for Count I Is Not Adequately Defined

3   Plaintiffs complaint defines Class for Count I as:

4   "All persons residing in the United States and its Territories who during the period beginning two (2) years prior to filing of the Complaint and continuing through the
5   date of the resolution of this case had a consumer report sold about them by NTN."

6   Where named plaintiffs fail to define class adequately, court need not proceed to full FRCP 23

7   analysis. *Edwards v. McCormick* (2000, SD Ohio)196 FRD 487.  Definition of class should not be so

8   broad so as to include individuals who are without standing to maintain action on their own behalf.

9   *Clay v. American Tobacco Company* (1999, SD Ill)188 FRD 483.  Additionally, where the proposed

10   class includes persons who were not injured in the same manner as Plaintiff, the proposed class is

11   overbroad. *Athanassios Diacakis v. Comcast Corp.,* 2013 U.S. Dist. LEXIS 64523, quoting *Oshana v.*

12   *Coca-Cola Co. (2006)* 472 F.3d 506, 513-14. (*See also, Vigus v. Southern Illinois Riverboat/Casino*

13   *Cruises, Inc.* (2011, S.D. Ill.) 274 F.R.D. 229, 235, denying certification on ascertainability grounds,

14   stating that "[w]here a class is overbroad and could include a substantial number of people who have

15   no claim under the theory advanced by the named plaintiff, the class is not sufficiently definite.").

16   Plaintiffs' proposed class definition for Count I is significantly overbroad in that it includes

17   every single person who received a consumer report sold about them by NTN, regardless of whether

18   there was an alleged FCRA violation, or whether the same form as that attached as Exhibit "A" to the

19   complaint was involved, or whether the potential class members have actual damages as opposed to

20   the statutory and punitive damages Plaintiffs are seeking.  In addition, as stated above, Section

21   1681(c) only applies "if adverse action against the consumer has been taken" based on the consumer

22   report. 15 U.S.C. § 1681e(c). Here, the definition is so broad as to include all consumers regardless

23   of whether adverse action was taken against them on the basis of a report.  The Court would have to

24   have numerous "mini-trials" on the merits of each purported class member's case.  Court's find these

25   types of classes to be unascertainable. See *Forman v. Data Transfer* (E.D. Pa. 1995) 164 F.R.D. 400,

26   404, plaintiff's proposed class definition was untenable where a determination of class membership

27   "would essentially require a mini-hearing on the merits of each case."

28   Additionally, the proposed class definition is also broad and unascertainable because

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4814-4668-9302.1   12   3:13-cv-03187-JSC
**NTN'S NOTICE OF MOTION AND MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT**

1  Plaintiffs' complaint is based solely on their experience with Shorewood and Shorewood's

2  representations to them about NTN's alleged policies and procedures.  However, the proposed class

3  definition does not limit itself to those who dealt with Shorewood or had a similar experience with

4  Shorewood as the user of the consumer information, as opposed to the other users of the information

5  across the Country.

6  **(b)    The Class for Count II Is Not Adequately Defined**

7  The proposed class definition for Count II is also broad and unascertainable.  The prosed class

8  for Count II is defined as:

9  "All persons residing in the United States and its Territories who during the period
   beginning two (2) years prior to filing of the Complaint and continuing through the
10  date of the resolution of this case had a consumer report sold about them by NTN and
   who received a letter substantially similar in form to the letter attached hereto as
11  Exhibit A, or written notice which directed the consumer to contact a secondary source
   of consumer information for consumer file information."

12

13  In addition to the reasons set forth for Count I above, the class definition for Count II is

14  inadequate for two other reasons.  First, the proposed class definition is inadequate because it includes

15  all persons who had a report sold about them by NTN, regardless of whether that person actually

16  received a copy of his or her report from NTN as requested, by way of letter similar to that attached as

17  Exhibit "A" to the complaint.  As stated above, it is apparent on the face of Exhibit "A" that NTN

18  provided a copy of the report requested by Plaintiffs to Plaintiffs. See Exhibit "A" to Complaint.

19  Plaintiffs further allege that they "ultimately" received their reports.

20  Additionally, the language of the proposed class is impermissibly vague and overbroad with

21  respect to the phrase "a letter substantially similar to".  There is no way to ascertain what "substantially

22  similar" means from the proposed definition.  A letter sent to purported class members "substantially

23  similar in form to the letter attached as Exhibit A" could have various meanings and could entail

24  various letters, some of which would have no relevance to this matter.

25  In fact, the letter attached as Exhibit "A" (or similar letter) would contain the same information

26  provided to Plaintiffs, *i.e.,* copy of the report requested and information about the sources of the

27  information used in preparing the report as required by §1681g(a)(2). Based on how the class is

28  defined, the putative class cannot be ascertained without first inquiring and investigating into each

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**NTN'S NOTICE OF MOTION AND MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT**

1  putative class member's request for information and determining whether each letter sent to the class

2  members in response to a request contained the "files" required to be provided per 1681g(a).

3      Second, the class definition includes persons who received a letter which "directed the

4  consumer to contact a secondary source of consumer information for consumer file."  As discussed

5  above, the letter says no such thing.  The letter informs Plaintiffs of the source of information used in

6  preparing the report as required by § 1681g(a)(2).  Since that is not a violation of FCRA 1681g(a), the

7  definition for Count II is inadequate.

8      **4.   Plaintiffs Cannot Satisfy Any of Rule 23(b)'s Requirements**

9      In addition to Rule 23(a) prerequisites, Plaintiffs must also demonstrate that a class is

10  maintainable pursuant to Rule 23(b) which requires that either (1) there is risk of substantial prejudice

11  from separate actions; (2) that declaratory or injunctive relief benefiting the class as a whole would be

12  appropriate; or (3) that common questions of law or fact predominate and the class action is superior

13  to other available methods of adjudication.

14      Plaintiffs purported class action Counts are based on Rule 23(b)(3), *i.e.,* that common

15  questions of law and fact predominate and the class action is superior to other available methods of

16  adjudication. (Amended Complaint ¶ 54). In evaluating predominance and superiority, the court must

17  consider: "(1) the extent and nature of any pending litigation commenced by or against the class

18  involving the same issues; (2) the interest of individuals within the class in controlling their own

19  litigation; (3) the convenience and desirability of concentrating the litigation in a particular forum; and

20  (4) the manageability of the class action." *Beck-Ellman v. Kaz USA, Inc.* (2012) 283 F.R.D. 558; Rule

21  23(b)(3)(A)-(D).

22      Here, it is clear from the face of the Complaint that individualized issues will predominate and

23  defeat class certification and that a class action is not a superior method of adjudicating this matter.

24      **(a)   There Is No Predominance of Common Questions of Law or Fact**

25      To satisfy the predominance requirement, "the issues in the class action that are subject to

26  generalized proof, and thus applicable to the class as a whole, must predominate over those issues that

27  are subject only to individualized proof. The predominance inquiry focuses on the legal or factual

28  questions that qualify each class member's case as a genuine controversy, and is far more demanding

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    than Rule 23(a)'s commonality requirement." *Santoro v. Aargon Agency, Inc.,* 252 F.R.D. 675 (2008)

2    quoting *Rutstein v. Avis Rent-A-Car Sys., Inc.,* 211 F.3d 1228, 1233 (11th Cir. 2000).

3           To determine whether common questions predominate, the Court must examine the cause of

4    action asserted in the complaint on behalf of the putative class and  consider what value the resolution

5    of the class-wide issue will have in each class member's underlying cause of action. *Rutstein*, at 1234.

6    Additionally, "where, after adjudication of the class-wide issues, plaintiffs must still introduce a great

7    deal of individualized proof or argue a number of individualized legal points to establish most or all of

8    the elements of their individual claims, such claims are not suitable for class certification under Rule

9    23(b)(3)."  *Klay v. Humana, Inc.*, 382 F.3d 1241, 1255 (11th Cir. 2004).

10          First, as discussed, the class definition potentially includes Plaintiffs from all over the nation,

11   not just in California, potentially requiring application of state laws to the class claims.  Consequently,

12   the legal issues themselves will defeat Rule 23(b)(3)'s predomination requirement.  Other individual

13   issues predominate over common ones. With respect to Count I, Plaintiffs allegations against NTN are

14   based on their particular experience with Shorewood and the representations Shorewood made to

15   Plaintiffs.  Plaintiffs allege that they were told by Shorewood that it was "NTN's uniform policy" to

16   prohibit Shorewood from providing Plaintiffs with a copy of their background reports. (Amended

17   Complaint ¶47).  There is are no allegations that this is indeed NTN's policy or that NTN represented

18   to Plaintiffs that it was their policy. Plaintiffs' experiences are undoubtedly different than any other

19   class member.  Analysis of facts of each potential class member's dealing with NTN would have to be

20   analyzed on an individual basis.

21          Additionally, because Section 1681e(c) applies only when "adverse action against the

22   consumer has been taken by the user," investigation of facts peculiar to each purported class member

23   would have to be undertaken to determine if adverse action was taken against the class member by a

24   user based in whole or in part on the report generated by NTN.  15 U.S.C. §1681e(c).  As such the

25   allegations in Count I do not meet the predominance requirement of Rule 23b(3).

26          With respect to Count II, as stated above, the class cannot be determined absent individual

27   inquiries into what the particular consumer requested and what was provided to the consumer by

28   NTN, in order to determine whether in each case §1681g(a) was violated.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**NTN'S NOTICE OF MOTION AND MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT**

1    Additionally, with respect to both Count I and Count II, the damages sought by Plaintiffs and
2    prospective class members will be substantially different such that no common issues of law and fact
3    predominate the classes defined for Count I and Count II.

4                    **(b)      Class Action Is Not A Superior Method For Adjudication**

5    The superiority requirement of Rule 23(b)(3) requires Plaintiffs to demonstrate that class
6    action is the superior method for adjudicating this matter.  Rule 23(b)(3) sets out four factors for the
7    court to consider in making this determination: (1) the interest of members of the class in individually
8    controlling their claim, (2) other litigation already commenced by members of the class, (3) the
9    desirability or undesirability of concentrating the litigation of the claims in the particular forum, and
10   (4) the difficulties likely to be encountered in the management of a class action. Fed. R. Civ. P.
11   23(b)(3).

12   Because the FCRA provides sufficient motivation for adversely affected individuals to bring
13   suit and for attorneys to represent them, this matter is not appropriate for class action.   The FCRA
14   allows for the recovery of actual damages, including emotional distress damages, and such damages,
15   along with the statutory provision entitling a plaintiff to recover costs and attorney's fees, should
16   provide sufficient motivation for individual adversely affected plaintiffs to bring suit.  In fact, many
17   cases have held that a class action for violations of the FCRA is not a superior method of adjudication.

18   In *Campos v. ChoicePoint, Inc.,* 237 FRD 478 (2005, ND GA), plaintiffs filed a purported
19   class action based on a credit reporting agency's alleged violations of 15 USC §1681g(a)(1).  The
20   court held that the representative plaintiffs did not satisfy the superiority requirement of Fed. R. Civ.
21   P. 23(b)(3) because the FCRA provided sufficient motivation for adversely affected individuals to
22   bring suit and for attorneys to represent them. *Id*. at 490.  Furthermore, the FCRA  provided for
23   damages of between $100 to $1,000, and because of the number of potential class members, the credit
24   reporting agency's potential liability could have exceeded $1 billion which meant there was a
25   substantial danger that representative plaintiffs were attempting to obtain windfall based on minor or
26   technical violations of statute. *Id*., at 490.

27   Similarly in *In re Trans Union Corp. Privacy Litig.,* 211 FRD 328 (2002, ND Ill), the court
28   held that plaintiffs' claim for statutory damages under the FCRA could not be maintained as class

**NTN'S NOTICE OF MOTION AND MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT**

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   action under Fed. R. Civ. P. 23(b)(3) because no actual damages were alleged and prospective class of

2   approximately 190 million members could result in statutory minimum damages of over $19 billion,

3   which was grossly disproportionate to any actual damage caused by consumer reporting agency.

4            Finally, in *Grimes v. Rave Motion Pictures Birmingham, L.L.C.*, 264 FRD 659 (ND Ala. 2010)

5   the court ruled that plaintiff had not met requirements of Fed. R. Civ. P. 23(b)(3) because since the

6   FCRA provided for award of attorney's fees and costs in addition to statutory damages, there was no

7   financial impediment for a person who alleged an FCRA violation from finding a good lawyer to

8   bring an individual claim.  The court also held that individual actions were not only feasible, but they

9   were much more manageable than class action would be, especially where there might be members in

10  many states. *Id.*, at 669.  Therefore, the court ruled that class action was clearly not superior method

11  for fairly and efficiently adjudicating an alleged FCRA violation.

12           Here, just as the cases cited above, class action is not a superior method of adjudicating this

13  matter.  Plaintiffs have not alleged any actual damages for the class action counts.  They are only

14  seeking statutory and punitive damages.  Similar to plaintiffs in *Campos*, there is a substantial danger

15  that Plaintiffs will obtain a windfall based on minor or technical violations of the FCRA if this action

16  is allowed to proceed as a class action. Based on the above, class action is not the superior method of

17  adjudicating Counts I and II.

18           There just is not any facts to support a systemic common policy at NTN that would lend itself

19  to class treatment such that the court should consider a class action superior to the statutory scheme

20  forged by the legislator and in place to adequately address the allegations at issue here.  In light of the

21  foregoing, NTN's motion to dismiss the class allegations should be granted, without leave to amend.

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

NTN'S NOTICE OF MOTION AND MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT

1    IV.    **CONCLUSION**

2        For the reasons set forth above, this motion should be granted in its entirety.

3    DATED: October 21, 2013                    LEWIS BRISBOIS BISGAARD & SMITH LLP

4                                          By:    _____/s/ Shaharam Nassi_____

5                                              Pamela M. Ferguson
                                               Shahram Nassi
6                                              Michael K. Grimaldi
                                               Attorneys for Defendant
7                                              NATIONAL TENANT NETWORK, INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

## FEDERAL COURT PROOF OF SERVICE

2

Harold Meyer, et al. v. National Tenant Network, Inc.

3

United States District Court -- Northern District

4

No. 3-13-cv-03187-JSC

5

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

6        At the time of service, I was over 18 years of age and not a party to the action.  My business
address is 333 Bush Street, Suite 1100, San Francisco, CA 94104-2872.  I am employed in the office
7   of a member of the bar of this Court at whose direction the service was made.

8   On October 21, 2013, I served the following document(s): **DEFENDANT NATIONAL TENANT
NETWORK, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS AMENDED CLASS
9   ACTION COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE
12(b)(6); MOTION TO STRIKE CLASS ALLEGATIONS; AND MEMORANDUM OF
10   POINTS AND AUTHORITIES IN SUPPORT THEREOF**

11

12        I served the documents on the following persons at the following addresses (including fax
numbers and e-mail addresses, if applicable):

13                              **SEE ATTACHED SERVICE LIST**

14        The documents were served by the following means:

15   ☒     (BY COURT'S CM/ECF SYSTEM)   Pursuant to Local Rule, I electronically filed the
documents with the Clerk of the Court using the CM/ECF system, which sent notification of
16         that filing to the persons listed above.

17        I declare under penalty of perjury under the laws of the United States of America and the State
of California that the foregoing is true and correct.

18

19        Executed on October 21, 2013, at San Francisco, California.

20

21                                        Sandra Haves

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

**SERVICE LIST**
*Harold Meyer, et al. v. National Tenant Network, Inc.*

2

**U.S.D.C. Northern District of California (San Francisco) Case No. 3:13-cv-3187 JSC**

3 | Andrew J. Ogilvie, Esq. | James A. Francis, Esq.
Carol McLean Brewer, Esq. | Erin Amanda Novak, Esq.

4 | ANDERSON, OGILVIE & BREWER LLP | David A. Searles, Esq.
235 Montgomery Street, Suite 914 | FRANCIS AND MAILMAN, P.C.

5 | San Francisco, CA  94104 | Land and Title Building, 19th Floor
Telephone:  415.651.1953 | 100 South Broad Street

6 | Facsimile:  415. 500.8300 | Philadelphia, PA 19110
Email:  andy@aoblawyers.com | Telephone:  215.735.8600

7 | Email:  carol@aoblawyers.com | Facsimile:  215.940.8000
Representing Plaintiffs HAROLD MEYER and | Email:  jfrancis@consumerlawfirm.com

8 | PHYLLIS MEYER | Email:  enovak@consumerlawfirm.com
Email:  dsearles@consumerlawfirm.com

9 | | Representing Plaintiffs HAROLD MEYER and
PHYLLIS MEYER

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW