Andrew J. Ogilvie (SBN 57932)
Carol M. Brewer (SBN 214035)
**ANDERSON, OGILVIE & BREWER**
235 Montgomery Street, Suite 914
San Francisco, California 94104-3000
Telephone: (415) 651-1952
Facsimile: (415) 500-8300
andy@aoblawyers.com
carol@aoblawyers.com

James A. Francis (*pro hac vice*)
John Soumilas (*pro hac vice*)
David A. Searles (*pro hac vice*)
**FRANCIS & MAILMAN, P.C.**
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia PA 19110
Telephone:  (215) 735-8600
Facsimile:  (215) 940-8000
jfrancis@consumerlawfirm.com
jsoumilas@consumerlawfirm.com
dsearles@consumerlawfirm.com

*Attorneys for Plaintiff*

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **HAROLD MEYER and PHYLLIS MEYER, on behalf of themselves and all others similarly situated,**<br><br>     **Plaintiffs,**<br>**vs.**<br><br>**NATIONAL TENANT NETWORK, INC.,**<br><br>     **Defendant.** | No.  3:13-CV_03187-JSC<br><br>**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT AND MOTION TO STRIKE CLASS ALLEGATIONS**<br><br>Date:          January 16, 2014<br>Time:          9:00 a.m.<br>Courtroom:     F, 15th Floor |

i

## <u>TABLE OF CONTENTS</u>

I.  INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.  FACTS AND ALLEGATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III.  STATEMENT OF ISSUES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

IV.  STANDARD . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

V.  ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

   A.  **Plaintiffs Have Properly Stated a Claim for Violations of
FCRA § 1681e(c)** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

   B.  **Plaintiffs Have Properly Stated a Claim for Willful Violations of FCRA §
1681g(a)** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

   C.  **Plaintiff Harold Meyer Has Properly Stated a Claim for Violation of
FCRA § 1681k(a).** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

   D.  **Plaintiffs' Class Claims** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

      1.  **Consideration of Class Certification is Premature** . . . . . . . . . . . . . . . . . 11

      2.  **Plaintiffs Have Properly Plead Class Claims** . . . . . . . . . . . . . . . . . . . . 12

         a.  The Proposed Classes Are Ascertainable As Defined . . . . . . . . . . . 12

         b.  At the Class Certification Stage of This Case, It Will Be
Demonstrated That Class Issues Predominate and a Class Action is a
Superior Method of Adjudicating This Controversy . . . . . . . . . . . . . 13

VI.  CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

# <u>TABLE OF AUTHORITIES</u>

## Cases

*Akaosugi v. Benihana Nat. Corp.*
  282 F.R.D. 241 (N.D. Cal. 2012) ....................................................................13

*Ashcroft v. Iqbal*
  556 U.S. 662 (2009)..........................................................................................5

*Bell Atl. Corp. v. Twombly*
  550 U.S. 544, 555 (2007) .................................................................................5

*Chakejian v. Equifax Info. Servs., LLC*
  256 F.R.D. 492 (E.D. Pa. 2009) .....................................................................15

*Clay v. Am. Tobacco Co.*
  188 F.R.D. 483, 485 (S.D. Ill. 1999) ..............................................................14

*Cortez v. Trans Union, LLC*
  617 F.3d 688 (3d Cir. 2010) .............................................................................7

*Cruz v. Sky Chefs, Inc.*
  2013 WL 1892337 (N.D. Cal. May 6, 2013).....................................................12

*Dalton v. Capital Assoc. Indus., Inc.*
  257 F.3d 409 (4th Cir. 2001) ..........................................................................10

*Edwards v. McCormick*
  196 F.R.D. 487 (S.D. Ohio 2000).....................................................................13

*Forman v. Data Transfer, Inc.*
  164 F.R.D. 400 (E.D. Pa. 1995) ......................................................................14

*Gillespie v. Trans Union Corp.*
  482 F.3d 907 (7th Cir. 2007) ............................................................................7

*Guimond v. Trans Union Credit Info. Co.*
  45 F.3d 1329 (9th Cir. 1995) ............................................................................5

*Guzman v. Bridgeport Educ., Inc.*
  2013 WL 593431(S.D. Cal. Feb. 13, 2013).....................................................12

*Haro v. Shilo Inn*
    2009 WL 2252105 (D. Or. July 27, 2009) .......................................................10
*Hofstetter v. Chase Home Fin.*
    2011 WL 1225900 (N.D. Cal. March 31, 2011) .............................................13
*King Cnty. v. Merrill Lynch & Co., Inc.*
    2012 WL 2389998 (W.D. Wash. June 25, 2012) ...............................................8
*O'Connor v. Boeing N. Am., Inc.*
    184 F.R.D. 311 (C.D. Cal. 1998)....................................................................13
*Oshana v. Coca-Cola Co.*
    472 F.R.D. 506 (7th Cir. 2006)......................................................................14
*Rex v. Chase Home Fin. LLC*
    905 F. Supp. 2d 1111 (C.D. Cal. 2012)............................................................4
*Safeco Ins. Co. of Am. v. Burr*
    551 U.S. 47 (2007)......................................................................................5, 9
*Sullivan v. Kelly Servs., Inc.*
    268 F.R.D. 356 (N.D. Cal. 2010) ...................................................................13
*Summerfield v. Equifax Info. Servs., LLC*
    264 F.R.D. 133 (D.N.J. Sept. 30, 2009) .........................................................15
*Sutcliffe v. Wells Fargo Bank, N.A.*
    2012 WL 4835325 (N.D. Cal. Oct. 9, 2012) ...................................................12
*Williams v. LexisNexis Risk Mgmt., Inc.*
    2007 WL 2439463 (E.D. Va. Aug. 23, 2007) ..................................................15

**Statutes**

15 U.S.C. §§ 1681-1681x ...................................................................................passim

**Rules**

Fed. R. Civ. P. 23(b)(3)..........................................................................................13

## I.   INTRODUCTION

Plaintiffs Harold and Phyllis Meyer bring this consumer protection class action under the federal Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681-1681x. Defendant National Tenant Network, Inc. (NTN) now moves to dismiss Plaintiffs' Amended Complaint and to strike the class allegations.  Dkt. No. 21.[1]   The motion should be denied because Defendant ignores Plaintiffs' well-plead complaint and instead conjures up an entirely different case than the one actually plead.

Specifically, Defendant contends that Plaintiffs' FCRA section 1681e(c) claim allegedly fails because "section 1681e(c) only applies if adverse action has been taken against the consumer."  Dkt. No. 21 at p. 11.  Yet Plaintiffs here clearly plead that adverse action was taken against them when they were denied jobs because Defendant falsely reported that Mr. Meyer had a lengthy sex offender record, when he has no criminal record whatsoever.  Dkt. No. 18 at ¶¶ 33-34, 40.  Moreover, Defendant's own report plainly states, without qualification, that the users of its reports must keep them confidential and not disclose them to any applicant, such as Plaintiffs, in direct violation of FCRA section 1681e(c).

Next, Defendant argues that Plaintiffs FCRA section 1681g(a) claim fails allegedly because "NTN responded to their requests for information . . . ."  Dkt. No. 21 at p. 12.  Plaintiffs' Amended Complaint makes clear, however, that after Plaintiffs were denied employment because of Defendant's false and harmful report, Defendant repeatedly refused, upon Plaintiffs' requests, to provide them with copies of their files and their statement of rights, including the right to dispute the inaccurate criminal

---

[1] Defendant moves to dismiss Counts I, II, and III of Plaintiffs' Amended Complaint, but does not challenge Count IV, a claim under FCRA section 1681e(b). Therefore, even if Defendant's motion is granted, this case will not be dismissed.

history and have it promptly corrected. Dkt. No. 18 at ¶¶ 41-48. Even after Plaintiffs' counsel became involved, NTN still failed to provide Plaintiffs with complete copies of their files (including the sources of the false criminal history), as required by FCRA section 1681g(a). *Id.*.

Finally, Defendant insists that Plaintiffs' FCRA section 1681k(a) allegedly fails because their NTN reports "were meant for tenant screening" purposes, and not employment purposes. Dkt. No. 21 at pp. 15-16. But the Amended Complaint plainly says otherwise: the report was used for *employment purposes* and, indeed, Plaintiffs were *denied employment* in September 2012 at Shorewood RV Park as assistant resident managers because of Mr. Meyer's NTN report. Dkt. No. 18 at ¶¶ 27-40.

For the case actually plead, therefore, Plaintiffs Amended Complaint properly pleads cognizable causes of action under the FCRA. The class action allegations are also sufficient, and cannot properly be challenged at this point in the proceedings, but must await motion for class certification briefing. Defendant's motion must be denied.

## II.   FACTS AND ALLEGATIONS

In September 2012, Harold and Phyllis Meyer applied for employment as the assistant resident managers at Shorewood, Inc., d/b/a Shorewood RV Park (Shorewood). Dkt. No. 18 at ¶ 23. They were hired pending a background check. *Id.* at ¶¶ 26-28. In connection with Plaintiffs' application, Shorewood ordered consumer reports concerning the Plaintiffs from NTN. *Id.* at ¶ 29. NTN provided these reports on or around September 14, 2012. *Id.* These reports were provided at least in part for employment purposes. *Id.* at ¶ 30.[2]

---

[2] Plaintiffs do not dispute Defendant's assertion that the consumer reports about them were also sold for residential screening purposes, since Plaintiffs applied to live on-site at Shorewood as assistant *resident* managers. Dkt. No. 18 at ¶ 23. There is no doubt, however, that the reports were also used for employment purposes. Mr. and Mrs. Meyer were told that the background reports were for employment purposes, and

The report NTN sold to Shorewood about Plaintiff Harold Meyer contained false, derogatory, and inaccurate public record information identifying Mr. Meyer as a serial criminal and violent sex offender. *Id.* at ¶¶ 32-34. Specifically, Mr. Meyer's NTN report falsely stated that he had been found guilty of "SEXUAL BATTERY" and "AGGRAVATED ORAL SEXUAL BATTERY" and that he was a VIOLENT SEX OFFENDER [who had] FAIL[ed] TO REGISTER." *Id.* at ¶ 33.

These highly derogatory inaccuracies appeared on the report because NTN fails to employ reasonable procedures to assure the maximum possible accuracy of the information it places on its reports. *Id.* ¶¶ 35-36. Instead, NTN's loose matching criteria determined that information pertaining to an unrelated individual named "Charles Otis Meyer" and other individuals with similar names was placed on Harold Charles Meyer's consumer report. *Id.* NTN did not notify Mr. Meyer that it reported derogatory public record information about him, or notify him of the name and address of the entity to whom such information was reported. *Id.* at ¶ 37.

As a result of NTN's derogatory and inaccurate consumer report about Mr. Meyer, Plaintiffs were denied employment at Shorewood. *Id.* at ¶ 40. Quickly after being denied employment, Plaintiffs made numerous requests for copies of their consumer files from NTN, but NTN never provided complete copies of these files to the Plaintiffs. *Id.* at ¶¶ 41-44. Instead, NTN provided only partial information, and/or directed the Plaintiffs to other sources. *Id.* at ¶¶ 43-44. Plaintiffs also sought copies of their reports from Shorewood. *Id.* at ¶ 45. In response, Shorewood refused and indicated that NTN's uniform policy directs that "[r]eports must be kept in the strictest of confidence and ***must not be disclosed to the applicant***." *Id.* at ¶¶ 18, 47 (emphasis added).

---

the false criminal history on Mr. Meyer's report was the reason that Plaintiffs were denied employment at Shorewood. *See id.* at ¶¶ 27-28, 40.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

After further inquiry with the assistance of counsel, Plaintiffs eventually received copies of their reports from Shorewood, but not from NTN. *Id.* at ¶ 48.  Upon inquiry from Plaintiffs' counsel, Defendant disclosed only a partial report for Mr. Meyer, which was only two pages long and tellingly failed to include any information about the false criminal history that NTN had sold to Shorewood. *Id.* at ¶¶ 43-44.

Plaintiffs sued Defendant NTN on July 13, 2013 bringing claims under the federal Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681-1681x.  Dkt. No. 1. Because Defendant's FCRA violations are based upon uniform procedures which negatively affect hundreds or thousands of consumers, Plaintiffs brought this matter as a class action.

Defendant moved to dismiss Plaintiffs' Complaint on September 23, 2013.  Dkt. No. 7.  Plaintiffs filed their Amended Complaint on October 10, 2013. Dkt. No. 18. Plaintiffs made a corrected filing on November 27, 2013, attaching two exhibits (A and B) to the Amended Complaint, which were inadvertently omitted during the October 10, 2013 filing.  Defendant now moves to dismiss Plaintiffs' Amended Complaint and to strike its class allegations.  As will be discussed below, Defendant's arguments in support of its motion fail.

## II.   STATEMENT OF ISSUES

Does Plaintiffs' Amended Compliant properly plead causes of action under FCRA sections 1681e(c), 1681g(a), and 1681k(a)?

## III.   STANDARD

Under Rule 12(b)(6), the court may dismiss a complaint only if the allegations "fail to set forth a set of facts which, if true, would entitle the complainant to relief." *Rex v. Chase Home Fin. LLC*, 905 F. Supp. 2d 1111, 1123 (C.D. Cal. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).  A complaint must "raise the right to relief beyond the speculative level,"

that is, the allegations cannot simply rest upon "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* A claim is facially plausible, and survives a Rule 12(b)(6) motion to dismiss, if a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In conducting its Rule 12(b)(6) analysis, the court must take all of the plaintiff's well-pleaded factual allegations as true and construe all factual inferences in the plaintiff's favor. *Id.*

## IV.    ARGUMENT

"Congress enacted [the] FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). The Act imposes multiple duties upon "consumer reporting agencies" (CRAs), such as Defendant NTN. 15 U.S.C. § 1681a(f). Because of its "consumer oriented objectives," the Ninth Circuit has long embraced "a liberal construction of the FCRA." *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995).

### A. Plaintiffs Have Properly Stated a Claim for Violations of FCRA § 1681e(c)

A CRA may not prevent a user of a consumer report sold by the CRA about a consumer from disclosing the report to the consumer, if the user of the report has taken adverse action against the consumer based at least in part on the report. 15 U.S.C. § 1681e(c). Plaintiffs' Amended Complaint alleges that Shorewood, the user of the reports NTN sold about Plaintiffs, took adverse action against the Plaintiffs by denying them employment as assistant resident managers of Shorewood RV Park. Dkt. No. 18

5

at ¶ 40. Therefore Plaintiffs have alleged facts showing that adverse action was taken against them as a result of NTN's consumer report.[3]

Plaintiffs further allege in their Complaint that NTN maintains a practice and policy of prohibiting users of its consumer reports from disclosing those reports to consumers who are the subjects of the reports. *Id.* at ¶¶ 18, 47. The plain language of NTN's standard applicant screening authorization form prohibits users from providing NTN background reports to the subjects of those reports, stating that they "must not be disclosed to the applicant." *See* Exhibit A to Dkt. No. 18. This blanket prohibition is not limited or qualified in any way, nor does it allow the disclosure of the report to the consumer at a later time or under any circumstances.

This language is far more than a "reminder" to protect consumer information, as Defendant claims. The form clearly anticipates the existence of a report, and entirely prohibits the user from providing the report to the applicant who is the subject of the report. Moreover, Plaintiffs' Amended Complaint explains that Shorewood and NTN both refused to disclose the report to Plaintiffs despite their repeated requests, until counsel was involved, and even then NTN's disclosure was incomplete. Dkt. No. 18 at ¶¶ 41, 43-45, 47.

Plaintiffs' Amended Complaint thus plainly alleges that Plaintiffs were subject to an adverse action as a result of the consumer reports NTN sold to Shorewood, and that NTN's procedures and policies prevented Shorewood from disclosing those reports to the Plaintiffs. Therefore, Plaintiffs have properly alleged a violation of FCRA section 1681e(c) and Defendant's motion should be denied.

---

[3] The FCRA defines adverse action to include "a denial of employment or any other decision for employment purposes that adversely affects any current or prospective employee…." 15 U.S.C. § 1681a(k)(1)(B)(ii).

**B. Plaintiffs Have Properly Stated a Claim for Willful Violations of FCRA § 1681g(a)**

The FCRA requires CRAs to provide the consumer, upon request, with "[a]ll of the information in the consumer's file at the time of the request…."  15 U.S.C. § 1681g(a).  "File" is term defined in the FCRA, meaning "all of the information on that consumer recorded and retained by a consumer reporting agency regardless of how the information is stored."  *Id.* § 1681a(g).  The term "file" includes, but is not limited to, any information that "might be furnished, or has been furnished, in a consumer report on that consumer."  *Cortez v. Trans Union, LLC*, 617 F.3d 688, 711-12 (3d Cir. 2010) (citing *Gillespie v. Trans Union Corp.*, 482 F.3d 907, 909 (7th Cir. 2007)).  The purpose of such complete disclosure is to allow the consumer to access information being sold about him or her, and to dispute and correct inaccurate information.  *Id.* at 706.

Both Plaintiffs' original Complaint and Amended Complaint allege that NTN failed to provide all information contained in its files about Plaintiffs in response to their requests, in violation of FCRA section 1681g(a).  Dkt. No. 1 at ¶ 42; Dkt. No. 18 at ¶¶ 43-44.  In their original Complaint, Plaintiffs alleged that NTN responded to Plaintiffs' request for their files by directing them to a different source, and provided only a partial background report.  Dkt. No. 1 at ¶ 42.  Plaintiffs' Amended Complaint further elaborates that NTN directed Plaintiffs to another CRA to "access the actual credit report" and refused Plaintiffs' requests until an attorney was involved.  Dkt. No. 18 at ¶¶ 41-44.  Even once an attorney was involved, NTN provided only a partial file, with no reference at all to the harmful criminal history that caused Plaintiffs to be denied employment.  *Id.* at ¶ 44.

Plaintiffs clearly state in their Amended Complaint that they "never received complete copies of their consumer reports *from NTN*, despite their numerous requests and numerous requests through counsel."  *Id.* at ¶ 48 (emphasis added).  Instead,

7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiffs clearly allege that they "were eventually provided a copy of their NTN background reports *from Shorewood*." *Id.* (emphasis added).

Defendant's assertion that Plaintiffs have contradicted facts plead in earlier pleadings is not supported by the Amended Complaint, and the case Defendant cites is inapposite. In *King County, Wash. v. Merrill Lynch & Co., Inc.*, the defendants moved to strike allegedly inconsistent allegations in an amended complaint. 2012 WL 2389998, at *3 (W.D. Wash. June 25, 2012). Because the plaintiffs there merely plead additional facts in the amended complaint which were absent from the original complaint, the court found no inconsistency between the pleadings. *Id.* The court found that the defendants' characterization of the allegations as "inconsistent" to be false, and denied the motion. *Id.* at *3-4. Here, as in *King County*, Defendant mischaracterizes the allegations of the original and Amended Complaints, and the additional facts plead in the Amended Complaint do not render the pleadings inconsistent.

Further, Plaintiffs have properly alleged willful violations of the FCRA. Plaintiffs allege that NTN routinely and as a matter of policy and practice fails to disclose the full contents of a consumer's file to the consumer upon request. Dkt. No. 18 at ¶¶ 16, 20. Plaintiffs' allegations explain in detail that the experience of Mr. and Mrs. Meyer was not an isolated incident caused by negligence, but was the result of Defendant's "deliberately designed policies and procedures." *Id.* at ¶¶ 16, 18-22. Plaintiffs allege that NTN instructs users of its consumer reports not to disclose the result to consumers, and when consumers go directly to NTN, NTN misdirects them to other CRAs. *Id.* at ¶¶ 18, 20, 41-44, 47. Plaintiffs repeatedly requested their own files from NTN, and were refused. *Id.* ¶¶ at 41-42. Even after the involvement of an attorney, Defendant only provided a partial copy of the report it sold about Plaintiffs. *Id.* at ¶¶ 43-44. Therefore, Plaintiff has properly plead a claim under FCRA section

1681g(a), and such a violation could be found  by a reasonable jury to be willful in this case.

Furthermore, Defendant makes no showing that it has some reasonable reading of the FCRA which would allow it the limited safe harbor defense announced in *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007).  Indeed, Defendant does not even articulate any reading of FCRA section 1681g, much less an objectively reasonable reading that would justify Defendant's refusal to provide to Plaintiffs complete copies of their files and statement of rights upon request.

Plaintiffs' Amended Complaint is entirely consistent with their original Complaint, and properly alleges willful violations of FCRA section 1681g(a). Therefore, Defendant's motion should be denied.

## C. Plaintiff Harold Meyer Has Properly Stated a Claim for Violation of FCRA § 1681k(a).

In addition to the class claims brought by both Plaintiffs, Plaintiff Harold Meyer has brought individual claims against NTN for violations of FCRA sections 1681e(b) and 1681k(a).  Defendant challenges only Mr. Meyer's 1681k claim.

Consumer reporting agencies have special duties with regard to consumer reports furnished for employment purposes.  15 U.S.C. § 1681k.  A CRA that sells consumer reports for employment purposes which include public record information likely to have an adverse effect upon employment decisions can comply with the FCRA in two ways: (1) by providing contemporaneous notice to the consumer, or (2) by maintaining strict procedures to ensure that information reported is complete and up to date.  *Id.*; *Dalton v. Capital Assoc. Indus., Inc.*, 257 F.3d 409, 417 (4th Cir. 2001); *Haro v. Shilo Inn*, 2009 WL 2252105, at *3 (D. Or. July 27, 2009).

Here, Mr. Meyer has clearly plead that the consumer report NTN sold about him was for employment purposes.  Dkt. No. 18 at ¶¶ 11, 26-30.  Mr. Meyer's Amended Complaint further alleges that the report NTN sold about Mr. Meyer contained false

9

and highly derogatory public record information identifying him as a serial sexual offender, records which were likely to have an adverse effect on his ability to obtain employment. *Id.* at ¶¶ 31-34.  The Amended Complaint alleges, and NTN does not contest, that NTN did not send Mr. Meyer a notice informing him that it sold a report containing this derogatory public record information at the time it sold the report to Shorewood. *Id.* at ¶ 38.  Contrary to NTN's assertion, the Amended Complaint clearly claims that NTN does not satisfy the alternative method of complying with FCRA section 1681k, because NTN does not maintain strict procedures to ensure that the public record information it reports is complete and up to date. *Id.* at ¶ 39.

Defendant's arguments about the use and format of the authorization form have no basis in the text of the FCRA, and are simply irrelevant.  The fact that the authorization form Shorewood used to request consumer reports on the Plaintiffs from NTN is typically used for residential screening does not mean that the reports NTN sold to Shorewood about Plaintiffs were in fact used only for such a purpose.  Plaintiffs' Amended Complaint clearly pleads that the consumer reports NTN sold about Plaintiffs were used for employment purposes, and that the report on Mr. Meyer indeed caused Plaintiffs to be denied employment at Shorewood. *Id.* at ¶¶ 11, 26-30, 40.

Defendant does not claim that it maintains strict procedures to ensure that consumer reports containing adverse public record information are complete and up to date, but merely claims that Plaintiffs failed to allege the absence of such procedures. Dkt. No. 21 at pp. 9-10.  In fact, Plaintiffs' Amended Complaint states in paragraph 39 that "NTN does not maintain strict procedures designed to ensure that such derogatory public record information is complete and up to date, as required by 15 U.S.C. § 1681k(a)(2)."  Dkt. No. 18 at ¶ 39.

Furthermore, the relevant issue is not whether the derogatory public record information was "up to date," as NTN suggests, but whether it was *complete*.  Dkt. No. 21 at p. 10.  Had NTN maintained procedures to ensure that the information it reports

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

is complete, it would have possessed evidence -- such as the social security number, date of birth and full name of the criminal, which are all available in the complete public record for these crimes -- clearly showing that the criminal records were not related in any way to Mr. Meyer.  Such truly complete information would have allowed NTN to avoid the colossal error of reporting such highly derogatory information about the wrong individual.

Plaintiff has properly plead facts which, taken as true, state a claim under FCRA section 1681k, and therefore Defendant's motion to dismiss should be denied.

### D. Plaintiffs' Class Claims
#### 1.  Consideration of Class Certification is Premature

Defendant seeks to strike Plaintiffs' class allegations.  Courts within this Circuit, however, generally refuse to strike class allegations in Rule 12 motions because arguments pertaining to class definitions are better addressed in the Rule 23 analysis, after discovery has taken place.  *See Cruz v. Sky Chefs, Inc.*, 2013 WL 1892337, at *4–5 (N.D. Cal. May 6, 2013) (noting "many courts have recognized that the sufficiency of class allegations are better addressed through a class certification motion, after the parties have had an opportunity to conduct some discovery" and collecting multiple cases from the Ninth, Third, and Eighth circuits so holding); *Guzman v. Bridgeport Educ., Inc.*, 2013 WL 593431, at *6 (S.D. Cal. Feb. 13, 2013) (noting that "the granting of motions to dismiss class allegations before discovery has commenced is rare"); *Sutcliffe v. Wells Fargo Bank, N.A.*, 2012 WL 4835325, at *4 (N.D. Cal. Oct. 9, 2012) ("[D]istrict courts rarely strike class allegations at the pleading stage.").  The Court should similarly decline to strike the class allegations until NTN makes a proper challenge at the class certification stage.

11

**2.  Plaintiffs Have Properly Plead Class Claims**

Defendant's arguments concerning Plaintiffs' proposed classes are premature and unfounded.

a.  The Proposed Classes Are Ascertainable As Defined

A proposed class is sufficiently ascertainable if it particularly identifies a distinct group of plaintiffs through reference to objective criteria. *Sullivan v. Kelly Servs., Inc.*, 268 F.R.D. 356, 362 (N.D. Cal. 2010).   A class definition "is sufficient if the description of the class is 'definite enough so that it is administratively feasible for the court to determine whether an individual is a member.'" *Id.* (quoting *O'Connor v. Boeing N. Am., Inc.*, 184 F.R.D. 311, 319 (C.D. Cal. 1998)).   Administrative feasibility can be shown if "'defendant['s] business records should be sufficient to determine the class membership of any given individual.'" *Akaosugi v. Benihana Nat. Corp.*, 282 F.R.D. 241, 256 (N.D. Cal. 2012) (quoting *Hofstetter v. Chase Home Fin.*, 2011 WL 1225900, at *12 (N.D. Cal. March 31, 2011)).[4]

Plaintiffs have plead two classes defined through objective criteria, allowing all class members to be identified through a review of Defendant's business records.  *See* Dkt. No. 18 at ¶ 58.   For the FCRA section 1681e(c) class, the only question in determining class membership will be whether Defendant sold a consumer report about an individual within the relevant time period, a fact which is easily determinable through a cursory review of Defendant's business records.  *Id.* at ¶ 52(a).  It is equally

---

[4]  The cases Defendant cites arguing against ascertainability are neither binding nor persuasive, as they are all from courts outside this Circuit, and each was decided on a proper motion for class certification, not at the motion to dismiss stage.  *See Edwards v. McCormick*, 196 F.R.D. 487, 489 (S.D. Ohio 2000) ("This matter comes before the Court on Plaintiffs' Motion for Class Certification…."); *Clay v. Am. Tobacco Co.*, 188 F.R.D. 483, 485 (S.D. Ill. 1999) ("This matter is before the Court on the plaintiffs' motion for class certification."); *Oshana v. Coca-Cola Co.*, 472 F.R.D. 506, 509-10 (7th Cir. 2006) (describing extensive procedural history, including class certification and summary judgment); *Forman v. Data Transfer, Inc.*, 164 F.R.D. 400, 402 (E.D. Pa. 1995) ("Plaintiff moves for class certification.").

feasible to determine membership in the FCRA section 1681g(a) class, by reviewing Defendant's business records to determine the number of consumers who requested their files from NTN and/or to whom Defendant sent a letter directing the consumer to a different CRA in order to view the consumer's "actual credit report." *See id.* at ¶ 52(b); Exhibit B to Dkt. No. 18.   Particularly at the pleading stage, these class definitions are sufficient to ascertain the proposed classes.   Therefore, Defendant's motion to strike Plaintiffs' class allegations should be denied.

> b.   At the Class Certification Stage of This Case, It Will Be Demonstrated That Class Issues Predominate and a Class Action is a Superior Method of Adjudicating This Controversy

In order to certify a class, the party moving for certification must demonstrate, among other requirements, that "common questions predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."   Fed. R. Civ. P. 23(b)(3).   Multiple courts have found that FCRA statutory damages claims revolving around common policies and practices are appropriate for class certification because common questions predominate and class treatment is superior to individual adjudication.  *See, e.g.*, *Williams v. LexisNexis Risk Mgmt., Inc.*, 2007 WL 2439463, at *4-6 (E.D. Va. Aug. 23, 2007); *Chakejian v. Equifax Info. Servs., LLC*, 256 F.R.D. 492, 498, 500-01 (E.D. Pa. 2009); *Summerfield v. Equifax Info. Servs., LLC*, 264 F.R.D. 133, 139, 142 (D.N.J. Sept. 30, 2009).   At a proper time, Plaintiffs will demonstrate that this is such a case.

It is premature to engage in such analysis now, but upon a motion for class certification, Plaintiffs will have no difficulty in demonstrating predominance and superiority, as in the FCRA class cases cited above.   As Plaintiffs allege in the Amended Complaint, this case revolves around Defendant's uniform policies and procedures with regard to the disclosure of consumer reports to consumers.   Dkt. No. 18 at ¶¶ 16-20.   The Amended Complaint alleges that the members of the classes

defined therein were subject to NTN's policies and procedures, and received form documents reflecting these procedures, including its applicant screening authorization form and either a failure to provide a complete file or a misleading communication sent to consumers who requested the contents of their file from NTN. *Id.* at ¶¶ 17, 19, 52.

Plaintiffs have therefore properly plead class allegations in the Amended Complaint, and this Court should allow full discovery and briefing before deciding the issue of class certification.

## V.  CONCLUSION

For all the reasons discussed above, Plaintiffs Harold and Phyllis Meyer respectfully request that this Court deny Defendant's Motion to Dismiss Plaintiffs' Amended Complaint and Motion to Strike Class Allegations.

Dated:          December 3, 2013

Respectfully submitted,

By:   */s/ John Soumilas*

**FRANCIS & MAILMAN, P.C.**

James A. Francis (*pro hac vice*)
John Soumilas (*pro hac vice*)
David A. Searles (*pro hac vice*)
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia PA 19110
Telephone:  (215) 735-8600
Facsimile:  (215) 940-8000
jfrancis@consumerlawfirm.com
jsoumilas@consumerlawfirm.com
dsearles@consumerlawfirm.com

Andrew J. Ogilvie (SBN 57932)
Carol M. Brewer (SBN 214035)
**ANDERSON, OGILVIE & BREWER**
235 Montgomery Street, Suite 914
San Francisco, California 94104-3000
Telephone: (415) 651-1952
Facsimile: (415) 500-8300
andy@aoblawyers.com
carol@aoblawyers.com

*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 3, 2013, I electronically filed the foregoing document with the Clerk of Court using the Court's CM/ECF system. Participants in this case who are registered CM/ECF users will be served by the CM/ECF system.

*/s/ John Soumilas*
John Soumilas