IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD MEYER, et al., <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL TENANT NETWORK, INC., <br><br> Defendant. | Case No.: C-13-03187 JSC <br><br> **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS** |

In this Fair Credit Reporting Act ("FCRA") case, Plaintiffs Harold and Phyllis Meyer bring suit against Defendant National Tenant Network, Inc. following the revelation of an inaccurate consumer report that informed Plaintiffs' prospective employer and landlord that Plaintiff Harold Meyer was a violent sex offender. Now pending before the Court is Defendant's motion to dismiss Plaintiffs' First Amended Complaint ("FAC"). (Dkt. No. 21.) After carefully considering the parties' submissions, and having had the benefit of oral argument on January 16, 2014, the motion is GRANTED in part and DENIED in part.

//

//

**ALLEGATIONS OF THE FIRST AMENDED COMPLAINT**

In September 2012, Plaintiffs sought to work, and live, at Shorewood RV Park ("Shorewood"). Plaintiffs were subsequently hired as assistant resident managers, pending a background check. Shorewood purchased consumer reports concerning Plaintiffs from Defendant, which "were at least in part for employment purposes." (Dkt. No. 18 ¶ 30.)

Plaintiff Harold Meyer's consumer report inaccurately reported three criminal sex offense records, which were listed as: "VIOLENT SEX OFFENDER FAIL TO REGISTER;" "SEXUAL BATTERY;" and "AGGRAVATED ORAL SEXUAL BATTERY." (*Id.* at ¶ 33.) Plaintiff is not a sex offender. These inaccuracies appear to be caused by Defendant mixing Plaintiff Harold Charles Meyer's consumer report with that of Charles Otis Meyer and several other individuals with similar names.

Plaintiffs were denied employment and residence at Shorewood. "Plaintiffs were specifically told that a substantial factor for the denial, and the reason they would not be able to work or live at Shorewood, was that Mr. Meyer was identified as a 'pedophile' in the NTN background check." (*Id.* at ¶ 40.)

Plaintiffs called Defendant and orally requested copies of their files in late September or early October 2012, soon after they were denied by Shorewood. Plaintiffs separately requested their files from Defendant in early December 2012. "Defendant never provided Plaintiffs with copies of their files in response to any of these requests." (Dkt. No. 18 ¶ 41.)

Later in December 2012, Plaintiffs' attorney made a written request for their files from Defendant. In response, Defendant included two pages of Mr. Meyer's background report and informed Plaintiffs that "[t]o access the actual credit report the applicant may go directly to Experian at http://www.experian.com/." (*Id.* at ¶ 43.) The response, however, included no information about the sex offender criminal records or the credit history records that Defendant had earlier furnished to Shorewood.

Plaintiffs turned to Shorewood in an attempt to get copies of the inaccurate consumer report. Shorewood, however, denied Plaintiffs' request, stating that Plaintiffs had executed a standard

2

1 Applicant Screening Authorization Form, required by Defendant, that prohibited Shorewood from
2 providing the background reports to Plaintiffs.
3 Nonetheless, "upon further inquiry by their attorney," Plaintiffs were eventually provided a
4 copy of their background reports from Sherwood, though Plaintiffs "never received complete copies
5 of their consumer files or reports from [Defendant]." (*Id.* at ¶ 48.)

## LEGAL STANDARD

A Rule 12(b)(6) motion challenges the sufficiency of a complaint as failing to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facial plausibility standard is not a "probability requirement" but mandates "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). For purposes of ruling on a Rule 12(b)(6) motion, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). "[D]ismissal may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008) (internal quotations and citations omitted); *see also Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law").

Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), under which a party is only required to make "a short and plain statement of the claim showing that the pleader is entitled to relief," a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555.) "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."). The court must be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556

U.S. at 663. "Determining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 663-64.

If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks and citations omitted).

## DISCUSSION

Defendant's motion seeks dismissal of the following three claims: 1) violation of FCRA § 1681e(c); 2) violation of FCRA § 1681g(a); and 3) violation of FCRA § 1681k(a). Defendant further seeks to dismiss the class action claims for the first two causes of action. The Court discusses each claim in turn below.

**A.   Count I: Section 1681e(c)**

Plaintiffs' first claim alleges that Defendant willfully prohibits the users of its consumer reports from disclosing the contents of those reports to the consumer, in violation of Section 1681e(c). That section provides:

> A consumer reporting agency may not prohibit a user of a consumer report furnished by the agency on a consumer from disclosing the contents of the report to the consumer, if adverse action against the consumer has been taken by the user based in whole or in part on the report.

15 U.S.C. § 1681e(c). Plaintiffs' claim is based, at least in part, on Defendant's Applicant Screening Authorization Form, which Defendant requires to be filled out by both the applicant (here, Plaintiffs) and the user (Shorewood). The form states that "[r]eports must be kept in the strictest confidence and must not be disclosed to the applicant. I will not email this form or any other personal, financial or any other sensitive information." (Dkt. No. 1, Ex. A at 17.) Because the form states that the report, without exception, "must not be disclosed" to the consumer, Plaintiffs have stated a claim under Section 1681e(c), which forbids Defendant from prohibiting the user's disclosure of the report to the consumer if adverse action against the consumer has been taken by the user, as is alleged here.

4

1      Defendant's arguments to the contrary are unpersuasive.  Defendant asserts that the
2 authorization form does not violate Section 1681e(c) because it does not state "that the user may
3 *never* disclose a report to the consumer."  (Dkt. No. 21 at 5.)  Defendant further contends that the
4 language simply reminds the user to protect the consumer's sensitive data.  Defendant's contentions,
5 however, are based on an alternative interpretation of the form, which is not dispositive given
6 Plaintiff's own plausible interpretation of the form.  *See Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir.
7 2011) ("If there are two alternative explanations, one advanced by defendant and the other advanced
8 by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss under Rule
9 12(b)(6).  Plaintiff's complaint may be dismissed only when defendant's plausible alternative
10 explanation is so convincing that plaintiff's explanation is *im*plausible.").

11      Nor is Plaintiff's reading of the form "implausibly literal."  (Dkt. No. 34 at 3.)  While it would
12 be unwise for Defendant to maintain a business practice in violation of the law, it is not implausible
13 that Defendant would do so.  As noted above, a plausible interpretation of the form is that it prohibits
14 Shorewood from disclosing the report to Plaintiffs under any circumstance.

15      Defendant also asserts that the form's statement alone cannot form the basis for Plaintiffs'
16 claim because it is not "in a statement directly from NTN to Plaintiffs or in a detailed policy book."
17 (*Id.* at 4.)  However, not only are no such requirements found in the statute, but the Court fails to see
18 the logic of limiting the statute to statements made "directly" to the consumer.  After all, a consumer
19 reporting agency's liability under Section 1681e(c) is based on its instructions to the user, not the
20 consumer.  Similarly, while Defendant's policy may actually allow for disclosure of the report
21 pursuant to Section 1681e(c), Defendant's application form plausibly suggests that the policy is
22 otherwise.  To survive a Rule 12(b)(6) motion, Plaintiffs need not make allegations that negate other
23 plausible scenarios that are more favorable to Defendant.

24      The Court also fails to see the significance of Shorewood's eventual disclosure of the report.
25 Nothing in the statute extinguishes Defendant's liability if the user at any point discloses the form to
26 the consumer.  Further, as Defendant itself argues elsewhere in its motion, Shorewood's apparently
27 shifting interpretation of its authority to disclose the report is not controlling.

28

5

1 Finally, Defendant argues that Section 1681c(e) is violated only where the "sole purpose of the
2 adverse action was for employment purposes." (Dkt. No. 34 at 5.) Defendant contends that Section
3 1681c(e) is meant to ensure that credit reporting agencies, such as Defendant, do not prohibit
4 disclosure because such a prohibition would run afoul of Section 1681b(b)(3)(A), which mandates
5 that users disclose the report to job applicants if the user is going to take adverse action against the job
6 applicant based in whole or in part on the report. *See* 15 U.S.C. § 1681b(b)(3)(A). However, neither
7 the statutory language nor logic supports Defendant's argument. While forbidding credit reporting
8 agencies from prohibiting disclosure is certainly in line with a user's affirmative disclosure
9 requirements under Section 1681b(b)(3)(A), it does not follow that Section 1681c(e) applies only to
10 instances where employment was the report's sole purpose. Just because there may be no affirmative
11 duty to disclose, it does not mean that credit reporting agencies can forbid disclosure in all
12 circumstances outside the employment context.

**B.     Count II: Section 1681g(a)**

In their second claim, Plaintiffs allege that Defendant violated the FCRA by willfully failing to provide them with all the information in their file. Section 1681g(a) provides in relevant part: "Every consumer reporting agency shall, upon request, and subject to section 1681h(a)(1) of this title, clearly and accurately disclose to the consumer . . . [a]ll information in the consumer's file at the time of the request." 15 U.S.C. § 1681g(a). Plaintiffs allege that they twice made telephonic requests to Defendant for copies of their files, but were never provided with any documents. (*See* Dkt. No. 18 ¶ 41.) Plaintiffs further allege that although in late December 2012 their attorney was able to successfully request their files from Defendant, the files were incomplete; namely, Mr. Meyer's file disclosed "no information about the sex offender criminal records or the credit history records that NTN had, in fact, furnished to Sherwood in September 2012." (*Id.* at ¶ 44.) These allegations are sufficient to state a claim under Section 1681g(a). Plaintiffs requested copies of their file twice, but were provided nothing. Further, once Defendant disclosed some of the files, the disclosure was incomplete, omitting any information concerning the sex offender criminal records or the credit history records furnished to Sherwood.

6

1  Defendant's arguments to the contrary are unavailing. Defendant's primary contention is that
2  it disclosed only what was in Plaintiffs' files "at the time of the request," just as Section 1681g(a)
3  requires. 15 U.S.C. § 1681g(a)(1). Defendant asserts that Plaintiffs' claim fails since they do not
4  allege that the criminal history records were still in Mr. Meyer's file when the requests were made.
5  Given Plaintiffs' allegations, which must be taken as true, Defendant's argument makes little sense.
6  Plaintiffs allege that they made two telephonic requests that went unanswered before their attorney
7  was finally successful, at least partially, with a third request. According to Defendant's theory, it did
8  not provide any documents to Plaintiffs following their first two requests because there were no
9  documents to produce. However, because Plaintiffs' first request was less than a month after
10 Defendant furnished its report to Sherwood, it is plausible that Defendant still maintained Plaintiffs'
11 files. Moreover, following Plaintiffs' third request made through their attorney, Defendant disclosed
12 at least part of Plaintiffs' files. Defendant fails to explain why the files would go in and out of
13 existence. Plaintiffs' initial requests, pursuant to which no documents were disclosed, by themselves
14 support a Section 1681g(a) claim.

15  At the hearing, Defendant appeared to argue that the three requests should be considered a
16 single request, which Defendant eventually responded to. Even if the Court were to view the requests
17 as one, the inference that the production was not a complete copy of the file on the day of the request
18 would still be plausible since Plaintiff alleges that his request was first made as early as late
19 September, approximately two weeks after Defendant produced the incorrect information to
20 Shorewood. Defendant also asserted at the hearing that Plaintiff's claim was defective because the
21 Complaint does not explicitly use the words in the statute, namely, that the allegedly missing
22 information was in the file "at the time of the request." The Court disagrees that Plaintiff must spell
23 out the words of the statute to state a claim sufficient to survive Rule 12(b)(6).

24  Defendant also contends that Plaintiff's claim fails since Plaintiff was eventually given a
25 complete copy of his file. Whether Defendant's eventual disclosure of Mr. Meyer's file was a copy of
26 his complete file at the time of the request is a question that cannot be resolved on a motion to
27 dismiss. While Defendant asserts that the file may have been "purged" following the furnishing of the
28 report to Shorewood, this assertion—which is not alleged in the Complaint—cannot trump the

7

1  plausible inference that a complete file would include at least a reference to information disclosed to
2  Shorewood only a few months earlier.  Defendant's cited authority is inapposite as those cases
3  resolved the question on a motion for summary judgment, not a motion to dismiss.  *See Eller v.*
4  *Experian Info. Solutions, Inc.*, 2009 WL 2601370, at *23 (D. Colo. Aug. 20, 2009) (granting
5  Experian's motion for summary judgment on plaintiff's Section 1681g claim because "Plaintiff has
6  provided . . . no evidence to suggest the September 27, 2007 report that Experian provided was
7  deficient"); *see also Ben-Hur v. Equifax Info. Servs., Inc.*, 976 F. Supp. 795, 806 (E.D. Wis. 1997) ("It
8  is undisputed (or at least the plaintiff has not proffered any evidence to counter that proffered by
9  Equifax) that at the time Ben–Hur requested the report, Equifax no longer had any information in its
10 files, much less a copy of the report, concerning the 1990 investigation of Ben–Hur's disability
11 claim.").[1]

12 Finally, because Defendant's arguments regarding the willfulness of its conduct are
13 coextensive with its arguments regarding whether the complete file was disclosed, the Court denies
14 Defendant's motion to dismiss Plaintiff's claim for lack of willful conduct for the same reasons
15 discussed above.

16 **C.  Count III: Section 1681k(a)**

17 Plaintiffs allege that Defendant violated the FCRA by "negligently and willfully failing to
18 provide Mr. Meyer with notice at the time that it was selling adverse public records about him, and
19 the source of such information and by failing to maintain strict procedures to insure that adverse
20 public records information it reports is complete and up to date."  (Dkt. No. 18 ¶ 75.)  Section
21 1681k(a) provides:

22 > A consumer reporting agency which furnishes a consumer report for employment
23 > purposes and which for that purpose compiles and reports items of information on
>   consumers which are matters of public record and are likely to have an adverse effect
24 > upon a consumer's ability to obtain employment shall--

---

[1] Defendant also appears to take issue with a stray line from Plaintiffs' opposition that "NTN misdirects [consumers] to other CRAs."  (Dkt. No. 32-1 at 8.)  Unlike Defendant, the Court does not construe this statement as asserting a separate basis for liability under Section 1681g(a)'s requirement that the consumer reporting agency, upon request, provide the sources of the information.  As Defendant points out, the FAC makes no such allegation.

8

> (1) at the time such public record information is reported to the user of such consumer report, notify the consumer of the fact that public record information is being reported by the consumer reporting agency, together with the name and address of the person to whom such information is being reported; or
>
> (2) maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date. For purposes of this paragraph, items of public record relating to arrests, indictments, convictions, suits, tax liens, and outstanding judgments shall be considered up to date if the current public record status of the item at the time of the report is reported.

15 U.S.C. § 1681k(a).  Defendant contends that Plaintiffs' claim under this statute fails because Plaintiff has failed to allege that Defendant either knew or should have known that the report it furnished to Shorewood would be used for employment purposes.  The Court agrees..

Plaintiffs assert that they adequately allege that the report Defendant sold to Shorewood was for employment purposes, citing Paragraphs 11 and 26 through 30.  However, those paragraphs include no allegations regarding Defendant's knowledge that the report would be used to evaluate Plaintiffs' employment application in addition to their tenancy application; rather, those paragraphs simply allege that Shorewood used Plaintiffs' reports for employment purposes.  Further, the absence of such allegations is amplified by the language in the Applicant Screening Authorization Form that Plaintiffs attached to the original complaint.  That form informs the applicant that Defendant is making its inquiry "to evaluate [the applicant's] *tenancy* and credit standing," and that if the applicant is "denied *tenancy*" due to the report, the applicant has the right to dispute the report's accuracy. (Dkt. No. 1, Ex. A at 17-18 (emphasis added).)  The form also refers to Shorewood as the "Rental Owner" and includes a line for "Monthly Rent for Unit," among other indications that the report, as far as Defendant is concerned, is meant to evaluate Plaintiffs' tenancy application, not their employment application.  (*Id.*)  If Defendant did not know, and should not have known, that the report was to be used for employment purposes, then Defendant cannot be expected to, among other things, "notify the consumer of the fact that public record information is being reported by the consumer reporting agency."  15 U.S.C. § 1681k(a)(1).  Defendant's motion to dismiss Plaintiffs' Section 1681k(a) claim is accordingly GRANTED with leave to amend.

**D.     The Class Action Claims**

Defendant challenges the class claims as deficient under Rule 12(b)(6). (*See* Dkt. No. 21 at 1 ("Further, defendant NTN will and hereby does move this Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), for an order dismissing Plaintiffs' class action allegations.").) Defendant, however, cites no authority for the proposition that Rule 12(b)(6) is a proper vehicle for dismissing class claims. In fact, at least two courts in this District have denied motions to dismiss class allegations, holding that such arguments are more appropriately addressed through Rule 23 for procedural reasons:

> First, Rule 12(b)(6) permits a party to assert a defense that the opposing party has failed "to state a claim upon which relief can be granted." A class action is a procedural device, not a claim for relief. *See Deposit Guaranty Nat'l Bank v. Roper*, 445 U.S. 326, 331 (1980). Second, other Federal Rules of Civil Procedure exist to address impertinent allegations and class certification. Thus, the use of Rule 12(b)(6) to address the same would create redundancies in the Federal Rules. Finally, the standard of review applied to orders granting motions to dismiss differs from that governing orders granting or denying class certification. The Ninth Circuit reviews de novo orders dismissing claims pursuant to Rule 12(b)(6). *Whittlestone, [Inc. v. Handi–Craft Co.*,] 618 F.3d 970, 974 [(9th Cir. 2010)]. Grants and denials of class certification, however, are reviewed for abuse of discretion. *Marlo v. United Parcel Serv.*, 639 F.3d 942, 946 (9th Cir. 2011).

*Clerkin v. MyLife.Com*, 2011 WL 3809912, at *3 (N.D. Cal. Aug. 29, 2011); *see Cruz v. Sky Chefs, Inc.*, 2013 WL 1892337, at *5 (N.D. Cal. May 6, 2013). The Court agrees with the *Clerkin* and *Cruz* courts and therefore DENIES Defendant's motion to dismiss without prejudice.

Although Defendant sometimes refers to "striking" the class action allegations, Defendant never actually cites Federal Rule of Civil Procedure 12(f), which governs motions to strike. In any event, while defendant cites several cases—though no Ninth Circuit authority—for the proposition that class allegations can be stricken at the pleadings stage, "it is in fact rare to do so in advance of a motion for class certification." *Cholakyan v. Mercedes-Benz USA, LLC*, 796 F. Supp. 2d 1220, 1245 (C.D. Cal. 2011) (collecting cases). Further, while Plaintiffs' class claims may ultimately fail, Defendant has not explained what about those class allegations are "redundant, immaterial, or impertinent and scandalous matter." Fed. R. Civ. P. 12(f). Thus, to the extent Defendant also moves to strike Plaintiffs' class allegations, that motion is DENIED without prejudice.

**CONCLUSION**

For the reasons stated above, Defendant's motion is DENIED, except as to Defendant's motion to dismiss Plaintiffs' Section 1681k(a) claim, which is GRANTED with leave to amend. Plaintiffs shall file an amended complaint within 21 days of the date of this Order.

IT IS SO ORDERED.

Dated: January 17, 2014

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE