United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD MEYER, et al., | Case No. 13-cv-03187-JSC |
| Plaintiffs, | |
| v. | **ORDER FOR FURTHER BRIEFING AND RESCHEDULING HEARING ON MOTION TO DISMISS** |
| NATIONAL TENANT NETWORK, INC., | |
| Defendant. | |

Now pending before the Court is Defendant's motion to dismiss Plaintiffs' third claim in their Third Amended Complaint ("TAC") for violation of Section 1785.18(a) of the California Consumer Credit Reporting Agencies Act ("CCRAA"). (Dkt. No. 51.) Plaintiffs allege that Defendant violated the CCRAA by failing to include in the credit report given to Plaintiffs' prospective landlord/employer the name of the third-party vendor that supplied Plaintiff Harold Meyer's erroneous criminal record. Plaintiffs further allege that they were injured by Defendant's failure to supply the source of the information in the report because Defendant's conduct "protracted" Plaintiffs' efforts to discover from where the erroneous information derived. Even if they were not injured, Plaintiffs assert that they can nevertheless bring their claim and enjoin Defendant from selling consumer reports without identifying the source of public record information. (*See* Dkt. No. 55-1 at 8 (citing Cal. Civ. Code § 1785.31(b)).)

Defendant is a business based in Oregon. The non-party who purchased the credit report in question from Defendant is also located in Oregon. While not entirely clear from the face of the TAC, it appears that Plaintiffs have been California residents for the entire relevant time period (though they were trying to move to Oregon). The presumption against extraterritoriality, which Defendant raises for the first time in its reply brief, requires courts to "presume the Legislature did

not intend a statute to be operative, with respect to occurrences outside the state, . . . unless such intention is clearly expressed or reasonably to be inferred from the language of the act or from its purpose, subject matter or history." *Sullivan v. Oracle Corp.*, 51 Cal. 4th 1191, 1207(2011). "The presumption against extraterritoriality is one against an intent to encompass *conduct* occurring in a foreign jurisdiction in the prohibitions and remedies of a domestic statute." *Diamond Multimedia Sys., Inc. v. Super. Ct.*, 19 Cal. 4th 1036, 1059 n.20 (1999); *see also N. Alaska Salmon Co. v. Pillsbury*, 174 Cal. 1, 4 (1916) ("Although a state may have the power to legislate concerning the rights and obligations of its citizens with regard to transactions accurring [sic] beyond its boundaries, the presumption is that it did not intend to give its statutes any extraterritorial effect."). Defendant contends that because the TAC seeks to apply the CCRAA to conduct occurring in Oregon that did not cause an injury to California residents in California, the presumption against extraterritoriality applies. Defendant requests that the Court order supplemental briefing on the issue and reschedule the hearing on its motion to dismiss.

Since Defendant would be entitled to move for judgment on the pleadings under Rule 12(c) even if the Court were to deny its request, it is more efficient to consider and rule on the issues raised at one time. The Court accordingly sets the following supplemental briefing schedule on the issue of extraterritoriality:

| | |
|---|---|
| Defendant's supplemental motion to dismiss due by: | May 21, 2014 |
| Plaintiffs' supplemental opposition due by: | May 28, 2014 |
| Defendant's reply due by: | June 2, 2014 |
| Hearing: | June 19, 2014 at 9:00 a.m. |

**IT IS SO ORDERED.**

Dated: May 13, 2014

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge