Andrew J. Ogilvie (SBN 57932)
Carol M. Brewer (SBN 214035)
**ANDERSON, OGILVIE & BREWER**
235 Montgomery Street, Suite 914
San Francisco, California 94104-3000
Telephone: (415) 651-1952
Facsimile: (415) 500-8300
andy@aoblawyers.com
carol@aoblawyers.com

James A. Francis (*pro hac vice*)
John Soumilas (*pro hac vice*)
David A. Searles (*pro hac vice*)
Lauren KW Brennan (*pro hac vice*)
**FRANCIS & MAILMAN, P.C.**
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia PA 19110
Telephone:  (215) 735-8600
Facsimile:  (215) 940-8000
jfrancis@consumerlawfirm.com
jsoumilas@consumerlawfirm.com
dsearles@consumerlawfirm.com
lbrennan@consumerlawfirm.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **HAROLD MEYER and PHYLLIS MEYER, on behalf of themselves and all others similarly situated,**<br><br>Plaintiffs,<br>vs.<br><br>**NATIONAL TENANT NETWORK, INC.,**<br><br>Defendant. | No.  3:13-CV_03187-JSC<br><br>**PLAINTIFFS' SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT**<br><br>Date:          June 19, 2014<br>Time:          9:00 a.m.<br>Courtroom:   F, 15th Floor |

Pursuant to the Court's May 13, 2014 Order (Dkt. No. 57), Plaintiffs hereby submit the following supplemental brief in opposition to Defendant's Motion to Dismiss Plaintiffs' Third Amended Complaint.

## I. INTRODUCTION

Defendant's arguments regarding the application of the California Consumer Credit Reporting Agencies Act CAL. CIV. CODE §§ 1785.1-1787.3 (CCRAA) to this case misconstrue the purpose of the CCRAA and the basic allegations of Plaintiffs' Third Amended Complaint.

Application of the CCRAA is entirely appropriate here. At its core, the CCRAA requires the truthful dissemination and complete disclosure of information about California consumers, and contains no limitations requiring or even suggesting that such dissemination or disclosure physically occur in California. Moreover, Plaintiffs aver that the false consumer report in this case, mislabeling Plaintiff Harold Meyer as a sex offender, identified him as a California resident and listed his Yucca Valley, California address. Further, from their California home, Plaintiffs repeatedly sought to discover how the mislabeling error happened and why Defendant refused to provide to them (at their California address) a complete disclosure of their files, including the sources of the criminal record information that Defendant was improperly associating with Mr. Meyer.

Plaintiffs have properly plead a violation of CCRAA Section 1785.18(a), and Defendant's Motion to Dismiss should thus be denied.

## II. FACTS AND ALLEGATIONS

Plaintiffs' Third Amended Complaint clearly sets out Plaintiffs' claim under the CCRAA, alleging that Defendant failed to properly include the source from which it obtained public criminal record information reported about them and other California consumers. Dkt. No. 50 at ¶¶ 38, 40, 74-78. Plaintiffs clearly state in their Third

Amended Complaint that they are residents of California. Dkt. No. 50 at ¶ 8. The Third Amended Complaint further outlines Plaintiffs' repeated efforts to find out who was reporting this false and highly derogatory public record information improperly identifying Mr. Meyer as a violent sex offender, efforts that are at the heart of this case. *Id.* at ¶¶ 44-51.[1]

## III.   ARGUMENT

### A. The CCRAA Protects California Consumers Including Plaintiffs

California statutes may be operative to protect the rights and interests of its citizens beyond the boundaries of the state when the intention to create such protections is "clearly expressed *or reasonably to be inferred* from *the language of the act or from its purpose, subject matter or history*." *North Alaska Salmon Co. v. Pillsbury*, 174 Cal. 1, 4 (1916) (internal quotations omitted) (emphasis added). Concerns regarding extraterritorial application of California statutes are reduced even further when the plaintiff is a California resident. *McKinnon v. Dollar Thrift Auto. Grp., Inc.*, 2013 WL 3357929, at *3-6 (N.D. Cal. July 3, 2013) (finding that a California resident could bring California state law claims even when some operative transactions took place out of the state).

In drafting the CCRAA, the California Legislature specifically recognized the existence of an "elaborate mechanism" for investigating consumers, and the dangers this mechanism poses to consumers. CAL. CIV. CODE §§ 1785.1(a), (c). The expressly stated purpose of the CCRAA is "to best protect the interests of the people of the State

---

[1] While, as Defendant points out in its supplemental brief, discovery has revealed that Plaintiffs' initial application for employment and residency took place when Plaintiffs were physically in Oregon, discovery has also revealed that Plaintiffs were residing in California at the time the background check was compiled and completed, at the time Plaintiffs were denied employment and residence on the basis of NTN's inaccurate background report, and throughout their efforts to obtain a copy of their files from NTN. Discovery has further revealed that the inaccurate report at issue was compiled using Plaintiffs' California mailing address.

of California" through limitations on the actions of consumer credit reporting agencies (CRAs). *Id.* at §§ 1785.1(e). The statutory definition of consumer credit reporting agency contains no geographic limitation whatsoever. *Id.* at § 1785.3(d). The only geographic limitation contained in the CCRAA concerns consumers – the CCRAA requires CRAs to send notices and disclosures "to consumers who have a mailing address in California." *Id.* at § 1785.6. Thus the *express language* of the CCRAA contemplates extraterritoriality. *North Alaska Salmon Co.*, 174 Cal. at. 4.

The CCRRA was further intended to protect California consumers, and ensure that information sold about them, and information disclosed to them by CRAs, is complete and accurate, regardless of the geographical location of the CRA or transaction at issue. This comports with the reality, recognized by the drafters of the CCRAA, that the consumer reporting industry is elaborate and nationwide, with CRAs located all over the United States, most of them outside of California.[2] Surely, extraterritorial application may also be *inferred* in the case of the CCRAA from the *purpose* of the act, the *subject matter* or the *history* of the consumer reporting industry. *North Alaska Salmon Co.*, 174 Cal. at. 4.

Further, Defendant's constricted interpretation guts the CCRAA, which is a remedial statute to be liberally construed. *See Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333, 1335-36 (9th Cir. 1995) (liberally interpreting CCRAA in tandem with FCRA); *Butler v. Resurgence Financial, LLC*, 521 F. Supp. 2d 1093, 1096 (C.D. Cal. 2007) ("A remedial statute should be interpreted broadly in order to effectuate its purpose.") (citing *Thompson v. 10,000 RV Sales, Inc.*, 130 Cal. App. 4th 950, 976, 31 Cal. Rptr. 3d 18 (2005)). The purpose of the statute is to protect

---

[2]   *See, e.g.*, http://newsroom.transunion.com/Press-Kits/Corporate/Corporate-Profile (Trans Union headquartered in Chicago, IL); https://www.krollfactualdata.com/Contact-us (Kroll Factual Data headquartered in Colorado); http://www.geninfo.com/contact.asp (General Information Services, Inc. headquartered in South Carolina).

consumers during a typical credit transaction, in which a California consumer applies for credit with a bank, which may have its headquarters in South Dakota or Delaware or New York, and the bank purchases a credit report about the California consumer from a CRA headquartered in Atlanta or Chicago or elsewhere. If California residents are not protected during these transactions, as suggested by Defendant, the CCRAA would be utterly ineffective to accomplish its stated goals.[3]

Defendant cites no authority supporting its unduly limited interpretation of the CCRAA. None of Defendant's cited cases addresses the extraterritorial effect of the CCRAA, or a similar California statute that explicitly states a broad purpose to protect California consumers. Instead, the majority of the cited authorities address claims under entirely different California statutes brought by residents of other states. *See, e.g.*, *Churchill Village LLC v. General Elec. Co.*, 169 F. Supp. 2d 1119, 1127 (N.D. Cal. 2000) (non-residents making claims under CAL. BUS. & PROF. CODE § 17500, which "prohibits false or misleading statements made 'before the public in this state' and "from this state before the public in any state.'"); *Norwest Mortgage, Inc. v. Superior Court*, 72 Cal. App. 4th 214, 222 85 Cal. Rptr. 2d 18 (1999) (non-Californians making claims under UCL for extraterritorial conduct); *Sullivan v. Oracle Corp.*, 51 Cal. 4th 1191, 1196-97, 127 Cal. Rptr. 3d 185 (2011) (non-Californians making claims

---

[3] Although extraterritoriality was not even an issue, as a practical matter, there is no question that courts in California have for a long time enforced the CCRAA in many cases brought by California residents against out-of-state CRAs such as Defendant and involving transactions occurring throughout the United States. *See, e,g.*, *Dennis v. BEH-1, LLC*, 520 F.3d 1066, 1071 (9th Cir. 2008) (finding that CRA headquartered in Atlanta, GA violated the CCRAA); *Gormon v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1170-71 (9th Cir. 2009) (upholding California consumer's right to bring a claim under CCRAA against bank headquartered in Delaware); *White v. Trans Union, LLC*, 462 F. Supp. 2d 1079, 1083 (C.D. Cal. 2006) (declining to dismiss CCRAA claims against Illinois CRA); *Witriol v. LexisNexis Group*, 2006 WL 4725713, at *3 (N.D. Cal. Feb. 10, 2006) (declining to dismiss CCRAA claims against Atlanta, GA CRA).

under California's overtime laws).[4]  By contrast, Plaintiffs here were residents of California during all times relevant to their CCRAA claims, and provided a California mailing address in connection with the production of a background report by Defendant.

Plaintiffs in this case have clearly plead that they are California consumers protected by the CCRAA.  Dkt. No. 50 at ¶¶ 8, 76.  Therefore, CCRAA section 1785.18(a) applies in this case and Defendant's Motion to Dismiss Plaintiffs' Third Amended Complaint should be denied.

## B. Application Of The CCRAA Raises No Due Process Concerns

"[F]or a State's substantive law to be selected in a constitutionally permissible manner, that State must have a significant contact or significant aggregation of contacts, creating state interests, such that choice of its law is neither arbitrary nor fundamentally unfair." *Allstate Ins. Co. v. Hague*, 449 U.S. 302, 312-13 (1981). *Allstate* creates a broad and "highly permissive standard" for determining when there are sufficient contacts to satisfy due process. *AT&T Mobility LLC v. AU Optronics Corp.*, 707 F.3d 1106, 1111 (9th Cir. 2013) (rejecting a "place-of-purchase" analysis because it too "severely truncate[ed]" the proper scope of inquiry, looking instead to the plain text of California law).  In class actions, the residency of class members is a significant factor in determining whether sufficient contacts exist. *Parkinson v. Hyundai Motor Am.*, 258 F.R.D. 580, 598 (C.D. Cal. 2008) (finding application of California law appropriate where "it is likely that more class members reside in

---

[4] Defendant claims that *Wright v. Adventures Rolling Cross Country, Inc.* supports its position that even California residents are unprotected beyond the borders of California.  Dkt. No. 58 at pp. 6-7.  However, in *Wright*, the "residents" were in fact citizens of other jurisdictions who had agreed in an employment contract that California's tax laws and regulations would govern the employment relationship. *Wright v. Adventures Rolling Cross Country, Inc.*, No. 3:12-cv-982-EMC (N.D. Cal. May 3, 2012), Dkt. No. 22 at p. 6.  The court further based its opinion on specific interpretations of the statute at issue, the California Labor Code. *Id.* at p. 7.

California than any other state."); *Marsh v. First Bank of Delaware*, 2014 WL 554553, at *12 (N.D. Cal. Feb. 7, 2014) (considering residency of class members in determining whether application of California law satisfied due process).

Here, application of the CCRAA is neither arbitrary nor unfair, because the Plaintiffs and all proposed class members are residents of California. As described above, the California Legislature declared its strong interest in protecting Californians from abuses by the wide-ranging, "elaborate" consumer reporting industry. CAL. CIV. CODE §§ 1785.1(d), (e). This interest includes ensuring confidentiality, accuracy, relevancy, and proper utilization of information about California consumers. *Id.*

Plaintiffs have plead that they are California residents. Dkt. No. 50 at ¶ 8. Furthermore, the class of consumers Plaintiffs seek to represent for purposes of their CCRAA claim consists only of persons residing in California. *Id.* at ¶ 55(c). Nor is there any dispute that Defendant has repeated contacts with the state of California and sells consumer reports about Californians. California therefore has significant contacts with the claims of Plaintiffs and the class so that application of California law does not offend due process.

## IV. CONCLUSION

For all the reasons discussed above, Plaintiffs Harold and Phyllis Meyer respectfully request that this Court deny Defendant's Motion to Dismiss Plaintiffs' Third Amended Complaint.

Dated: May 28, 2014

Respectfully submitted,

By: __/s/ John Soumilas____

**FRANCIS & MAILMAN, P.C.**
James A. Francis (*pro hac vice*)
John Soumilas (*pro hac vice*)
David A. Searles (*pro hac vice*)
Lauren KW Brennan (*pro hac vice*)
Land Title Building, 19th Floor

100 South Broad Street
Philadelphia PA 19110
Telephone:  (215) 735-8600
Facsimile:  (215) 940-8000
jfrancis@consumerlawfirm.com
jsoumilas@consumerlawfirm.com
dsearles@consumerlawfirm.com
lbrennan@consumerlawfirm.com

Andrew J. Ogilvie (SBN 57932)
Carol M. Brewer (SBN 214035)
**ANDERSON, OGILVIE & BREWER**
235 Montgomery Street, Suite 914
San Francisco, California 94104-3000
Telephone: (415) 651-1952
Facsimile: (415) 500-8300
andy@aoblawyers.com
carol@aoblawyers.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

     I hereby certify that on May 28, 2014, I electronically filed the foregoing document with the Clerk of Court using the Court's CM/ECF system. Participants in this case who are registered CM/ECF users will be served by the CM/ECF system.

                                           */s/ John Soumilas*
                                           John Soumilas