UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD MEYER, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>NATIONAL TENANT NETWORK, INC.,<br><br>    Defendant. | Case No. 13-cv-03187-JSC<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 51 |

In this credit reporting case, Plaintiffs Harold and Phyllis Meyer bring suit against Defendant National Tenant Network, Inc. following the revelation of an erroneous consumer report that informed Plaintiffs' prospective employer and landlord that Plaintiff Harold Meyer was a violent sex offender. Now pending before the Court is Defendant's motion to dismiss Plaintiffs' Third Amended Complaint ("TAC"). (Dkt. No. 51.) Specifically, Defendant moves to dismiss Plaintiffs' newly added claim under Section 1785.18(a) of the California Consumer Credit Reporting Agencies Act ("CCRAA"). After carefully considering the parties' submissions, and having had the benefit of oral argument on July 10, 2014, the Court GRANTS the motion.

**ALLEGATIONS OF THE THIRD AMENDED COMPLAINT**

The TAC alleges, in relevant part, that Plaintiffs sought to work, and live, at Shorewood RV Park ("Shorewood") in Oregon. Plaintiffs were subsequently hired as assistant resident managers, pending a background check. Shorewood purchased consumer reports concerning Plaintiffs from Defendant, which is also based in Oregon. Defendant "compiles" from various sources, maintains and sells to potential landlords, employers and other third parties certain reports containing select information about individual consumers' credit history, tenant history, criminal history, reputation, mode of living and other personal identifying information. (Dkt. No. 51 ¶ 2.)

Plaintiff Harold Meyer's consumer report erroneously reported three criminal sex offense records, which were listed as: "VIOLENT SEX OFFENDER FAIL TO REGISTER;" "SEXUAL BATTERY;" and "AGGRAVATED ORAL SEXUAL BATTERY." (*Id.* at ¶ 37.) Plaintiff is not a sex offender. These inaccuracies appear to be caused by Defendant mixing Plaintiff Harold Charles Meyer's consumer report with that of Charles Otis Meyer and several other individuals with similar names. Plaintiffs were denied employment and residence at Shorewood based on Defendant's identification of Mr. Meyer as a pedophile.

Defendant obtained this inaccurate information from a third-party vendor, and not directly from the courthouses of the counties from which the records originate. Defendant did not specify its "actual source" for this public record information in the report to Shorewood or to Mr. Meyer at any time. (*Id.* at ¶ 38.)

## LEGAL STANDARD

A Rule 12(b)(6) motion challenges the sufficiency of a complaint as failing to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facial plausibility standard is not a "probability requirement" but mandates "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). For purposes of ruling on a Rule 12(b)(6) motion, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). "[D]ismissal may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008) (internal quotations and citations omitted); *see also Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law").

Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), under which a party is only required to make "a short and plain statement of the claim showing that the pleader is entitled to relief," a "pleading that offers 'labels and conclusions' or 'a formulaic

2

recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555.) "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."). The court must be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 663-64.

If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks and citations omitted).

## DISCUSSION

Section 1785.18(a) of the CCRAA provides:

> Each consumer credit reporting agency which compiles and reports items of information concerning consumers which are matters of public record, shall specify in any report containing public record information the source from which that information was obtained, including the particular court, if there be such, and the date that the information was initially reported or publicized.

Cal. Civ. Code § 1785.18(a). Defendant argues that the claim fails for four reasons: 1) Defendant does not "compile" matters of public record and the statute therefore does not apply to it; 2) even if the statute does apply, Defendant complied with it by disclosing the original source of the criminal records; 3) Plaintiffs suffered no injury; and 4) the statute cannot be applied to the conduct of an Oregon company operating outside of California. Because Plaintiffs fail to allege that Defendant violated Section 1785.18(a), the Court need not address Defendant's latter two arguments regarding injury and the statute's extraterritorial application.

//

### A. "Compiles"

Defendant's first basis for dismissal is unpersuasive. Defendant asserts that, despite Plaintiffs' allegation that it "compiles" public record information, Defendant merely "assembles and merges" public record information, which is not the same as compiling. Defendant bases its parsing of the language on the distinction between gathering information from a primary source (courthouses, for example) and obtaining information from secondary sources (such as other credit reporting agencies) who have already compiled the information. Defendant contends that because Plaintiffs allege that the public record information at issue in this case was obtained from secondary sources, the information cannot be compiled twice and Defendant's actions therefore constitute mere assembling of information. The Court, however, sees no meaningful difference between "compiling" and "assembling," which in plain language are synonyms. Nor is there any protection in the statute for entities that compile information from secondary sources. The duty to provide the "source" of the public record information continues down that chain of compilers.

Defendant further contends that its "assembling and merging" characterization is consistent with *other* CCRAA statutes that exempt resellers of credit information from liability; namely, California Civil Code Section 1785.16.3.[1] However, even if Defendant was a reseller of information, Section 1785.18(a) provides no exemption for resellers; all that matters is that the credit reporting agency "compiles and reports items of information concerning consumers which are matters of public record." Because Plaintiffs have adequately alleged as much, the Court declines to dismiss the claim on this basis.

### B. "Source" of Public Record Information

The claim, however, fails to adequately allege that the report furnished to Shorewood failed to disclose the "source" of the public record information. Plaintiffs concede that the report

---

[1] That section provides: "The provisions of subdivisions (k) and (l) of Section 1785.16 do not apply to a consumer reporting agency that acts only as a reseller of credit information by assembling and merging information contained in the database of another consumer reporting agency or agencies, and that does not maintain a permanent database of credit information from which new credit reports are produced."

1 disclosed the original source of the criminal records—*i.e.*, the court that issued the orders—but
2 contend that Section 1785.18(a) also required Defendant to provide the "chain of sources" from
3 which it obtained the public record information.  (Dkt. No. 55-1 at 6.)  The Court is not persuaded.
4 A plain reading of the statute—which, to the Court's knowledge, has never even been cited in a
5 prior case—provides that the "source" is the public entity that reports or publicizes the public
6 record information.  Because the statute focuses on matters of public record, it makes sense that
7 the "source" to be disclosed is the entity that has made the information a matter of public record.
8 Further, the statue directs the credit reporting agency to include in the identification of the source
9 "the particular court," if there is one.  The statute's emphasis on the identification of the particular
10 court indicates that the relevant "source" is the public entity providing the information.  In that
11 same vein, the statue requires credit reporting agencies to disclose "the date that the information
12 was *initially* reported or publicized."  Cal. Civ. Code § 1785.18(a) (emphasis added).  Such
13 demands are not in harmony with a reading of "source" as a "chain of sources," or even a single
14 intermediary source, disconnected from its creation as a public record.

15 Plaintiffs' arguments to the contrary, which rely on no legislative history, do not warrant a
16 different result.  Plaintiffs contend that the statute contemplates the reporting of public record
17 information from "a wide range of sources" because it requires credit reporting agencies to
18 "includ[e]" the particular court and thus must contemplate sources in addition to the original court
19 source.  (Dkt. No. 55-1 at 6.)  Not so.  The identification of the particular court simply enhances
20 the specificity of the source of the public record information.  For example, a credit reporting
21 agency could not identify "court records" as the source, but would instead have to specify the
22 particular court from which the public record was sourced.

23 Because Plaintiffs do not dispute that Defendant disclosed the original source of the public
24 record information, Defendant's motion to dismiss the CCRAA claim is accordingly GRANTED.
25 Further, because Plaintiffs would be unable to allege any new facts that could state a claim under
26 Section 1785.18(a), dismissal is without leave to amend.

**CONCLUSION**

For the reasons stated above, Defendant's motion to dismiss is GRANTED without leave to amend.

**IT IS SO ORDERED.**

Dated: July 10, 2014

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge